

Google Apps

Case: 8:23-cv-01788-JVS(KESx)

Robert Vincent Gonzales <rvgonza1@uci.edu>

FILED
CLERK, U.S. DISTRICT COURT
02/19/2025
CENTRAL DISTRICT OF CALIFORNIA
BY_____DVE_____DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

## 35565694
37 messages

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Mon, Sep 11, 2023 at 2:18 PM
To: Christopher D Coronel <ccoronel@uci.edu>

Hi Chris,

I guess my first questions for you are whether you have discretion to deny lifting my academic hold, and on what grounds would someone in your position normally make such a denial?

Thank you.

--
**Bobby Gonzales**
Criminology, Law & Society B.A.
University of California, Irvine
Natural Rights Foundation, C.E.O.

---

**Christopher Coronel** <ccoronel@uci.edu>                    Mon, Sep 11, 2023 at 2:51 PM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Mr. Gonzales,

Thank you for your message and your follow up. Per the decision letter from the Dean of Students sent on July 30, 2021, you are required to complete several sanctions before the hold on your record is lifted and you are eligible for readmission to the university. I have attached this letter for your reference.

However, if you do not wish to return to the university, I can lift the hold on your account for a period of five (5) business day to allow you access to your transcripts.

Please let me know the purpose of your request and I can assist you with next steps in the process.

Sincerely,

Christopher Coronel

[Quoted text hidden]

---

📄 **R Gonzales SCRB Decision Letter.pdf**
123K

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Tue, Sep 12, 2023 at 9:06 AM
To: Christopher Coronel <ccoronel@uci.edu>

Is that supposed to mean I am being threatened with the inability to join campus organizations?

[Quoted text hidden]

---

**Christopher Coronel** <ccoronel@uci.edu>                                    Tue, Sep 12, 2023 at 10:16 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Mr. Gonzales,

Per the decision letter on July 30, 2023, "Suspension is defined as termination of student status," and, "you may not participate in any University-related programs (e.g., advising or

participating in campus organizations)."

In other words, you are not currently a student at the University, nor are you permitted to participate in any University-related programs including but not limited to campus organizations.

Please advise on how you would like to address the matter of the hold on your account.

Sincerely,

-Christopher Coronel

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                                Tue, Sep 12, 2023 at 8:45 PM
To: Christopher Coronel <ccoronel@uci.edu>

You are more familiar with the terms in this letter than I am.

First of all, does permanent "disciplinary probation" mean the above threat?

This is a very important question before we move any further.
[Quoted text hidden]

---

**Christopher Coronel** <ccoronel@uci.edu>                                    Wed, Sep 13, 2023 at 8:31 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Mr. Gonzales,

As a reminder, the terms of the Disciplinary Probation are as follows:

> *"You are placed on Disciplinary Probation for the duration of your academic enrollment. Disciplinary Probation is a status imposed for a specified period of time during which a student must demonstrate conduct that conforms to University standards of conduct. Misconduct during the probationary period or violation of any conditions of the probation may result in further disciplinary action, normally in the form of Suspension or Dismissal."*

Disciplinary Probation is an admonishment reminding students to conform to the University standard of conduct. Furthermore, any additional misconduct may result in suspension or dismissal. As an enrolled student, Disciplinary Probation does not prevent you from participation in normal student activities at the University.

Please let me know if you have any further questions.

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Wed, Sep 13, 2023 at 11:22 AM
To: Christopher Coronel <ccoronel@uci.edu>

I asked about a "threat" TO BE unable to "join campus organizations," which implies future tense. I'm not sure anyone would have seriously thought I was asking about the "suspension" which the duration of has already started, as opposed to the "probation" which technically has not. Almost anyone could have answered the question you answered themselves. Given your profession, the use of the word "threat" in context, and your understanding of the term "disciplinary probation," there are only so many plausibilities. I will ask you: did you *seriously* think I was asking whether I could participate in campus activities during the course of my suspension over the last three years from so far away, now that the term is up, due to an interpreted lack of clarity? Or did you answer the way you did based on the demands of the university three years ago related to student housing, my property, and reasonable distances, timetables, and costs?

However, to some I guess, the lack of perfect communication of a question is an opportunity to misconstrue a greater, clear-enough context, and I made the context of the threat being made to me clear enough over the course of several communications, which you stated you have read. It's very pattern-like behavior, you should know better than me. For a second time, you didn't answer whether "disciplinary probation" translates to "the above threat," but instead ignored the question again by repeating words that I can find in the letter, which do not answer the question. Why would I need the two answers you gave me for the question I asked? Can it be serious from a professional interrogation standpoint, let alone to lay persons?

Anyone who reads this email will likely be capable of putting my full question together. So let me ask again.

If I am "permanently" on disciplinary probation, does that disqualify me from joining campus organizations? Is that good enough, or is the use of the word "permanent" concerning to you?

[Quoted text hidden]

---

**Christopher Coronel** <ccoronel@uci.edu>                    Thu, Sep 14, 2023 at 4:50 PM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Mr. Gonzales,

Upon your reenrollment to the University, you will be permitted to join campus organizations.

Respectfully,

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Thu, Sep 14, 2023 at 11:01 PM
To: Christopher Coronel <ccoronel@uci.edu>

Ok. Then maybe I don't exactly understand the purpose of disciplinary probation based on what the term entails in other settings.

In other settings like a workplace, a probationary period often translates to limited authority, autonomy, or use of a service.

What exactly is being limited in my case? The explanation in the letter indicates that repercussions for any future misconduct will be less discretionary. Is that the only result? My capabilities at the university will not be limited in any distinct way otherwise, such as blocked access to any particular programs or services?

Furthermore, given the fact that I was attacked, my skull was permanently damaged, and about 50 cryptic absurdities that **still need to be investigated,** instead of being discredited as a personal situation... permanent disciplinary probation is quite steep. Even without the circumstances, the "specific period" requirement I was given would not translate well if the process were compared to a search warrant.

Questioning the illustration of 'specific places to be searched and persons and things to be seized' may not be welcomed given how I have responded to you in my circumstances. However, put yourself in the place of what I have begun to reveal to you about my works, unusual events on campus, and contact with fraternity members especially.

[Quoted text hidden]

---

**Christopher Coronel** <ccoronel@uci.edu>                                      Fri, Sep 15, 2023 at 8:25 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Mr. Gonzales,


Thank you for your message, you may have other definitions of probation in other settings, however, the terms of the Disciplinary Probation, for the purposes of OAISC, are set forth in the notice letter sent to you on July 30, 2023. To confirm, once you are permitted to reenroll at the university, your capabilities at the university will not be limited in any distinct way by OAISC..


Please let me know if you have any further questions.


Respectfully,

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                                  Fri, Sep 15, 2023 at 11:05 AM
To: Christopher Coronel <ccoronel@uci.edu>

Maybe not by OAISC directly, but what about any other offices?

If any other campus resource looks into my name and finds that I am on disciplinary probation, they will not limit my use of anything in their capacity as an office?

Is there a university rule which enables the explanation in the notice which you can point me in the direction of?

Also, I think we should schedule a hearing before it is too late.

[Quoted text hidden]

---

**Christopher Coronel** <ccoronel@uci.edu>                                      Fri, Sep 15, 2023 at 11:34 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Mr. Gonzales,


I am unable to answer how or whether offices on campus may limit your use of anything based on your disciplinary status. Those decisions are at the discretion of the individual department or office based on need or their own policy.


You mentioned a hearing below, what hearing are you referring to?

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                                  Fri, Sep 15, 2023 at 11:44 AM
To: Christopher Coronel <ccoronel@uci.edu>

You don't have the enabling authority which permits what separate offices can do in the case of disciplinary probation? Is there a rule that defines what the extent of the term "disciplinary probation" means?

The hearing in the notice.

[Quoted text hidden]

---

**Christopher Coronel** <ccoronel@uci.edu>                    Fri, Sep 15, 2023 at 2:42 PM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Mr. Gonzales,

I see you have asked more clarifying questions below. Before we continue this conversation, please confirm if you to intend to return to the University. If you intend to return to the University, you will need to complete sanction items four (4) and five (5) which I have included here:

> *4. Other*
>
> *Complete by: February 24, 2023*
>
> *You are required to meet with a University-designated Threat Assessor the quarter prior to returning to campus. The information in the threat assessment will be used to determine your re-entry to the university. Please contact the Office of Academic Integrity and Student Conduct via email (conduct@uci.edu) to arrange the meeting.*
>
> *5. Supporting Documents and Follow-up Meeting*
>
> *Complete by: March 24, 2023*
>
> *You are required to meet with OAISC staff to share your intent to return to the University and provide an update on your status as the University will have a hold on your ability to return until this meeting is completed. Please send a message to conduct@uci.edu before the completion date and a follow-up meeting will be scheduled with the intention of removing the hold at the conclusion of your suspension period.*

If you do not wish to return, please confirm your choice and I can share the process for temporarily lifting your hold and granting you access to your transcripts.

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                Sat, Sep 16, 2023 at 1:19 AM
To: Christopher Coronel <ccoronel@uci.edu>

Yes, how about we move forward with the hearing.

Do you know where I can find the relevant rules which enable and define the scope of disciplinary probation?

[Quoted text hidden]

---

**Christopher Coronel** <ccoronel@uci.edu>                    Mon, Sep 18, 2023 at 8:31 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Mr. Gonzales,

You mention a hearing below and I'd like to clarify your intentions. If you're referring to sanction #5, please share your availability to schedule a Follow-up Meeting. If you are referring to a different hearing, please clarify which section of the

notice you are referring to.

Regarding your question about disciplinary probation, please refer to **100.00 Policy on Student Conduct and Discipline.** Section 105.03 - Disciplinary Probation, provides OAISC's definition:

> *"A status imposed for a specified period of time during which a student must demonstrate conduct that conforms to University standards of conduct. Conditions restricting the student's privileges or eligibility for activities may be imposed. Misconduct during the probationary period or violation of any conditions of the probation may result in further disciplinary action, normally in the form of Suspension or Dismissal."*

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>        Mon, Sep 18, 2023 at 11:15 AM
To: Christopher Coronel <ccoronel@uci.edu>

So, how about the "search warrant" aspect of disciplinary probation. Should I reexplain?
[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>        Tue, Sep 19, 2023 at 12:51 PM
To: Christopher Coronel <ccoronel@uci.edu>

Is your goal to run the clock out on me?

Because it is pretty boldfaced.

I'm asking serious questions. You're not.
[Quoted text hidden]

---

**Christopher Coronel** <ccoronel@uci.edu>        Tue, Sep 19, 2023 at 1:32 PM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Mr. Gonzales,

You mention a hearing below and I'd like to clarify your intentions. If you're referring to sanction #5, please share your availability to schedule a Follow-up Meeting. If you are referring to a different hearing, please quote which section of the notice you are referring to.

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>        Tue, Sep 19, 2023 at 2:04 PM
To: Christopher Coronel <ccoronel@uci.edu>

Alright. I am referring to the threat assessment, the logical next step in the process.

Does the focus on section 5 in the notice indicate that a threat assessment could be bypassed or otherwise met based on my responses?

Could you please point me in the direction of any rules which define whether and when the threat assessment can be bypassed and under what circumstances?

Furthermore, is there a forum in which I could discuss the "always and everything search" format of the disciplinary probation I have been given?

Thank you for responding.
[Quoted text hidden]

---

**Christopher Coronel** <ccoronel@uci.edu>        Tue, Sep 19, 2023 at 2:58 PM

To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Mr. Gonzales,

You must complete the threat assessment (sanction #4) as indicated in your decision letter. There is no additional focus added to sanction #5. You must complete all of your sanctions to be eligible for reenrollment. There is no way to bypass any of your sanctions if you wish to reenroll at the University.

You quote "always and everything search" below. However, I cannot identify that language anywhere in the decision letter sent on July 30, 2021. Please identify where that language is from.

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                                   Tue, Sep 19, 2023 at 3:09 PM
To: Christopher Coronel <ccoronel@uci.edu>

Why did you offer to skip to step 5?

"Always and everything search" is a simple illustration derived from US Constitutional law.  Any reasonably informed person who reads the definition of "disciplinary probation" will immediately draw a comparison to a search warrant, in the form of the "specific time" requirement.

I am drawing an illustration of the disciplinary probation I have been given to an illegal search warrant which permits indefinite search of everything.  If fact, it is an absurdly simple comparison that almost anybody can understand.  To draw another comparison of "12th century" style circumvention, the words in the constitution do not say "abortion" or 90% of other specific terms relevant to legal matters.  Nevertheless, the language is broad enough for normal people to understand and professionals to weakly exploit misunderstanding of.  It's not a very good attempt to evade a question.

Someone in your position should have no problem understanding the comparison.  Are you seriously representing that you do not understand, or are you still just trying to run the clock out?

Is there a forum I can discuss the merits of the "unreasonable search" that has been made of my disciplinary probation?
[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                                  Wed, Sep 20, 2023 at 5:51 PM
To: Christopher Coronel <ccoronel@uci.edu>

Why do you insist that you do not recognize pattern behavior as a professional investigator?  Given what I have already said about my educational goals, what do you think I have already said in my emails about my intent?

Why do you repeatedly insist to evade serious questions relevant to moving forward, such as the ones regarding the definition of disciplinary probation, and now ones about the "search warrant" aspect of it?

Why do you insist that you do not understand linguistic cues or simple American principles which you are trained to understand better than anyone?  I don't quite understand.  Are you implying that the steep burdens of your work are flying over your head?
[Quoted text hidden]

---

**Christopher Coronel** <ccoronel@uci.edu>                                   Thu, Sep 21, 2023 at 10:42 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Mr. Gonzales,

Thank you for your messages. I've answered your questions and provided you resources to make an informed decision regarding your next steps in this process.

If you choose to return to the University, you must comply with and complete the sanctions as imposed in the decision letter sent on July 30, 2021. If you choose this path, I can assist you with scheduling sanctions four (4) and five (5).

If you choose to not return to the University, we can review the process for temporarily lifting your hold and granting access to your transcripts.

Please confirm your decision in your reply to my office.

If you would like to review resources, please go to our website: https://aisc.uci.edu/

[Quoted text hidden]

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                Thu, Sep 21, 2023 at 12:01 PM
To: Christopher Coronel <ccoronel@uci.edu>

Thank you for not answering my question about establishing the term of disciplinary probation I have given.

Thank you for not scheduling a hearing for the last two weeks by repeatedly questioning whether I plan to return to the university.

Can we schedule the hearing now?  Or maybe skip over to step 5 as was previously suggested?

[Quoted text hidden]

**Christopher Coronel** <ccoronel@uci.edu>                Thu, Sep 21, 2023 at 1:56 PM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Mr. Gonzales,

Again, you mention "hearing" in your response below, I assume you mean sanction #4, a meeting with the campus threat assessor. Moving forward, please use sanction #4 to avoid any potential confusion.

I have initiated contact with a university threat assessor. He will contact you shortly to schedule a meeting with you. Once the threat assessor meets with you, he will share his findings and that information will be used to determine your re-entry to the university.

I have given the threat assessor the following phone number, (530)544-0557. Please let me know if there's a better way for him to contact you.

[Quoted text hidden]

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                Thu, Sep 21, 2023 at 2:32 PM
To: Christopher Coronel <ccoronel@uci.edu>

Please have them email me at either address or call 530-523-3822.

[Quoted text hidden]

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                Fri, Sep 22, 2023 at 2:57 PM
To: Christopher Coronel <ccoronel@uci.edu>

Should I be expecting a call today?

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Mon, Sep 25, 2023 at 12:22 AM
To: Christopher Coronel <ccoronel@uci.edu>

Have you noticed anything interesting about the timing of when you decide not to respond?

I and others sure have.  I do not appreciate your lowball means to run the clock out on me.  I don't think you will appreciate yourself for it either.

[Quoted text hidden]

---

**Christopher Coronel** <ccoronel@uci.edu>                    Mon, Sep 25, 2023 at 11:55 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Mr. Gonzalez,


Your last message to me was less than a business day ago and OASIC is not open over the weekend. Can you share what you're referring to when you state that I'm using "lowball means" to "run the clock out" on you? All of the due dates on the sanctions imposed on you by OAISC have already lapsed. Is there a different time frame you are referring to? If so, please identify this time frame.


Additionally, in response to your question from 2:57pm on Friday, September 22. The campus threat assessor will reach out to you by the end of the week.

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Mon, Sep 25, 2023 at 1:07 PM
To: Christopher Coronel <ccoronel@uci.edu>

What makes you sure that I was referring to the weekend, and not the business day leading up to it?

In my message from my other inbox on the day after I was sent a notification from OIT (September 6th), I sent you a lengthy description of "50 coincidental events," including a paragraph that started out as follows:

"As of right now, I am being threatened by OIT with effective expulsion due to the threat of my ZOT account being deleted for not being enrolled."

While I never mentioned the specific dates of the deadline in any of the emails, I did discuss the issue over the phone with office staff, which is what led to you contacting me at my other inbox in the first place, and which led to my lengthy response.  If you are insisting that you were only told that "I had a question" after the phone conversations I had leading to your contact over email, invoking my reply to the understatement that I "have a question," you've had similar kinds of excuses in the past to say that you didn't know or forgot what the main topic of our entire conversations is.

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Thu, Sep 28, 2023 at 10:11 AM
To: Christopher Coronel <ccoronel@uci.edu>

Should I be expecting a call this week?

[Quoted text hidden]

---

**Christopher Coronel** <ccoronel@uci.edu>                    Thu, Sep 28, 2023 at 12:51 PM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Mr. Gonzales,

You should expect a call this week. If you don't hear from the Threat Assessor please let me know.

[Quoted text hidden]

---

**Christopher Coronel** <ccoronel@uci.edu>                    Thu, Sep 28, 2023 at 1:12 PM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Mr. Gonzales,

Thank you for your patience. I also wanted to let you know that I've contacted OIT in regard to your UCI email address. They shared you will be able to maintain access to your account through 2024.

Please let me know if you have any further questions.

Respectfully,

-Christopher Coronel

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Thu, Sep 28, 2023 at 1:58 PM
To: Christopher Coronel <ccoronel@uci.edu>

I haven't gotten a call from the Threat Assessor and it is Thursday now.  When was the call originally scheduled for?  Was the plan for me to expect it at anytime during this week, not knowing when to expect it for the whole week?

I also want to ask when you remembered the OIT situation in this discussion?

And are you the person to discuss anything about the term of disciplinary probation I have been given?  Or my Handshake account?  Or the Whistleblower and Research incidences I've been forwarded to you for?
[Quoted text hidden]

---

**Christopher Coronel** <ccoronel@uci.edu>                    Thu, Sep 28, 2023 at 2:06 PM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Mr. Gonzales,

The threat assessor shared he will be reaching out to you by the end of the week. If he has not contacted you by now, he should reach out by tomorrow.

I've already answered questions regarding the terms of your disciplinary probation. I don't have any information regarding your Handshake account or any "Whistleblower and Research incidences."

As a reminder, any further communication about your case or readmission to the university must come through OAISC.

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Thu, Sep 28, 2023 at 2:37 PM
To: Christopher Coronel <ccoronel@uci.edu>

I thought you didn't understand my questions about disciplinary probation.

My last question was roughly "what is the process to question the 'always and everything search' term I have been given," and your response was that you didn't understand the comparison. And then I reexplained. So, how and when did you answer the question already?

[Quoted text hidden]



Robert Vincent Gonzales <rvgonza1@uci.edu>

## Threat Assessment
3 messages

**Christopher Coronel** <ccoronel@uci.edu>                                   Wed, Oct 11, 2023 at 1:13 PM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Mr. Gonzales,


Good afternoon, I understand that you met with the Campus Threat Assessor, Dr. Manny Tau, on Thursday, October 10, 2023. It has been reported to me that you recorded your meeting with Dr. Tau, despite being informed in the Zoom invitation that "No recording is allowed and this meeting will not be recorded."


I also understand that you are attempting to reschedule your meeting with Dr. Tau after he terminated your meeting. At this time, please direct all correspondence to me.


I will need to discuss this matter with the Director of the Office of Academic Integrity & Student Conduct and we will be in touch with next steps in the process.


Respectfully,


Christopher Coronel

Associate Director of Student Conduct

Office of Academic Integrity & Student Conduct

949.824.1479

ccoronel@uci.edu

https://aisc.uci.edu/


**Robert Vincent Gonzales** <rvgonza1@uci.edu>                              Thu, Oct 12, 2023 at 10:34 AM
To: Christopher Coronel <ccoronel@uci.edu>

Yes, there are obvious reasons to keep an audio recording if I am going to be asked whether I want to end an interview as the answer to a question I had.

Would it be normal to discontinue someone's enrollment as a result of being unable to move forward with a threat assessment interview due to being labeled as "adversarial" for the act of asking a question?

Also, this instance perfectly illustrates what will happen if I am given a permanent disciplinary probation: it is a death sentence that will put me back in a corner every time someone has a personality conflict. And it is against university policy.

[Quoted text hidden]

--
**Bobby Gonzales**
Criminology, Law & Society B.A.
University of California, Irvine
Natural Rights Foundation, C.E.O.

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Mon, Oct 23, 2023 at 11:30 AM
To: Christopher Coronel <ccoronel@uci.edu>

Is there a time by which I may know whether my future is drastically changing or not?

[Quoted text hidden]



Robert Vincent Gonzales <rvgonza1@uci.edu>

---

# Office of Academic Integrity and Student Conduct
1 message

---

**conduct@uci.edu** <conduct@uci.edu>                                        Tue, Dec 12, 2023 at 10:00 AM
To: rvgonza1@uci.edu

December 12, 2023

Dear Robert Vincent Gonzales,

You have received an important message from the Office of Academic Integrity and Student Conduct. Please click the link below to view this letter: https://uci-advocate.simplicity.com/u/onwxzdKR

After clicking on the link above, please follow any instructions given in the letter. Should you have any further questions, please e-mail conduct@uci.edu.

Respectfully,

UCI Office of Academic Integrity and Student Conduct

--
**Bobby Gonzales**
Criminology, Law & Society B.A.
University of California, Irvine
Natural Rights Foundation, C.E.O.

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Mon, Oct 23, 2023 at 11:30 AM
To: Christopher Coronel <ccoronel@uci.edu>

Is there a time by which I may know whether my future is drastically changing or not?

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Mon, Jan 8, 2024 at 12:16 AM
To: Christopher Coronel <ccoronel@uci.edu>

Hi Mr. Coronel,

I would agree to participate in another threat assessment meeting as I asked for months ago, but unfortunately, I have already witnessed far too many credible reasons why any reasonable person must continue keeping audio recordings.

Even for a private professional contracted by the university to carry out a third party duty. I know my speech can make things difficult, and it may have inflamed things that you have grown used to in your profession, but you seriously cannot imagine the desensitizing events I experienced on campus in 2020 in correlation with my student conduct case and "spy novel" retaliation case. It only creates a greater need for authentication.

I am not a normal student. I am a highly motivated 28 year old who has a lot of high-potential start-up project workings particular to the SoCal social environment, and the degree to which the "unauthorized medical diagnosis" that led to so much of the cryptic weirdness on campus has altered my course in life can be explained in part by basic developmental psychology. Try teaching a 30 year old how to drive for the first time in a large city, etc. Fortunately, I am not subject to as much hardship as any helpless student subject to the same, not so black-and-white, but beyond explainable events.

Maybe I would even agree as an exchange in litigation. I am not sure yet.

Thanks.

[Quoted text hidden]

---

**Christopher Coronel** <ccoronel@uci.edu>                    Tue, Jan 23, 2024 at 2:02 PM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Mr. Gonzales,


Thank you for your reply. In order for you to be able to participate in the threat assessment you must agree to not record the threat assessment meeting with Dr. Manny Tau.


Please confirm that you will not record the meeting with Dr. Manny Tau and that you will comply with Dr. Manny Tau in during the threat assessment. Once you confirm that you will not record this meeting, I will put you in contact with Dr. Manny Tau and you will reschedule your threat assessment.


Respectfully,


Christopher Coronel

[Quoted text hidden]

**Robert Vincent Gonzales** <rvgonza1@uci.edu>
To: Christopher Coronel <ccoronel@uci.edu>
Sun, Jan 28, 2024 at 9:37 PM

Excuse me, but do the rules apply to you or anyone else?

I would love to describe the issue, again, but previous messages demonstrate that such a redundant question would not be a serious one.

I just cannot understand any reasonable motivation and intent to prevent me from keeping audio recordings.  If I have already been the victim of significant lies that influenced the outcome of my student conduct case, and the people in control of that choice and the larger situation use these facts as an exploitable leverage as opposed to just making a simple change with all reasonableness on its face at least... what do you want me to ask??

I have served the lawful terms of my suspension, despite not receiving the notification for my final appeal hearing that I missed except within a pattern of so-called "coincidences."  It is your turn to show a sliver of good faith.

[Quoted text hidden]



**Robert Vincent Gonzales <rvgonza1@uci.edu>**

---

# Automatic reply: Threat Assessment
2 messages

---

**Christopher Coronel** <ccoronel@uci.edu>                                    Mon, Jan 8, 2024 at 12:17 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

I am out of the office. I will not have immediate access to my email or voicemail. If this is an urgent matter please call the Office of Academic Integrity & Student Conduct front desk at 949-824-1479 or email conduct@uci.edu.

If this is an emergency, please email Valery Holt at v.holt@uci.edu.

Sincerely,

Christopher Coronel

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                                Mon, Jan 8, 2024 at 12:19 AM
To: Christopher Coronel <ccoronel@uci.edu>

Ofc you are.

Guess when, where, and from who I didn't get this automatic reply, when it really counts.

And why.
[Quoted text hidden]
--
# Bobby Gonzales
Criminology, Law & Society B.A.
University of California, Irvine
Natural Rights Foundation, C.E.O.



Robert Vincent Gonzales <rvgonza1@uci.edu>

---

## Unusually Biased OAISC Case & Cryptic Events
14 messages

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>     Tue, Sep 12, 2023 at 9:28 AM
To: whistleblower@uci.edu, ewr@uci.edu

Hi, I have called the OAISC over the last few days to have an academic hold removed from my ZOT account.  However, my situation is quite unusual compared to other cases that the office handles on a regular basis.

In 2020, I was suspended *for three years* despite several audio recordings of a biased investigation led by Chris Coronel.  Attached is the document outlining the misrepresentations of my words shown in the audio recording, which I submitted at the time.  One of the original allegations was "terrorism," which was an incredibly bold step against a student of that very topic who was attacked and could not have had a political motivation to be on that side of a fight.  Furthermore, the events resulting in my suspension were not an isolated incident starting at that time (November 25-27, 2020).

**As of right now**, I am being threatened by OIT with "effective expulsion" due to the threat of my ZOT account being deleted for "not being enrolled."  However, doing so would be incredibly isolated since I have "not been enrolled" for the last three years.  In fact, the timing correlates with my most recent communications with particular campus resources.  None of the other campus resources I have been contacting for the last two months, until now, seemed interested enough to inform the OIT of my "unenrolled status," which I have been openly disclosing.  In fact, I have a really hard time believing that all past alumni are blocked from utilizing given online resources in a like manner as posed to me.

The procedure of putting me in contact with the biased investigator is comparable to making a rape victim seek approval from their rapist in order to press charges against them.  It doesn't make sense for the OAISC not to have an alternative procedure, like I was told.  Furthermore, my disciplinary probation "for a specific period of time" extends as long as my "academic enrollment," and this appears to be a sideways attempt to prevent me from joining any student organizations.  That is categorically wrong.  If my probation period was compared to a search warrant, the "specific places to be searched and persons or things to be seized" would say "always and everything."  This is not China.  This is not Russia.  This is not North Korea.

Please ask for necessary information and help me move forward.  Thank you.

--
## Bobby Gonzales
Criminology, Law & Society B.A.
University of California, Irvine
Natural Rights Foundation, C.E.O.

---

 **EXHIBITS.docx**
15273K

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>     Tue, Sep 12, 2023 at 9:58 AM
To: Greg Ruth <gruth@uci.edu>

I feel like I am a subject of some kind of weird campus psychology experiment.

Given facts fall within no other context.

Please help me!
[Quoted text hidden]

---

**Kathie B. Allen** <kballen@uci.edu>     Wed, Sep 13, 2023 at 8:54 AM
To: "rvgonza1@uci.edu" <rvgonza1@uci.edu>
Cc: Enterprise Workforce Relations <ewr@uci.edu>

Dear Mr. Gonzales,

I am responding to your email of September 12, 2023. The correct venue for your concerns is with OAISC. Please contact OAISC at your convenience.

Thank you.

Sincerely,

*Kathie Allen*

Kathie Allen

Whistleblower Compliance Officer

UC Irvine Whistleblower Office

📞 949-824-9166

✉ kballen@uci.edu

🔖 whistleblower.uci.edu

*Pronouns: she/her. Some people identify with or use pronouns that may not be obvious based on their appearance.  By stating mine clearly I hope to encourage others to share theirs. Please help make our culture more inclusive, safe, and comfortable for everyone.*

UC Irvine Whistleblower Reporting System

Anonymous Hotline: (800) 403-4744

Report Acts of Intolerance:

Campus Climate Reporting System

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Wed, Sep 13, 2023 at 11:14 AM
To: "Kathie B. Allen" <kballen@uci.edu>

Alright.  Would I relay the situation about political biases back to the whistleblower office if I eventually get nowhere with OAISC?

[Quoted text hidden]

---

**6 attachments**

📞 **image007.png**
1K

✉️ **image008.png**
1K

📍 **image009.png**
1K

📍 **image009.png**
1K

📞 **image007.png**
1K

✉️ **image008.png**
1K

---

**Kathie B. Allen** <kballen@uci.edu>                              Wed, Sep 13, 2023 at 11:43 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Dear Mr. Gonzales,

Our office considers allegations of violations of state or federal law, as defined by the UC Whistleblower Policy, for review. Any allegations of political biases would not be something our office would investigate.

I appreciate your inquiry.

Kathie Allen

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Wed, Sep 13, 2023 at 12:03 PM
To: "Kathie B. Allen" <kballen@uci.edu>

By means of bold academic interference, I am being prevented from seeking business, vocation, and employment based on my creed (**CA CONST Art. I Sec. 8**). More directly, my suspension has been preventing me from seeking intended professions in Criminology, on political grounds, in an increasingly feudalistic, "white-collar" society with downward-spiraling global affairs.

Please reconsider the office's role and the scope of State as well as federal law. Thank you.

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Thu, Sep 14, 2023 at 11:09 AM
To: UCI OAISC <conduct@uci.edu>

Hi, I have what I am sure is a very simple question.

If I am put on disciplinary probation, does that mean I am unable to join campus organizations?

Thank you.

I asked Chris Coronel several days ago. However, he appears to have been evading my questions by providing answers that either exploit a lack of perfect clarity in my question, or simply providing answers that do not correlate with the question and now ignoring me.

I previously requested to be put in touch with someone other than "the biased investigator," for predictable reasons such as inability to communicate effectively, and trying to run the clock out on a related deadline I have been given, like he is doing now.  I can't imagine a student conduct office does not have a recusal-type procedure for a situation like this.

I forwarded an email with the authenticatable events from the investigation alone showing the bias, which I submitted two years ago.

---------- Forwarded message ---------
From: **Robert Vincent Gonzales** <rvgonza1@uci.edu>
Date: Tue, Sep 12, 2023 at 9:28 AM
Subject: Unusually Biased OAISC Case & Cryptic Events
To: <whistleblower@uci.edu>, <ewr@uci.edu>
[Quoted text hidden]
[Quoted text hidden]

---

📄 **EXHIBITS.docx**
15273K

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Wed, Sep 20, 2023 at 1:11 PM
To: UCI OAISC <conduct@uci.edu>

Hi,

I am not receiving a reply from Chris.

How many times will we have to do this before the clock runs out on the deadline I have been given?

He is clearly expressing as much bias within his power as he can.

I have been blocked from trying to meet the procedure for two weeks now.
[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Fri, Sep 29, 2023 at 11:43 AM
To: UCI OAISC <conduct@uci.edu>, "Kathie B. Allen" <kballen@uci.edu>, Rameen Talesh <rtalesh@uci.edu>

Hi,

I have been having a hard time moving forward with lifting an academic hold from my account for the last three weeks.

I would have passed the date my account was scheduled to be deleted before moving forward with that process as a matter of administrative procedure, according to several offices, if the OIT could not act upon the matter themselves.

I am also being denied the ability to challenge a permanent disciplinary probation term I have been given, even though the rules say it is similar to a search warrant in the sense that they are to be assigned "for a specific period of time."  A permanent disciplinary probation on my account will lead to similar situations while navigating the university's administrative procedures.

The current situation exemplifies one that could use a fair and impartial investigation or "recusal-type" procedure, which I have previously asked for.

Does my explanation make sense?

Hope to hear back soon!
[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Tue, Oct 3, 2023 at 10:34 AM
To: UCI OAISC <conduct@uci.edu>, "Kathie B. Allen" <kballen@uci.edu>, Rameen Talesh <rtalesh@uci.edu>

I also have an unresolved matter related to "confidentiality issues" and "weird coincidences" from back in 2020 which did not receive serious attention when I tried to have them looked into back then.

I mentioned this matter to Mr. Coronel during a hearing in 2020, to which he replied we will "circle back around" to that topic, but we never did and still have not.

Is there someone else I can speak with about these other matters, which weren't investigated at the time?

[Quoted text hidden]

---

**Kathie B. Allen** <kballen@uci.edu>                                          Thu, Oct 5, 2023 at 1:32 PM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Dear Mr. Gonzales,


If you would like to file a report related to an alleged violation of UC policy or state or federal law, please compete the attached complaint form and return it to me. (You may include additional pages as necessary to the complaint form.)


Alternatively, you may also file a report with the UC Hotline:


- University Whistleblower Anonymous Hotline: (800) 403-4744
- Online at www.universityofcalifornia.edu/hotline
- Live operators are available 24 hours a day, 7 days a week, in multiple languages.
- The hotline is independently operated to help ensure confidentiality.


More information about whistleblower reports including frequently asked questions may be found at UC Irvine Whistleblower Office.


Please direct any questions related to the lifting of the hold, issues related to the adjudication of the previous matter, and to report any additional student-related concerns to OAISC Director Kim Burdett at kburdett@uci.edu.


Thank you.


Sincerely,


*Kathie Allen*


Kathie Allen

Whistleblower Compliance Officer

UC Irvine Whistleblower Office

📞 949-824-9166

✉ kballen@uci.edu

↗ whistleblower.uci.edu

*Pronouns: she/her. Some people identify with or use pronouns that may*

*not be obvious based on their appearance.  By stating mine clearly I hope*

*to encourage others to share theirs. Please help make our culture more*

*inclusive, safe, and comfortable for everyone.*


UC Irvine Whistleblower Reporting System

Anonymous Hotline: (800) 403-4744


Report Acts of Intolerance:

Campus Climate Reporting System


[Quoted text hidden]

 **Complaint Form Related to Policy or Law Violations (Rev 8-21).pdf**
141K

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>           Fri, Oct 6, 2023 at 1:08 PM
To: "Kathie B. Allen" <kballen@uci.edu>

Thank you for taking my matter seriously.  I am being denied procedural due process right now as outlined in the first complaint form, and I have been denied it in two other concerns in the past as outlined in the other two.

I was trying to have "privacy and confidentiality issues" related to fraternity members on campus looked into in several emails, phone calls, and zoom meetings at the time they were happening very early in the 2020-2021 academic year. Instead of receiving any kind of fair and thorough investigation, I was told to seek "mental health" assistance by housing staff.  I found the instructions I was given at the time highly unusual (Arroyo Vista & Others 2020).  I eventually had more problems with fraternity members. Chris Coronel, from the Office of Academic Integrity and Student Conduct, said we would "circle back around" to these concerns at the end of 2020, but we never did.  Instead, he severely misrepresented several consequential statements in one of many student conduct cases against me (OAISC 2020-2021).

Right now, I am trying to go through three processes with the student conduct office, but I have not been allowed to move forward with any of them for three weeks until Friday of last week.  I am trying to have an academic hold lifted.  I am also trying to challenge the "permanent" disciplinary probation term I have been given against university rules.  I originally tried to have someone other than "the biased investigator" assigned to my case, but I never got the opportunity to talk to anyone else at OAISC about evidence of the bias.  If the Office of Information Technology could not act separately, my account would have been deleted by a deadline I was given as a result of being prevented from moving forward with the academic hold process (OAISC 2023).  As a result of being ignored as I have documented throughout several offices at many times, I am now having a hard time communicating with a person whom I kept an audio recording proving several lies which influenced my student conduct case because I am being given no choice to talk to anyone else.

Sorry about the lengthy matters and lack of pleasant explanations at times, but that is mostly a result of not being taken seriously at the time.  Take your time with all the volume, but please get back to me.  Thank you.
[Quoted text hidden]

---

**6 attachments**

 **Arroyo Vista & Others 2020.pdf**
80K

10/16/23, 12:38 AM
University Document via Mail - University of California OAISC Case Concerned van...
Case 8:23-cv-01788-JVS-KES Document 130 Filed 08/19/25 Page 24 of 129 Page ID #:1960

 **OAISC 2020-2021.pdf**
80K

 **OAISC 2023.pdf**
80K

 **A(1).pdf**
103K

 **A(2).pdf**
98K

 **B(1).pdf**
1339K

---

**Kathie B. Allen** <kballen@uci.edu>                                    Fri, Oct 6, 2023 at 1:36 PM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Dear Mr. Gonzales,

I am acknowledging receipt of your three reports.

We will review them to determine the best course of action and let you know.

Thank you, Kathie Allen

---

**From:** Robert Vincent Gonzales <rvgonza1@uci.edu>
**Sent:** Friday, October 6, 2023 1:09 PM
**To:** Kathie B. Allen <kballen@uci.edu>
**Subject:** Re: Unusually Biased OAISC Case & Cryptic Events

Thank you for taking my matter seriously. I am being denied procedural due process right now as outlined in the first complaint form, and I have been denied it in two other concerns in the past as outlined in the other two.

I was trying to have "privacy and confidentiality issues" related to fraternity members on campus looked into in several emails, phone calls, and zoom meetings at the time they were happening very early in the 2020-2021 academic year. Instead of receiving any kind of fair and thorough investigation, I was told to seek "mental health" assistance by housing staff. I found the instructions I was given at the time highly unusual (Arroyo Vista & Others 2020). I eventually had more problems with fraternity members. Chris Coronel, from the Office of Academic Integrity and Student Conduct, said we would "circle back around" to these concerns at the end of 2020, but we never did. Instead, he severely misrepresented several consequential statements in one of many student conduct cases against me (OAISC 2020-2021).

Right now, I am trying to go through three processes with the student conduct office, but I have not been allowed to move forward with any of them for three weeks until Friday of last week. I am trying to have an academic hold lifted. I am also trying to challenge the "permanent" disciplinary probation term I have been given against university rules. I originally tried to have someone other than "the biased investigator" assigned to my case, but I never got the opportunity to talk to anyone else at OAISC about evidence of the bias. If the Office of Information Technology could not act separately, my account would have been deleted by a deadline I was given as a result of being prevented from moving forward with the academic hold process (OAISC 2023). As a result of being ignored as I have documented throughout several offices at many times, I am now having a hard time communicating with a person whom I kept an audio recording proving several lies which influenced my student conduct case because I am being given no choice to talk to anyone else.

Sorry about the lengthy matters and lack of pleasant explanations at times, but that is mostly a result of not being taken seriously at the time. Take your time with all the volume, but please get back to me. Thank you.

On Thu, Oct 5, 2023 at 1:34 PM Kathie B. Allen <kballen@uci.edu> wrote:

Dear Mr. Gonzales,

If you would like to file a report related to an alleged violation of UC policy or state or federal law, please compete the attached complaint form and return it to me. (You may include additional pages as necessary to the complaint form.)

Alternatively, you may also file a report with the UC Hotline:

- University Whistleblower Anonymous Hotline: (800) 403-4744
- Online at www.universityofcalifornia.edu/hotline
- Live operators are available 24 hours a day, 7 days a week, in multiple languages.
- The hotline is independently operated to help ensure confidentiality.

More information about whistleblower reports including frequently asked questions may be found at UC Irvine Whistleblower Office.

Please direct any questions related to the lifting of the hold, issues related to the adjudication of the previous matter, and to report any additional student-related concerns to OAISC Director Kim Burdett at kburdett@uci.edu.

Thank you.

Sincerely,

*Kathie Allen*

Kathie Allen

Whistleblower Compliance Officer

UC Irvine Whistleblower Office

949-824-9166

kballen@uci.edu

[Quoted text hidden]

**Robert Vincent Gonzales** <rvgonza1@uci.edu>
To: "Kathie B. Allen" <kballen@uci.edu>

Fri, Oct 6, 2023 at 1:40 PM

Alright, thank you very much.

[Quoted text hidden]



The Office of Academic Integrity
and Student Conduct

## STUDENT CONDUCT REVIEW BOARD HEARING DECISION

July 30, 2021

ROBERT VINCENT GONZALES
35565694
1317 SUSIE LAKE ROAD
SOUTH LAKE TAHOE, California 96150

Dear ROBERT VINCENT,

I am writing to officially inform you of the decision related to the Student Conduct Review Board Hearing held on July 22, 2021.  Your letter requesting a Student Conduct Review Board Hearing of the case was received on December 14, 2020, and was submitted in accordance with the *University of California Policies Applying to Campus Activities, Organizations, and Students*.  The Student Conduct Review Board met on July 22, 2021 and made recommendations to me after carefully reviewing the case.  Based on the totality of information provided and the preponderance of the evidence, the Student Conduct Review Board found you in violation of the following policies:

- **Student Conduct Policy/102.14 Disorderly/Lewd Conduct**
- **Student Conduct Policy/102.08 Physical Abuse**
- **Student Conduct Policy/102.07 Housing Violation**
    - **Student Housing policy P.13 Disruptive Behavior**
    - **Student Housing policy P.43 Threatening Behavior**

Based on the recommendations made by the Student Conduct Review Board, and after reviewing the Hearing Board's report, I have decided to accept the Hearing Board's findings on this matter, and the following sanctions will be imposed:

1. **Suspension**
   **Start Date: July 30, 2021**
   **Complete by: March 24, 2023**

   Effective immediately on the above date, you are hereby suspended from the University of California, Irvine. Your suspension status will be on the indicated date above and you will be eligible to return if you meet the specified conditions for return. Suspension is defined as termination of student status at the campus for a specified period of time with reinstatement thereafter certain, provided that the student has complied with all conditions imposed as part of the suspension and provided that the student is otherwise qualified for reinstatement. During the period of your suspension, you are not a student at the

University of California and you therefore do not enjoy any of the rights or privileges attendant to student status (e.g., housing, student employment).

In addition, you may not participate in any University-related programs (e.g., advising or participating in campus organizations). You may not enroll in courses through UCI Division of Continuing Education. Violation of the conditions of Suspension or of University policies or campus regulations during the period of Suspension may be cause for further disciplinary action, normally in the form of Dismissal. You are not to appear on the UCI campus, or at any location where UCI classes or programs sponsored by UCI are taking place for the duration of the imposed suspension.

Please note that if you intend to readmit to the University after completing the designated sanction period, you must see your academic advising office regarding your readmission conditions. If you are an international student, this decision may affect your visa status. Please contact the International Center as soon as possible at (949) 824-7249 or internationalcenter@uci.edu.

2. **Disciplinary Probation (Duration of Enrollment)**

   You are placed on Disciplinary Probation for the duration of your academic enrollment. Disciplinary Probation is a status imposed for a specified period of time during which a student must demonstrate conduct that conforms to University standards of conduct. Misconduct during the probationary period or violation of any conditions of the probation may result in further disciplinary action, normally in the form of Suspension or Dismissal.

3. **Student Conduct Sanctions/Exclusion from Areas of the Campus**

   You are excluded from living in University-owned, operated, or leased housing, based on past history of disruptive activity, physical abuse, threats of violence, and conduct that threatened the health or safety of other residents and staff.

4. **Other**
   **Complete by: February 24, 2023**

   You are required to meet with a University-designated Threat Assessor the quarter prior to returning to campus. The information in the threat assessment will be used to determine your re-entry to the university. Please contact the Office of Academic Integrity and Student Conduct via email (conduct@uci.edu) to arrange the meeting.

5. **Supporting Documents and Follow-up Meeting**
   **Complete by: March 24, 2023**

   You are required to meet with OAISC staff to share your intent to return to the University and provide an update on your status as the University will have a hold on your ability to return until this meeting is completed. Please send a message to conduct@uci.edu before the completion date and a follow-up meeting will be scheduled with the intention of removing the hold at the conclusion of your suspension period.

6. **Communication**

Any further communications or questions regarding this case should only be directed to conduct@uci.edu.

This disciplinary action is taken under the authority assigned to the Office of the Dean of Students. Should you wish to appeal this action, you may do so by filing a written letter with the Vice Chancellor for Student Affairs within seven (7) business days of the date appearing on this notice of sanction. Requests may be sent via e-mail to conduct@uci.edu. Your request must be submitted by 5:00 p.m. on Tuesday, August 10, 2021.

You should know that Section 103.11a K of the *University of California Policies Applying to Campus Activities, Organizations, and Students* limits the cause for appeal to the following:

1. Whether the Board's findings of fact sufficiently support the finding of a violation of University policies or campus regulations for which the discipline was imposed;
2. Whether there is new evidence which could not be adduced at the time of the original hearing that is likely to change the result;
3. Whether there was a violation of due process at the hearing;
4. Whether the sanction imposed was too harsh given the finding of fact.

In your appeal letter to the Vice Chancellor for Student Affairs, please include an explanation as to the grounds that you are wishing to appeal in Section 103.11 a K of the *University of California Policies Applying to Campus Activities, Organizations, and Students*.

I have included a copy of the Student Conduct Review Board Hearing Report as submitted and signed by each member of the hearing board. Should you wish clarification on any portion of this letter, please contact me in writing at conduct@uci.edu.

If you have disability-related needs and wish to request reasonable accommodations to ensure your full participation in this process, please let our office know and we will connect you to the Disability Services Center (DSC), or contact DSC at Voice: (949) 824-7494 or TTY: (949) 824-6272 or in person at 100 Disability Services Center, Building 313, Irvine, CA 92697-5250.

If you have any questions or concerns, please contact me at conduct@uci.edu.

Sincerely,

(submitted electronically)

Dr. Rameen Talesh
Dean of Students

Cc:
Christopher Coronel, Associate Director for Student Conduct
Dr. Kim Burdett, Director, Academic Integrity and Student Conduct

Case# 01533-002-2020



Student Life & Leadership          (949) 824-147
800 W. Peltason Dr.                academicinteg
Irvine, CA 92617                   conduct@uci.e
                                   www.aisc.uci.e



## ZOT Account

**Current Account Information:** ( 08/17/20 - 09/15/20 )

Student name: GONZALES, ROBERT VINCENT

**FALL 2020 Registration Fees: Paid**

### ZOT Account Summary (Includes Housing)*

| | |
|---|---|
| Amount due this billing cycle: | |
| By 09/15/20 or before, * after all conditions are met | $0.00 |
| Past Due Balance | $0.00 |
| Current Charges/Debits | $0.00 |
| Current Payments/Credits | $5,087.34 CR |
| Future Charges/Debits | $0.00 |
| Future Payments/Credits | $0.00 |

* Note the Housing due dates within the billing cycle, shown below, pay each by its individual due dates to avoid penalties.

For questions contact Campus Billing Services: CBS@uci.edu, (949) UCI-BILL (824-2455)

Account Balance (Includes Housing)    $5,087.34 CR

### Housing (details)

| Housing Status | CURRENT |
|---|---|
| Housing Only Balance** | $0.00 |

Also see ZOT Account Summary (includes Housing)

** Payments directed specifically to pay Housing cannot pay other charges.

Contact Housing: SHAC@uci.edu, (949) 824-3333

**Navigation:**
- View Your Account
- Make an Online Payment
- Update Your Payment Profile
- International Payments
- Authorize Guest Access to Your Student Account
- UC SHIP Waiver
- PACE Payment Plan
- Electronic Refunds
- Registration Fees Breakdown
- FALL 2020

## ZOT Account

### Current Transactions or Credits (description)

| Trans Date | Paid or Applied | Dept. | Description | Reference | Trans. Amount | Due Date | Unpaid or Unapplied |
|---|---|---|---|---|---|---|---|
| 08/16/20 | 08/16/20 | FIN AID | FALL 2020 Q UC Irvine Grant | 5694H03 | $6,778.00 CR | | $1,389.34 CR |
| 08/16/20 | | FIN AID | FALL 2020 Q SEOG Grant | 5694H03 | $83.00 CR | | $83.00 CR |
| 08/16/20 | | FIN AID | FALL 2020 Q Federal Pell Grant | 5694H03 | $2,115.00 CR | | $2,115.00 CR |
| 09/03/20 | | FIN AID | FALL 2020 Q CARES Technology Grant | 5694H03 | $1,500.00 CR | | $1,500.00 CR |
| | | | | | | Total: | $5,087.34 CR |

### Future Transactions (description)

| Trans Date | Paid or Applied | Dept. | Description | Reference | Trans. Amount | Due Date | Unpaid or Unapplied |
|---|---|---|---|---|---|---|---|
| | | | | | | Total: | $0.00 |

**Account Balance (ZOT Charges & Housing):    $5,087.34 CR**





### Eligibility Requirements for Federal Student Aid

Federal financial aid programs are subject to regulations that define the criteria students must meet to qualify and maintain eligibility for those programs. The regulations state that a student must:

1. Be a U.S. citizen or an eligible noncitizen of the U.S.;
2. Be accepted for admission to the University;
3. Be enrolled in good standing at the University; units taken through the UCI Division of Continuing Education program are not counted toward half- or full-time enrollment;
4. Demonstrate financial need (except for William D. Ford Federal Direct Unsubsidized Loans and Federal PLUS loans); financial need is the difference between the reasonable, approved expenses of attending UCI and all available resources, including the expected contribution from parents, the student, and any outside aid;
5. Maintain satisfactory academic progress for financial aid, as outlined below;
6. Be registered with the Selective Service if the student is a male at least 18 years old, born after December 31, 1960, and not on active duty with the armed forces;
7. Not owe a refund on a federal grant or be in default on a federal educational loan.

Once a student meets the above criteria, disbursement of financial aid funds is made only if the student does not have outstanding debts owed to UCI.

**California Dream Act Application.** Students who qualify for the AB 540 fee exemption and are not able to file a FAFSA can apply for certain types of financial aid by completing the California Dream Act Application.

The California Dream Acts – AB 130 and AB 131 – extend eligibility for privately funded UC scholarships, other UC scholarships and grants, Cal Grants, Middle Class Scholarships and Dream Loans to students, including undocumented students, who qualify for benefits under another California law – AB 540 – which exempts students from paying nonresident supplemental tuition.

Students who think they might be eligible for an AB 540 nonresident tuition exemption should:

1. Submit a California Dream Act Application as soon as possible after it becomes available on October 1, but no later than March 2.
2. Students who are admitted to the University and intend to enroll should submit a Statement of Legal Residence. Those who receive a nonresident classification from the campus residence deputy should submit a California Nonresident Tuition Exemption Request or a University of California Nonresident Tuition Exemption Application and Affidavit, available at the University Registrar's office or website. Official high school transcripts and proof of high school graduation may be requested.

Home  >  **My Request - INC0685377**

Case: 8:23-cv-01788-JVS(KESx)

Number
INC0685377

Created | Updated | State
3d ago | 7m ago | **Resolved**

# Re: Closing your UCI e-mail address

Actions ▾

| RG | Caller<br>Robert Gonzales | Urgency<br>4 - Tasks More Difficult | Configuration item<br>UCInetID Support S… | JH | Assigned to<br>Jon Haynes |

---

**Activity**    Attachments

---

Type your message here...

    Post

---

**Robert Gonzales**

🕓 7m ago  •  Additional comments

Alright thanks. I think it means the incident "will close." This has been bothering me for almost a month now while unable to move forward.

---

**Jon Haynes**

🕓 17m ago  •  Additional comments

it will not close. your email address will not be listed on our closures list.

---

**Robert Gonzales**

🕓 27m ago  •  Additional comments

It "will" close or "will not" close? The email says it will close automatically.

---

**Jon Haynes**

33m ago • Additional comments

Yes, I have prolonged the deactivation of your account so that when the closures occur on 10/04 your account will not be included. You will maintain email access and not be locked out.

Thank you ~ Jon

---

## Robert Gonzales
35m ago • Additional comments

Alright, thank you. This is the immediate cause of all the distress. As long as I can handle the hold separately without feeling like I am going to be locked out of my Zot account and IT resources again, then I do not feel like I am up against a deadline that would stop me from accessing the things to help fix it.

I am not worried about trying to get the hold lifted from the other offices, I have been more worried about the finality of this "second grievance procedure" in the form of having my access blocked again, and about the OAISC's impact on navigating the matter administratively.

Will you please send me a resolved incident ticket saying something very specific like "we are not closing your account automatically and are reversing the earlier decision." Thank you so much.

---

## Jon Haynes
about an hour ago • Additional comments

that is correct, sorry I cannot help in your academic hold area. Unfortunately I don't have any control over that part. If you cannot get into contact with registrar a that phone number I provided or you feel like you aren't getting the answers you need you can also submit a ticket to Registrar IT and they can take a look at your account as well.

Thanks again ~ Jon

---

## Robert Gonzales
about an hour ago • Additional comments

Alright. Thank you for the help. So basically my account is no longer "getting closed" by OIT separately from the academic hold, and now I am just dealing with that?

---

## Jon Haynes
about an hour ago • Additional comments

All I can speak to for my department is the email which I have set up so that you are not blocked from using it. As far as the other things you mentioned my division is not in charge of. Registrar should be able to answer those questions for you with more context.

---

### Robert Gonzales
🕐 about an hour ago   •   Additional comments

I have been blocked from accessing those things in the past as well as my email. Would that be unusual?

---

### Jon Haynes
🕐 about an hour ago   •   Additional comments

As far as I know the academic hold should not prohibit you from using UCI related resources, it will only stop you from enrolling in courses. The office of Registrar would have more information on that topic

---

### Robert Gonzales
🕐 about an hour ago   •   Additional comments

Will I still be able to use programs like Handshake and elements of the Zot portal not on academic hold?

---

### Jon Haynes
🕐 about an hour ago   •   Additional comments

Hi Robert, the best thing you can do now is to contact registrar's office at (949) 824-6124 and explain to them your situation with the academic hold and your lack of communication with OAISC. They should be able to give you the best steps moving forward for your enrollment. As far as your email closing, that is the only account that would be effected if you were not enrolled.

Thanks ~ Jon

---

### Robert Gonzales
🕐 2h ago   •   Additional comments

I have been in contact with the Registrar and a counselor, and I keep getting forwarded back to the office which has been preventing me from moving forward. Would it come down to the Registrar itself in that situation, or is there another option to receive an enrollment exception if I am having a hard time moving forward with the normal process? What else does closing my account entail other than the email aspect normally? Thank you.

### Robert Gonzales

🕐 2h ago • Additional comments

Sorry for not getting back to you sooner, I haven't used many of the university software systems in awhile. The hold is from the OAISC, and I have been in contact with that office for three weeks but still unable to move forward with the process for lifting the academic hold. Would a situation where I am unable to move forward with the correct office or an academic counselor come back to the Registrar or another office?

### Jon Haynes

🕐 5h ago • Additional comments

Hi Robert, as stated below, I updated your account so that you will not lose email access. As far as your academic hold that would be something that the Registrar Office would need to handle. Was there something else you needed help with?

Thanks ~ Jon

### Robert Gonzales

🕐 5h ago • Additional comments

reply from: rvgonza1@uci.edu

I have contacted the registrar. They forwarded me to academic counseling, who told me they cannot help me and then sent me back to the registrar for help. There is something wrong here.

I have been unable to start the process for three weeks due to an academic hold at another office, and now I am being told I cannot move forward in this process due to the academic hold.

If I cannot successfully move forward with the registrar or academic counseling by the end of the week, can we please just cancel the closing of my account?

Ref:MSG118049678_ZJnBDINUrG3x7fKoY3

### Jon Haynes

🕐 9h ago • Additional comments

Marking this ticket as resolved. Feel free to reopen if needed.

Thank you ~ Jon

## Jon Haynes

🕐 3d ago   •   Additional comments

Hello Robert, your account has been updated and you will not lose email access during the closure.

Thank you ~ Jon

## Robert Gonzales

🕐 3d ago   •   Additional comments

The problem I've had involved another university procedure. I have been trying to have an academic hold lifted from my account before contacting the registrar for three weeks now, but have not been able to do so due to the inability to communicate effectively with the student conduct investigator who has been assigned to my case. I have not tried contacting the Registrar's Office yet, so I think that is my next step. Please consider how the OAISC has impacted my ability to meet the October 4th deadline while I inform the registrar of my situation, and you may ask for any information that may be helpful with that matter. Thank you.

## Robert Gonzales

🕐 3d ago   •   Additional comments

reply from: rvgonza1@uci.edu

Hi, I have sent several messages in replies to these emails.

My issue was not properly resolved. Can you please help me?

Ref:MSG117937878_HmkZKs6CZ0iJnobfnz

## Robert Gonzales

🕐 3d ago

INC0685377 Created

Start

OIT Help Desk (949) 824-2222
Office of Information Technology, UC Irvine
Copyright © 2019 UC Regents. All Rights Reserved



Robert Vincent Gonzales <rvgonza1@uci.edu>

---

# Academic Hold on 35565694
1 message

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                          Fri, Sep 8, 2023 at 1:40 PM
To: UCI OAISC <conduct@uci.edu>

Hi, I have called the office over the last few days to have an academic hold removed from my ZOT account.  However, my situation is quite unusual compared to other cases that the office handles on a regular basis.

In 2020, I was suspended *for three years* despite several audio recordings of a biased investigation led by Chris Coronel.  One of the allegations was "terrorism," which was an incredibly bold step against a student of that very topic who was attacked and could not have had a political motivation to be on that side of a fight.  Furthermore, the events resulting in my suspension were not an isolated incident starting at that time (November 25-27, 2020).  I can provide clear details and authentic documentation of 50 unusual, cryptic, "coincidental" events on campus that year where and when necessary.  They even follow a clear, "confidentiality" pattern that has followed me from my community college and elsewhere!

My goal is to have the hold lifted, to start, with given the gravity of my unique situation.  However, the procedure of putting me in contact with the investigator who I kept an audio recording of misrepresenting my words so severely does not seem like a realistic option.  It doesn't make sense not to have an alternative procedure for situations like this, like I was told, so I am requesting an alternative procedure.  Thank you.

--
## Bobby Gonzales
Criminology, Law & Society B.A.
University of California, Irvine
Natural Rights Foundation, C.E.O.

 **Gmail**

**bobby gonzales <bgfarcenter@gmail.com>**

## Wrongful Attempt to "Dismiss" Me
4 messages

---

**bobby gonzales** <bgfarcenter@gmail.com>
To: rtalesh@uci.edu

Tue, Sep 19, 2023 at 10:06 AM

Hi Dean Talesh,

On September 5th, I received an email from OIT informing me that my Zot account will be deleted if I do not enroll. The sudden action to delete my Zot account appears isolated and unusual because I have not been enrolled for the last three years.

I was told about the procedure to reverse the OIT decision. However, my inquiry to follow the procedure has been met with "questions for clarity" that do not appear to truly need clarification based on the nature of the questions. Other questions of mine have been outright ignored until I complained to supervisors, which adds to the appearance that such "questions for clarity" are only attempts to exploit a lack of the most perfect choice of words possible in my questions in order to run the clock out on the deadline I have been given for the deletion of my account.

Can you please help me with my situation?

Thank you.

---

**Ellen Whitehead** <erwhiteh@uci.edu>
To: "bgfarcenter@gmail.com" <bgfarcenter@gmail.com>
Cc: Office of Student Conduct <conduct@uci.edu>

Tue, Sep 19, 2023 at 12:51 PM

Hello,


Thank you for your message. I am responding to this message on behalf of Dean Talesh. Please contact the Office of Academic Integrity & Student Conduct (OAISC) at conduct@uci.edu.


Thank you

Ellen


Ellen Whitehead, Ed.D.

Acting Associate Vice Chancellor/Dean of Students

Associate Dean of Students

Student Life & Leadership

University of California, Irvine


**From:** bobby gonzales <bgfarcenter@gmail.com>
**Date:** September 19, 2023 at 19:06:43 GMT+2

**To:** Rameen A Talesh <rtalesh@uci.edu>
**Subject: Wrongful Attempt to "Dismiss" Me

[Quoted text hidden]

---

**bobby gonzales** <bgfarcenter@gmail.com>                          Tue, Sep 19, 2023 at 2:05 PM
To: Ellen Whitehead <erwhiteh@uci.edu>

I have tried several times.  This appears to be the next step.  Please help me, thank you.

[Quoted text hidden]

---

**Ellen Whitehead** <erwhiteh@uci.edu>                             Tue, Sep 19, 2023 at 2:12 PM
To: bobby gonzales <bgfarcenter@gmail.com>
Cc: Office of Student Conduct <conduct@uci.edu>

Please continue to email OAISC.

I've included the office on this email.

[Quoted text hidden]



Case: 8:23-cv-01788-JVS(KESx)

**Robert Vincent Gonzales <rvgonza1@uci.edu>**

---

## Handshake Account
8 messages

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>         Fri, Sep 29, 2023 at 11:46 AM
To: UCI Career Center <career@uci.edu>

Hi, I have been using my Handshake account all summer, and I recently lost access to it.

Can you please help me turn it back on?

My student number is 35565694.

Thank you.

---

**UCI Career Center** <career@uci.edu>         Fri, Sep 29, 2023 at 12:56 PM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Hello Robert,


Your Handshake account was deactivated since you are no longer a UCI student. Your account should have been deactivated after the last quarter you were enrolled in June 2021.


When you enroll at UCI to complete your program your account will be reactivated. Also, once you graduate you will be eligible to purchase alumni career services at that time.


Division of Career Pathways

career@uci.edu

(949) 824-6881




[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>         Mon, Oct 2, 2023 at 1:51 PM
To: UCI Career Center <career@uci.edu>

Is it an automatic process to delete the data from the account every year and send out a letter at a certain time?
[Quoted text hidden]
--
**Bobby Gonzales**

Criminology, Law & Society B.A.
University of California, Irvine
Natural Rights Foundation, C.E.O.

─────────────────────────────

**2 attachments**

  **image001.png**
30K

  **image001.png**
30K

─────────────────────────────

**UCI Career Center** <career@uci.edu>                                    Tue, Oct 3, 2023 at 5:16 PM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Hello Robert,


When you don't return for the next quarter Handshake is automatically deactivated. I'm not sure why your account remained active beyond June 2021. However, our account cleanup processes may have deactivated your account just before the new academic year.


Data is not deleted from accounts. Users can't sign in unless they re-enroll at UCI or alumni can purchase career services. No notice is given as access to Handshake is only available for current students, like many other services on campus.

[Quoted text hidden]

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                      Wed, Oct 4, 2023 at 11:22 AM
To: UCI Career Center <career@uci.edu>

Alright.  Ya, my account was deactivated temporarily, then reactivated this year, then deactivated again.

I got an automatic reply on the same day saying that all data will be deleted from my account.  So, it will not be deleted from my account when I log back in?

[Quoted text hidden]

─────────────────────────────

  **image001.png**
30K

─────────────────────────────

**UCI Career Center** <career@uci.edu>                                    Thu, Oct 5, 2023 at 12:25 PM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Hello Robert,


No, your account data will not be deleted. The message you are referring to relates to new and transfer students that try to create their own accounts in Handshake. That data must be deleted for

our download process to create accounts for current students. This process will also activate older accounts when students re-enroll (return following a gap term) <u>after</u> paying their fees.

Division of Career Pathways

career@uci.edu

(949) 824-6881



**From:** Robert Vincent Gonzales <rvgonza1@uci.edu>
**Sent:** Wednesday, October 4, 2023 11:23 AM
**To:** UCI Career Center <career@uci.edu>
**Subject:** Re: Handshake Account

Alright.  Ya, my account was deactivated temporarily, then reactivated this year, then deactivated again.

I got an automatic reply on the same day saying that all data will be deleted from my account.  So, it will not be deleted from my account when I log back in?

On Tue, Oct 3, 2023 at 5:16 PM UCI Career Center <career@uci.edu> wrote:

Hello Robert,

When you don't return for the next quarter Handshake is automatically deactivated. I'm not sure why your account remained active beyond June 2021. However, our account cleanup processes may have deactivated your account just before the new academic year.

Data is not deleted from accounts. Users can't sign in unless they re-enroll at UCI or alumni can purchase career services. No notice is given as access to Handshake is only available for current students, like many other services on campus.

Division of Career Pathways

career@uci.edu

(949) 824-6881

**From:** Robert Vincent Gonzales <rvgonza1@uci.edu>
**Sent:** Monday, October 2, 2023 1:51 PM
**To:** UCI Career Center <career@uci.edu>
**Subject:** Re: Handshake Account

Is it an automatic process to delete the data from the account every year and send out a letter at a certain time?

On Fri, Sep 29, 2023 at 12:56 PM UCI Career Center <career@uci.edu> wrote:

Hello Robert,

Your Handshake account was deactivated since you are no longer a UCI student. Your account should have been deactivated after the last quarter you were enrolled in June 2021.

When you enroll at UCI to complete your program your account will be reactivated. Also, once you graduate you will be eligible to purchase alumni career services at that time.

Division of Career Pathways

career@uci.edu

(949) 824-6881

---

**From:** Robert Vincent Gonzales <rvgonza1@uci.edu>
**Sent:** Friday, September 29, 2023 11:46 AM
**To:** UCI Career Center <career@uci.edu>
**Subject:** Handshake Account

Hi, I have been using my Handshake account all summer, and I recently lost access to it.

Can you please help me turn it back on?

My student number is 35565694.

Thank you.

--

## Bobby Gonzales

Criminology, Law & Society B.A.

University of California, Irvine

Natural Rights Foundation, C.E.O.

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Fri, Oct 6, 2023 at 1:10 PM
To: UCI Career Center <career@uci.edu>

Alright, that's good.  Is there anyone who can help me if I was previously restricted from my account in the past, and then I found out later when I had access again that I would have been hired through the software if I had access to it during that time?

[Quoted text hidden]

 image001.png
30K

---

**UCI Career Center** <career@uci.edu>                    Mon, Oct 9, 2023 at 8:00 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

I'm sorry, but there is nothing we can do to help with your situation. You haven't been a student at UCI for over two years. You were allowed access to Handshake during that time even though you were not eligible. It would be best for you to find other job and career posting boards to research your next opportunity.

Division of Career Pathways

career@uci.edu

(949) 824-6881



---

**From:** Robert Vincent Gonzales <rvgonza1@uci.edu>
**Sent:** Friday, October 6, 2023 1:10 PM
**To:** UCI Career Center <career@uci.edu>
**Subject:** Re: Handshake Account

Alright, that's good.  Is there anyone who can help me if I was previously restricted from my account in the past, and then I found out later when I had access again that I would have been hired through the software if I had access to it during

that time?

On Thu, Oct 5, 2023 at 12:25 PM UCI Career Center <career@uci.edu> wrote:

Hello Robert,


No, your account data will not be deleted. The message you are referring to relates to new and transfer students that try to create their own accounts in Handshake. That data must be deleted for our download process to create accounts for current students. This process will also activate older accounts when students re-enroll (return following a gap term) <u>after</u> paying their fees.


Division of Career Pathways

career@uci.edu

(949) 824-6881


**From:** Robert Vincent Gonzales <rvgonza1@uci.edu>

[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]

Google Apps

---

# [OIT Service Desk] New information has been added to your incident INC0685377
5 messages

---

**UCI Support** <uci@service-now.com>                    Thu, Sep 28, 2023 at 10:26 AM
Reply-To: UCI Support <uci@service-now.com>
To: rvgonza1@uci.edu

Dear Robert Gonzales,

We are contacting you about your incident regarding *"Re: Closing your UCI e-mail address"*.

---

**09-28-2023 10:26:00 AM PDT - Jon Haynes**                    Additional comments
Hi Robert, as stated below, I updated your account so that you will not lose email access. As far as your academic hold that would be something that the Registrar Office would need to handle. Was there something else you needed help with?

Thanks ~ Jon

---

**09-28-2023 10:18:50 AM PDT - Robert Gonzales**                    Additional comments
reply from: rvgonza1@uci.edu

I have contacted the registrar. They forwarded me to academic counseling, who told me they cannot help me and then sent me back to the registrar for help. There is something wrong here.

I have been unable to start the process for three weeks due to an academic hold at another office, and now I am being told I cannot move forward in this process due to the academic hold.

If I cannot successfully move forward with the registrar or academic counseling by the end of the week, can we please just cancel the closing of my account?

Ref:MSG118049678_ZJnBDINUrG3x7fKoY3

---

**09-28-2023 06:56:13 AM PDT - Jon Haynes**                    Additional comments
Marking this ticket as resolved. Feel free to reopen if needed.

Thank you ~ Jon

---

**09-26-2023 02:30:40 PM PDT - Jon Haynes**                    Additional comments
Hello Robert, your account has been updated and you will not lose email access during the closure.

Thank you ~ Jon

---

**09-26-2023 01:03:24 PM PDT - Robert Gonzales**                    Additional comments
The problem I've had involved another university procedure. I have been trying to have an academic hold lifted from my account before contacting the registrar for three weeks now, but have not been able to do so due to the inability to communicate effectively with the student conduct investigator who has been assigned to my case. I have not tried contacting the Registrar's Office yet, so I think that is my next step. Please consider how the OAISC has impacted my ability to meet the October 4th deadline while I inform the registrar of my situation, and you may ask for any information that may be helpful with that matter. Thank you.

---

Please use "Reply" or "Reply All" to respond to this message so your reply will be properly attached to this issue. You may track progress on this issue at INC0685377 at any time. You may also contact us at (949) 824-2222 for assistance.

OIT Service Desk
Office of Information Technology

Ref:MSG118053739_7ITRIA53eDTZ4MHzGq

---

**UCI Support** <uci@service-now.com>                              Thu, Sep 28, 2023 at 2:21 PM
Reply-To: UCI Support <uci@service-now.com>
To: rvgonza1@uci.edu

Dear Robert Gonzales,

We are contacting you about your incident regarding *"Re: Closing your UCI e-mail address"*.

---

**09-28-2023 02:21:05 PM PDT - Jon Haynes**                          Additional comments

Hi Robert, the best thing you can do now is to contact registrar's office at (949) 824-6124 and explain to them your situation with the academic hold and your lack of communication with OAISC. They should be able to give you the best steps moving forward for your enrollment. As far as your email closing, that is the only account that would be effected if you were not enrolled.

Thanks ~ Jon

---

**09-28-2023 02:07:21 PM PDT - Robert Gonzales**                     Additional comments

I have been in contact with the Registrar and a counselor, and I keep getting forwarded back to the office which has been preventing me from moving forward. Would it come down to the Registrar itself in that situation, or is there another option to receive an enrollment exception if I am having a hard time moving forward with the normal process? What else does closing my account entail other than the email aspect normally? Thank you.

---

**09-28-2023 01:32:55 PM PDT - Robert Gonzales**                     Additional comments

Sorry for not getting back to you sooner, I haven't used many of the university software systems in awhile. The hold is from the OAISC, and I have been in contact with that office for three weeks but still unable to move forward with the process for lifting the academic hold. Would a situation where I am unable to move forward with the correct office or an academic counselor come back to the Registrar or another office?

---

**09-28-2023 10:26:00 AM PDT - Jon Haynes**                          Additional comments

Hi Robert, as stated below, I updated your account so that you will not lose email access. As far as your academic hold that would be something that the Registrar Office would need to handle. Was there something else you needed help with?

Thanks ~ Jon

---

**09-28-2023 10:18:50 AM PDT - Robert Gonzales**                     Additional comments
reply from: rvgonza1@uci.edu

I have contacted the registrar. They forwarded me to academic counseling, who told me they cannot help me and then sent me back to the registrar for help. There is something wrong here.

I have been unable to start the process for three weeks due to an academic hold at another office, and now I am being told I cannot move forward in this process due to the academic hold.

If I cannot successfully move forward with the registrar or academic counseling by the end of the week, can we please just cancel the closing of my account?

Ref:MSG118049678_ZJnBDINUrG3x7fKoY3

---

Please use "Reply" or "Reply All" to respond to this message so your reply will be properly attached to this issue. You may track progress on this issue at INC0685377 at any time. You may also contact us at (949) 824-2222 for assistance.

OIT Service Desk
Office of Information Technology

Ref:MSG118059288_NcnCFi9bhmsojEdbU4

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Thu, Sep 28, 2023 at 2:27 PM
To: Mayra Gutierrez <mayrg11@uci.edu>

Hi again Mayra.

I have been directed to you again by the OIT.  Would a weird situation like this still require a letter from a counselor, or would it be up to the Registrars office in the end given the situation where the counselors are not sure?

Thanks, I hope to get this over with.
[Quoted text hidden]
--
## Bobby Gonzales
Criminology, Law & Society B.A.
University of California, Irvine
Natural Rights Foundation, C.E.O.

---

**Mayra Gutierrez** <mayrg11@uci.edu>                    Mon, Oct 2, 2023 at 2:21 PM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Hello Robert,


I'm not sure why OIT is advising you to contact the Registrar. According to my supervisor, the letter would need to come from your advisor, but unfortunately because you have a type 4 hold, the counselor has stated they cannot grant you that request because a type 4 hold means students cannot receive any University services. Is the person from the Dean of Students department still not contacting you?



Mayra Gutierrez
***Student Services Specialist***
University Registrar
215 Aldrich Hall
Irvine, CA  92697-4975
mayrg11@uci.edu


[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Mon, Oct 2, 2023 at 2:33 PM
To: Mayra Gutierrez <mayrg11@uci.edu>

It's alright.  Sometimes administrative process keep people going in circles like this.

I am not hearing back from the Dean of Students' office or the OAISC staff.

Does the academic hold appear like it could be used like a happenstance loophole in this situation, where I wouldn't be able to stop my account from being deleted if the OIT couldn't act separately from an academic advisor?
[Quoted text hidden]



Robert Vincent Gonzales <rvgonza1@uci.edu>

---

# File Nos. 20513, 20515, and 20516

24 messages

---

**Kathie B. Allen** <kballen@uci.edu>                                    Wed, Oct 25, 2023 at 5:09 PM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Dear Mr. Gonzales,

Please see the attached correspondence from Kirsten K. Quanbeck, Vice Chancellor, Equal Opportunity and Compliance, Whistleblower Locally Designated Official.

Thank you.

Sincerely,

*Kathie Allen*

Kathie Allen
Whistleblower Compliance Officer

UC Irvine Whistleblower Office

Pronouns: (she, her)

(949) 824-9166 office | (949) 725-2867 fax

UC Irvine Whistleblower Reporting System

Anonymous Hotline: (800) 403-4744

Report Acts of Intolerance:

Campus Climate Reporting System

---

 **Ltr Mr. Gonzales File Nos. 20513, 20515, and 20516.pdf**
705K

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                          Mon, Oct 30, 2023 at 9:28 PM

To: "Kathie B. Allen" <kballen@uci.edu>

Hi, sorry for not getting back to you sooner.

There are laws and university policies which govern confidentiality relevant to a student.  Providing the specifics of up to 50 incidences in 2020 will not be as simple as providing the information and sending more documents, it will likely require an investigation over a long timeline.  I can begin by telling you about the first incident, which happened within 12 hours of arriving on campus for the first time on Sunday, September 27th, 2020 at around midnight.  As I was trying to go to sleep in my dorm, someone came into the outdoor quad area between their dorm and mine and began to throw an empty water bottle and shout "hey" at my window, and they never picked out any other windows in the quad out of 100+.  While people I have told since then have raised the possibility that they "thought someone else was in my room," I didn't think much of it at the time, *but a weird, cryptic set of "coincidences" followed that one*.  Some of these incidents make it clear that "rumors" were passing around, like when people would reveal personal information they had no way of knowing any other way!

Also, I have been trying to raise my concerns with the OAISC, but I have not been receiving any answers as shown in the documents I sent.  I have asked for an investigation of Mr. Coronel's apparent biases I documented as well as for someone else to be assigned to my case.  I have asked the office how I can challenge a PERMANENT disciplinary probation term I have been assigned, against university policy, if Mr. Coronel is not answering the question.  I'm not so sure that asking them to investigate their own unwillingness to respond to my previous emails is the correct procedure.  Let me repeat, I have been assigned a term of disciplinary probation against university policy, and OAISC staff are unwilling to resolve the issue.

What is the correct venue if I have been trying to go through various procedures of OAISC but have been prevented?  And is it possible that I can hold a **zoom meeting** with you or someone else from your office, before the 11/17 date, to discuss how to go over the volume of information and how to possibly reduce the total possible workload.

Thank you.

[Quoted text hidden]

--

## Bobby Gonzales

Criminology, Law & Society B.A.
University of California, Irvine
Natural Rights Foundation, C.E.O.

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Sun, Nov 12, 2023 at 11:46 PM
To: "Kathie B. Allen" <kballen@uci.edu>

Hi again,

I'm not sure that the 11/17 deadline I have been given to send in information takes the magnitude of trying to approach up to 50 incidents 3 years ago into consideration.  Do you think you could achieve that?

I have not been looking at or trying to think much of that time for three years, and I don't even know where to begin.

Approaching such a "mountainous" task within the given timeframe is not realistic.  Furthermore, I have already experienced in the past what to expect from university process when I send in information like a full timeline of events without being informed of how it will be handled, like I directly mentioned in my "Arroyo Vista" whistleblower report.

Can we please schedule an online meeting, or can you please give me a large deadline so I can begin to grasp how to approach something so difficult and unusual?

Also, while I may not be entitled to a "fair and thorough" investigation for 'anything I ask for,' I am entitled to one (or possibly two) for my student conduct case, and I probably am entitled to another if apparent university negligence to "weird, cryptic privacy and confidentiality issues" led to my suspension in the first place.  Also, I am missing what is not so clear-cut about the policy issue with a "specific term" of disciplinary probation as I have previously discussed.

Leaving my last email as it stands without a response does not seem like a fair outcome.

Hope to hear back soon.  Thank you!

[Quoted text hidden]

---

**Kathie B. Allen** <kballen@uci.edu>                    Mon, Nov 13, 2023 at 8:29 AM

To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Dear Mr. Gonzales,

We can extend the deadline to a date that is convenient for you. Please let me know what time frame would be best for you.

I am happy to schedule a virtual meeting. I suggest we schedule before you compile any information about your concerns. I would like to explain the process and requirements before you spend any time on issues that may not be appropriate for our office. I am available most of this week and all day on 11/20 and 11/21. Please let me know if you have time to meet. If not, please provide dates that you are available.

Please understand that our office will not review any issues related to Student Conduct. There is a process for Student Conduct issues and appeals.  You can find information on appeals at https://aisc.uci.edu/.

https://aisc.uci.edu/documents-and-forms/OAISC%20Flowchart%20SC.pdf

FAQS: https://aisc.uci.edu/students/faq.php#Q16

**What if I don't agree with my sanctions? Can I appeal?**
Yes. For Student Conduct cases, information about appeals can be found here.
For Academic Integrity cases, information about appeals can be found here.

You also wrote, "Leaving my last email as it stands without a response does not seem like a fair outcome." I'm not sure what you are referring to. Did you write to me, and I did not respond? Do you have any outstanding question?

Thank you, Kathie Allen

[Quoted text hidden]

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                         Tue, Nov 14, 2023 at 12:20 AM
To: "Kathie B. Allen" <kballen@uci.edu>

Yes, you did respond to my last email, but not in this email chain.  I did not see the other email chain until I saw your last reply in this one.

It seems like the better way to approach it would be to hold the meeting and then set a deadline.  Would our meeting be considered part of the same process as the letter with the deadline, or will the deadline still expire separately?

When are you available on Friday?  Monday and Tuesday of next week would also work for me.
[Quoted text hidden]

**Kathie B. Allen** <kballen@uci.edu>                                     Tue, Nov 14, 2023 at 11:53 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Dear Mr. Gonzales,

I am available on Friday between 11:30 a.m.-4:00 pm. What time is convenient for you? I will send you a Zoom calendar invite.

It is not permitted to record our meeting, nor do I consent to any recording. I would appreciate it if you would confirm that you do not intend to record the meeting.

I look forward to meeting virtually with you on Friday.

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                                    Tue, Nov 14, 2023 at 12:09 PM
To: "Kathie B. Allen" <kballen@uci.edu>

Does 1:30 work?

And would the meeting be considered a part of the process related to the letter I received, or would it be considered a different process?

Thanks again.

[Quoted text hidden]

---

**Kathie B. Allen** <kballen@uci.edu>                                            Tue, Nov 14, 2023 at 12:25 PM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Yes, 1:30 pm. on Friday works. I will send you a Zoom invite once you confirm that you will not record our meeting.

Sorry, I failed to respond to your question. It is the same process. We can work out a new deadline that is convenient for you when we talk on Friday.

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                                   Wed, Nov 15, 2023 at 12:41 PM
To: "Kathie B. Allen" <kballen@uci.edu>

Alright, cool.  I do not wish to record the meeting.

Thanks again.

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                                    Fri, Nov 17, 2023 at 2:03 PM
To: "Kathie B. Allen" <kballen@uci.edu>

2020:

-Failure to investigate dorm break ins
-Pattern-like *prejudicial investigation* of "offensive medical diagnosis:" STUDENT RECORDS ISSUE!
-Negligence resulting from other failure to investigate for good cause
-Quarantine policy
-Unconscionable entrapment of following student conduct violations

[Quoted text hidden]

---

**7 attachments**

 **timeline.pdf**
97K

**7A.pdf**
224K

**1A- Janet.pdf**
215K

**7B.pdf**
1104K

**1C- Janet Negl.pdf**
637K

**1B- Janet Thais.pdf**
862K

**7C.pdf**
179K

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Fri, Nov 17, 2023 at 2:22 PM
To: "Kathie B. Allen" <kballen@uci.edu>

Once again, I am very sorry for my incredibly harsh tone, but I am clearly dealing with an unworldly spy novel.  I will try hard for you to improve.  I hope you will still help me.

Thank you very much.

[Quoted text hidden]

---

**Kathie B. Allen** <kballen@uci.edu>                    Wed, Nov 29, 2023 at 9:13 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Dear Mr. Gonzales,

Please see the attached correspondence from Kirsten K. Quanbeck, Vice Chancellor, Equal Opportunity and Compliance, Whistleblower Locally Designated Official.

Thank you.

Sincerely,

*Kathie Allen*

Kathie Allen
Whistleblower Compliance Officer

UC Irvine Whistleblower Office

Pronouns: (she, her)

(949) 824-9166 office | (949) 725-2867 fax

UC Irvine Whistleblower Reporting System

Anonymous Hotline: (800) 403-4744

Report Acts of Intolerance:

Campus Climate Reporting System

[Quoted text hidden]

 **Ltr Mr. Gonzales File Nos. 20513 (11-2023).pdf**
696K

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Mon, Dec 4, 2023 at 1:10 AM
To: "Kathie B. Allen" <kballen@uci.edu>

Alright.

Yes, I am upset about the failure of Arroyo Vista to direct me somewhere serious like the Whistleblower office at that time. It seems like the kind of thing that someone at the university should investigate if the police wouldn't, especially given that it was not an isolated incident.

However, what I am really concerned with pertaining to those events is the university's administrative decision to, not offend me, but prejudicially assign the incident to mental health counseling as opposed to investigating more before making any conclusions.  And then fundamentally changing the course of my life for the last three years.  How did that conclusion in particular form so quickly, without a need to learn more?  It sure sounds like a spy novel.  That is another legal issue that should still be investigated by someone at the university right now.

You may not have made it up, but I don't think a circular process where I am supposed to contact OAISC to resolve an issue that OAISC is refusing to resolve is a sufficient answer.  But separately, is there another office you could point me in the direction of that would be in charge of investigating something like the decision of Arroyo Vista to declare themselves psychiatrists in a coincidentally confidential manner?  Or any of the many other things we are yet to get to?

Given what you keep repeating, what do you think you might tell me if I provided any more non student conduct information about the 50 other incidents with fraternity members, student records issues, and a great body of proof putting the pieces to such serious accusations together?

Is it not starting to look like too many so-called coincidences to be realistically called that anymore to anyone involved yet?

[Quoted text hidden]

---

**Kathie B. Allen** <kballen@uci.edu>                    Mon, Dec 11, 2023 at 8:32 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Good morning Mr. Gonzales,

If you would like to submit information about suspected violations of law or policy, please complete the attached complaint form. We will review the complaint form and let you know what action, if any, the University will take about your concerns.

The allegations should provide sufficient corroborating evidence to justify the commencement of an investigation. An investigation of unspecified wrongdoing or broad allegations will not be undertaken without verifiable evidentiary support.


Thank you for your inquiry.


Respectfully,


Kathie Allen

Whistleblower Compliance Officer

UC Irvine Whistleblower Office


[Quoted text hidden]

---

📄 **Complaint Form Related to Policy or Law Violations (Rev 8-21).pdf**
141K

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                     Mon, Dec 11, 2023 at 11:06 PM
To: "Kathie B. Allen" <kballen@uci.edu>

Ok, I will, but I'm not sure we can move on yet from one particular aspect of what I already sent.

Other than break-ins normally being a police matter, the aspect of those scenarios I'm most concerned with is the determination to assign me a mental health counselor, as opposed to looking more into the break-ins and other events.  I am far more concerned with the unusual pattern than the university's policies, like I repeated so many times.

Did anyone happen to interview Janet or any of the others involved in making that determination already?
[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                     Sun, Dec 17, 2023 at 11:54 PM
To: "Kathie B. Allen" <kballen@uci.edu>

Wouldn't the premise that something isn't an investigative matter of the university create a double-negative in the case where a decision was made to make what amounts to a diagnosis of me?  Wouldn't that administrative decision suddenly require at least some kind of investigation on the matter?  Or can a decision with magnitude and consequences like that be made without a medical official, an investigation, or any real information?

I'm thinking about asking that matters within the discretion of police must be double-checked by a university under certain conditions.
[Quoted text hidden]

---

**Kathie B. Allen** <kballen@uci.edu>                     Tue, Dec 19, 2023 at 11:57 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Dear Mr. Gonzales,


If you would like to file a report related to an alleged violation of UC policy or law, please complete the attached report form, and return it to me. (You may include additional pages as necessary to the report form.)

Alternatively, you may also file a report with the UC Hotline:

- •  University Whistleblower Anonymous Hotline: (800) 403-4744

- •  Online at www.universityofcalifornia.edu/hotline

- •  Live operators are available 24 hours a day, 7 days a week, in multiple languages.

- •  The hotline is independently operated to help ensure confidentiality.


More information about whistleblower reports including frequently asked questions may be found at UC Irvine Whistleblower Office.


Thank you.                                                                                                       '


Kathie Allen

Whistleblower Compliance Officer

UC Irvine Whistleblower Office


[Quoted text hidden]

---

📄 **Complaint Form Related to Policy or Law Violations (Rev 8-21).pdf**
141K

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                              Tue, Dec 19, 2023 at 4:00 PM
To: "Kathie B. Allen" <kballen@uci.edu>

I would, but unfortunately 1 of 2 of the other areas of concern I can share faintly touch on conduct issues. So do you think I still should? And I'm not sure I would get an acceptable response for the other non-conduct issue given the response I got for the last police-oriented, non-conduct issue I shared. I'm not sure the university's policies are compatible with external requirements for areas of concern like retaliatory behaviors, confidentiality issues, unconscionability, or any of the other matters.

I was just previously asking you questions about the process. Like how a decision *before any of the conduct issues* with the magnitude and consequences of what amounts to a medical diagnosis can be made without a medical official, an investigation, or any real information? Or why there wasn't a portion of our Zoom meeting set aside to inform me of my whistleblower rights? I know I kind of skipped right to venting if that has anything to do with it.

I hope you are able to provide me answers to these questions. Thank you.

[Quoted text hidden]

---

**Kathie Bakken Allen** <kballen@uci.edu>                              Wed, Dec 20, 2023 at 11:12 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>


Good morning Mr. Gonzales,


Thank you for responding to my email. As for filing a whistleblower report, I cannot offer you any advice. I would like to assist you with your questions. However, I am not certain I fully understand your process question about the conduct issues.

We didn't discuss whistleblower rights during our virtual meeting since it wasn't an investigatory interview, but rather a discussion on the whistleblower process. You may find information on whistleblower rights in the UC Whistleblower Policy, IV., E. Whistleblowers (Page 11). A hard copy of the policy is also attached.


Sincerely,

[Quoted text hidden]

---

 **Whistleblower IGA Policy 2012.pdf**
2380K

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>      Wed, Dec 20, 2023 at 6:27 PM
To: Kathie Bakken Allen <kballen@uci.edu>

My main question goes back to December 4th, when I first asked about the parts related to "police discretion" on the part of the university.

I know there must be many other things you are working on, the area of concern that you noticed I repeated the most because I did wasn't even included in Mrs. Quanbeck's last letter.

Whether or not personally-identifying information about me had to pass between office employees and elsewhere in order for several conclusions about investigations to be made before they even started. Does that make sense?
[Quoted text hidden]

---

**Kathie Bakken Allen** <kballen@uci.edu>      Thu, Jan 4, 2024 at 10:32 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>


Dear Mr. Gonzales,


If I understand your question correctly, you expressed concern that UCI employees shared personally identifying information about you to other University offices. You might not be aware, but the University is structured as one entity and relevant information may be shared between the various University offices.


Thank you.

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>      Sun, Jan 7, 2024 at 11:57 PM
To: Kathie Bakken Allen <kballen@uci.edu>

Yes, you understand my question. I find it purely unusual in the context of any normal events how this key topic seems to have been avoided.

So is all personally identifying information the same? Such as contents of a letter of recommendation that were used for purposes other than their intended one? And can all varying forms of information be shared between any university offices?

Sorry for not getting back to you sooner. Thanks again. Merry christmas and happy new year.
[Quoted text hidden]

---

**Kathie Bakken Allen** <kballen@uci.edu>      Wed, Jan 10, 2024 at 9:18 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Dear Mr. Gonzales,

Happy new year to you too!

I appreciate your curiosity and the questions you've been asking; it shows your dedication to understanding the University's administrative processes. I want to be transparent that this isn't an area I'm well-versed in.

I can assist you with filing a whistleblower complaint or answer any questions related to the whistleblower complaint process.

Please let me know if you need further assistance.

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Thu, Jan 11, 2024 at 1:47 PM
To: Kathie Bakken Allen <kballen@uci.edu>

That's okay, there are miles of university policies to look through.

I am afraid I cannot share the remainder of my evidence until I am notified of substantive deficiencies on what I have already sent in.  One reason is that I have a credible concern it will continue to be used for purposes other than which the disclosures are made.  Another is substance versus procedure.

I would appreciate the opportunity to have the university overlook its procedural issues with my case given the fact that it involves negligent outcomes that already happened, and the fact that I have been asking for the investigation since before those outcomes occurred, as demonstrated in my exhibits.  Does that make sense?

And I noticed that I was not given a new deadline to make more corrections or file an appeal, which must mean that a final determination must not have yet been made, which I would also appreciate if head-spinning improper governmental activity were taken seriously.  I have a pattern of people dragging their feet, a very substantive lie about whether I received an automatic "I'm not here" message at the exact moment the negligence was occurring, and a pattern of things following me from other places among everything else.

Thanks again.
[Quoted text hidden]

2/12/25, 11:33 PM    University of California Mail - Fair and Thorough Investigation, Specific Term of Disciplinary Probation



Robert Vincent Gonzales <rvgonza1@uci.edu>

---

# Fair and Thorough Investigation, Specific Term of Disciplinary Probation
2 messages

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Mon, Oct 30, 2023 at 9:37 PM
To: quanbeck@uci.edu

Hi, sorry for not getting back to you sooner.

I recently sent in whistleblower reports outlining a past conduct investigation against university policy, repeated failures to fairly and thoroughly investigate past "privacy and confidentiality issues" at best, and disciplinary measures against university policy.

There are laws and university policies which govern confidentiality relevant to a student. Providing the specifics of up to 50 incidences in 2020 will not be as simple as providing the information and sending more documents, it will likely require an investigation over a long timeline. I can begin by telling you about the first incident, which happened within 12 hours of arriving on campus for the first time on Sunday, September 27th, 2020 at around midnight. As I was trying to go to sleep in my dorm, someone came into the outdoor quad area between their dorm and mine and began to throw an empty water bottle and shout "hey" at my window, and they never picked out any other windows in the quad out of 100+. While people I have told since then have raised the possibility that they "thought someone else was in my room," I didn't think much of it at the time, *but a weird, cryptic set of "coincidences" followed it*. Some of these incidents make it clear that "rumors" were passing around, like when people would reveal foreknowledge of private information *they had no way of knowing any other way!*

Also, I have been trying to raise my concerns with the OAISC, but I have not been receiving any answers as shown in the documents I sent. I have asked for an investigation of Mr. Coronel's apparent biases I documented as well as for someone else to be assigned to my case. I have asked the office how I can challenge a PERMANENT disciplinary probation term I have been assigned, against university policy, if Mr. Coronel is not answering the question. I'm not so sure that asking them to investigate their own unwillingness to respond to my previous emails is the correct procedure. Let me repeat, I have been assigned a term of disciplinary probation against university policy, and OAISC staff are unwilling to resolve the issue.

What is the correct venue if I have been trying to go through various procedures of OAISC but have been prevented? And is it possible that I can hold a **zoom meeting** with you or someone else from your office, before the 11/17 date, to discuss how to go over the volume of information and how to possibly reduce the total possible workload.

Thank you.

--
## Bobby Gonzales
Criminology, Law & Society B.A.
University of California, Irvine
Natural Rights Foundation, C.E.O.

 **Ltr Mr. Gonzales File Nos. 20513, 20515, and 20516.pdf**
705K

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Sun, Nov 12, 2023 at 11:46 PM
To: quanbeck@uci.edu

Hi again,

I'm not sure that the 11/17 deadline I have been given to send in information takes the magnitude of trying to approach up to 50 incidents 3 years ago into consideration. Do you think you could achieve that?

I have not been looking at or trying to think much of that time for three years, and I don't even know where to begin.

2/12/25, 11:38 AM    Case 8:23-cv-01788-JVS-KES    Document 130    Filed 02/19/25    Page 62 of 129   Page
University of California, Irvine Mail - Fair and Thorough Investigations, Specific Term of Disciplinary Probation
ID #:1998

Approaching such a "mountainous" task within the given timeframe is not realistic.  Furthermore, I have already experienced in the past what to expect from university process when I send in information like a full timeline of events without being informed of how it will be handled, like I directly mentioned in my "Arroyo Vista" whistleblower report.

Can we please schedule an online meeting, or can you please give me a large deadline so I can begin to grasp how to approach something so difficult and unusual?

Also, while I may not be entitled to a "fair and thorough" investigation for 'anything I ask for,' I am entitled to one (or possibly two) for my student conduct case, and I probably am entitled to another if apparent university negligence to "weird, cryptic privacy and confidentiality issues" led to my suspension in the first place.  Also, I am missing what is not so clear-cut about the policy issue with a "specific term" of disciplinary probation as I have previously discussed.

Leaving my last email as it stands without a response does not seem like a fair outcome.

Hope to hear back soon.  Thank you!

[Quoted text hidden]

**UCI** University of California, Irvine

Whistleblower Office

October 25, 2023

Bobby Gonzales
Email: rvgonza1@uci.edu

**File Nos. 20513, 20515, and 20516**

Dear Mr. Gonzales,

Thank you for submitting the three Whistleblower Reports on October 6, 2023. I have reviewed the reports and accompanying documents.

**Student Housing File No. 20513**

In the report you alleged that in Academic Year 2020-21, your requests to investigate "unusual, cryptic incidents/privacy and confidentiality issues" that sometimes involved fraternity members were directed to Campus Counseling instead of the UC Irvine Whistleblower Office. The allegations you raise, if true, are not violations of law or policy. Therefore, the <u>UC Whistleblower Policy</u> does not apply.

If you believe that your privacy was violated, please provide me with specific information. Please state what was disclosed, by whom, when and how did it occur, and how do you know this happened. Please provide copies of any relevant documents. Please submit the requested information by Friday, November 17, 2023. If I do not hear from you, I will consider this matter closed.

**Office of Academic Integrity and Student Conduct (OAISC), File Nos. 20515 and 20516**

Your reports raised concerns regarding Associate Director Christopher Coronel, OAISC staff, and procedural due process that occurred from 2020-2023.

The correct venue for your concerns is OAISC, as I informed you on September 13, 2023 and October 5, 2023. As a result, I cannot accept the two Whistleblower Reports for processing under the <u>UC Whistleblower Policy</u>.

The University of California takes all allegations of wrongdoing very seriously. Thank you for your cooperation and for contributing to UC Irvine's overall commitment to excellence.

Sincerely,

*Kirsten K. Quanbeck*

Kirsten K. Quanbeck, Vice Chancellor
Division of Equal Opportunity and Compliance
Whistleblower Locally Designated Official
KKQ:kba



(949) 824-9166 (TEL)
(949) 725-2867 (FAX)
whistleblower@uci.edu
www.whistleblower.uci.edu

**UCI** University of California, Irvine

Whistleblower Office

November 29, 2023

Bobby Gonzales
Email: rvgonza1@uci.edu

**File No. 20513**

Dear Mr. Gonzales,

I appreciate you meeting with Kathie Allen, Whistleblower Compliance Officer, on November 17, 2023 as well as submitting the additional documentation.

In your complaint, you claim University housing officials failed to investigate suspected break-ins. It is the responsibility of the UCI Police to investigate alleged crimes on campus. Whether or not UCI Police should investigate is at their discretion. Please direct any inquiries regarding alleged criminal acts at UC Irvine to UCI Police. The UCI Police non-emergency line is (949) 824-5223 and is available 24/7, www.police.uci.edu.

The remaining issues in your report pertain to your Student Conduct case. Student Conduct issues cannot be reviewed by the UC Irvine Whistleblower Office.

The University takes all complaints seriously and they are subjected to a vigorous review process. You may pursue any of your claims that we have declined to accept with outside agencies of your choice, including the California Bureau of State Audits (800-952-5665) or the California State Attorney General (800-952-5225). The University cooperates with all inquiries received from outside governmental agencies.

I appreciate your cooperation and for contributing to UC Irvine's overall commitment to excellence.

Sincerely,

Kirsten K. Quanbeck, Vice Chancellor
Division of Equal Opportunity and Compliance
Whistleblower Locally Designated Official

KKQ:kba



(949) 824-9166 (TEL)
(949) 725-2867 (FAX)
whistleblower@uci.edu
www.whistleblower.uci.edu



Robert Vincent Gonzales <rvgonza1@uci.edu>

---

# Robert Gonzales v. UCI
40 messages

---

**John Gherini** <John.Gherini@ucop.edu>                                    Mon, Dec 4, 2023 at 10:54 AM
To: "rvgonza1@uci.edu" <rvgonza1@uci.edu>

Robert,

I am an attorney for the University in the Office of the General Counsel.  I get assigned to help the campuses with their litigation needs, and UCI asked that I assist them with a lawsuit that you filed against the University.  I am reaching out to you in connection with that lawsuit to ask if you would be willing to speak to me about the lawsuit and your claims.

Please let me know if you have any time for a Zoom conversation today or tomorrow.

**JOHN GHERINI**

**Principal Counsel, Core Litigation**

**UC Legal – Office of the General Counsel**

1111 Franklin Street, Oakland, CA 94607

---

**John Gherini** <John.Gherini@ucop.edu>                                    Tue, Dec 12, 2023 at 10:26 AM
To: "rvgonza1@uci.edu" <rvgonza1@uci.edu>

Robert,

I received a phone message from you regarding this matter.  Thank you for reaching out.  Your message did not indicate a time when you might be available for a call.  Can you please let me know when you would like to speak.  I work remotely, so a call to my office number will never be answered. The easiest way to get in touch with me is through email or a scheduled call.

Can you respond to this email and let me know when you might be available.

Thanks

John

[Quoted text hidden]

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                           Tue, Dec 12, 2023 at 2:47 PM
To: John Gherini <John.Gherini@ucop.edu>

    Sorry, I did not see the first email.

    Friday afternoon, between 11-2 would be best for me.  Does that work for you?

    Thank you.
    [Quoted text hidden]
    --
    # Bobby Gonzales
    Criminology, Law & Society B.A.
    University of California, Irvine
    Natural Rights Foundation, C.E.O.

**John Gherini** <John.Gherini@ucop.edu>                                 Tue, Dec 12, 2023 at 3:02 PM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

    Yes.  Thank you.  I will send you a Zoom link for the call.


    John

    [Quoted text hidden]

**John Gherini** <John.Gherini@ucop.edu>                                 Wed, Dec 13, 2023 at 9:45 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

    Robert,


    I just sent you a Zoom link for our call on Friday, which I scheduled for 12:00.


    In the interim, the University's deadline to respond to the complaint that you filed in Federal Court is coming up and I
    would prefer to spend our time trying to help you and understand your complaint, rather than litigating.  I also understand
    you would like to add individual UC employees to the complaint.  I can help you with service on those individuals.  But
    again, I would prefer to not spend our time in Court, before we can determine whether there is some other option to
    resolve this.


    Would you agree to extend the University's deadline to respond to the Complaint to January 26, 2024 in exchange for the
    University agreeing to accept service on behalf of the individual defendants you would like to add to the case?


    Thanks


    John

    [Quoted text hidden]

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                           Wed, Dec 13, 2023 at 3:25 PM
To: John Gherini <John.Gherini@ucop.edu>

Alright, I can extend the deadline.  Sorry if the time of day of my responses hasn't been helpful.

I have the understanding that the service process outlined on the UCOP website requires service be made on the UC headquarters because service on campus officials would not be "proper."  And I did name individuals, but in their official capacity.

If individuals in their official capacity are supposed to be served personally, and the document on the website is misleading or I am not understanding something else, I would appreciate that the university accepts the service on their behalf.

I also have the understanding that any entity generally accepts service on behalf of its officials without agreement, unless the entity is claiming that the acts by the individuals in question were not official duties for example.  If I am misunderstanding these two main characteristics of the service, I would appreciate if you could show me what other policies relevant to the double-negative in the service process document I am missing.

Thank you.
[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                          Fri, Dec 15, 2023 at 2:22 PM
To: John Gherini <John.Gherini@ucop.edu>

Hi John,

Is there any time in late December or any other time this month you could meet again to start putting together a discovery plan?
[Quoted text hidden]

---

**John Gherini** <John.Gherini@ucop.edu>                          Mon, Dec 18, 2023 at 3:03 PM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Robert,


We can schedule a discovery meeting in late December.  For now, please consider the attached stipulation based on what we discussed.  If you agree, I can add you signature, or you can add it as well.


Let me know if you have any questions.


[Quoted text hidden]

---

📄 **Gonzales Stipulation to Extend Time (4853-9932-7127.1).pdf**
142K

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                          Tue, Dec 19, 2023 at 4:27 PM
To: John Gherini <John.Gherini@ucop.edu>

Hi,

You seemed to indicate on Friday that I can start moving forward with discovery now that we've held an initial conference, so I've already submitted a proposal for a two phase discovery plan including initial requests for disclosure, as well as a request for the original 1/26/24 extension date and an extension for the final discovery plan.

As for the service process, you vaguely indicated that the procedure published on the website is misleading when I asked you directly on Friday.  The document you sent does not indicate what other policy is the correct service procedure if the UCOP website has the wrong one posted.  On the day before our conference, Judge Selna made an order acknowledging an extension to receive the signed CV-108 waiver back as moot.  I'm not so sure it is the published service procedure that is misleading.

Would you be available this Friday or early next week to go over things more thoroughly and try to finalize a discovery plan?   And have you had a chance to look over my request for a stipulation?

[Quoted text hidden]

---

**John Gherini** <John.Gherini@ucop.edu>                                                        Tue, Dec 19, 2023 at 5:46 PM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Robert,

Before we do discovery, we need to get the pleadings sorted out and the parties into the case that you want in.  Please sign the attached stipulation, or you can simply respond to me that the stipulation is acceptable to you so I can get this filed.

[Quoted text hidden]

---

📄 **Gonzales Stipulation to Extend Time (4853-9932-7127.1).pdf**
142K

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                                                  Tue, Dec 19, 2023 at 7:38 PM
To: John Gherini <John.Gherini@ucop.edu>

Alright.  I can't figure out what the real concern is if the last paragraph about accepting service is included.  It seems to work out despite the document on the UCOP website.

[Quoted text hidden]

---

📄 **Gonzales Stipulation to Extend Time (4853-9932-7127.1).pdf**
172K

---

**John Gherini** <John.Gherini@ucop.edu>                                                        Wed, Dec 20, 2023 at 2:36 PM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Robert,

The purpose of this email is to clear up a couple things.

First, I said it would be fine to schedule a discovery conference during which we could discuss what types of discovery and information you would like the University to search for.  However, I did not say it was appropriate to immediately proceed with discovery when the pleadings are still not resolved.  It is also unclear to me what you mean when you indicate below that you submitted discovery requests, as I do not believe those were served on me.

Second, on the service of process issue, I think that matter is resolved.  I can accept by email service, any documents that you would like to serve on the individual named defendants.

I would be happy to set up a time to speak with you next week.  Please let me know if there is a date and time that works on your end.

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                                                  Wed, Dec 20, 2023 at 6:17 PM
To: John Gherini <John.Gherini@ucop.edu>

Do you have anytime on Friday?

I'm not sure how next week will work for me yet.

[Quoted text hidden]

---

**John Gherini** <John.Gherini@ucop.edu>                              Thu, Dec 21, 2023 at 8:47 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Sure.  Friday morning can work.  Let me know what time works for you.

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                        Thu, Dec 21, 2023 at 3:33 PM
To: John Gherini <John.Gherini@ucop.edu>

11 or noon again would be great.

I'm not always great with my emails.

Thank you.
[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                        Fri, Dec 22, 2023 at 8:49 AM
To: John Gherini <John.Gherini@ucop.edu>

I will be ready.
[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                        Fri, Dec 22, 2023 at 2:08 PM
To: John Gherini <John.Gherini@ucop.edu>

Here are the remaining documents.  There are 39 total as of now.  The 15 I filed last night have not yet been entered.

By the time I served the first waiver form after some complications, I also sent documents 1, 2, 6, 11, 12, 13, 14, 16, 19, 22, 23, and 24 from the docket.  I did not send several documents, like those for registering with the court to use the CM/ECF system.

Some of the conformed copies merge a few of my individual filing documents.  One example is that document 9 merges my B(1,2,7) exhibits and their declaration.  Exhibits A(1-3, 5) and B(2) are merged in document 21 with my CV-127 declaring updates.  Exhibit A(4) is merged with my CV-127 declaring exhibits A(4-5) in document 16.  The filing system definitely made them harder to go through.  I can send all of the exhibits documents separately if that would be helpful.

I also remembered the question I forgot today about the stipulation, which was answered on the docket report.

I will send the newest filings once they are entered on the docket.

Thanks.
[Quoted text hidden]

---

**12 attachments**

 **7- 127 A(3) (9-26).pdf**
135K

 **8- 127 B(3-6) (9-26).pdf**
135K

 **17- CV-30.pdf**
65K

**20- UCOP Notice (10-5).pdf**
237K

**21- updated exhibits.pdf**
1068K

**25- Proof of Service (11-3).pdf**
1506K

**10- A(1-3) (9-26).pdf**
3042K

**9- CV-127 B(1-7) (9-26).pdf**
3042K

**35- Request for Stipulation (12-4).pdf**
96K

**34- UC Policies Notice I (12-4).pdf**
425K

**30- CPC 'FedQ' Notice (11-20).pdf**
2850K

**33- Affordable Housing (Notice of Attachment) (12-4).pdf**
1861K

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Thu, Dec 28, 2023 at 6:45 PM
To: John Gherini <John.Gherini@ucop.edu>

Here are the rest of the exhibits I filed last week.  There are also several procedural documents along the way.
[Quoted text hidden]

**2 attachments**

**41- 127A(9-12) & B(9-10) (12-22).pdf**
654K

**40- 127A(6-8) (12-22).pdf**
1744K

---

**John Gherini** <John.Gherini@ucop.edu>                    Thu, Jan 4, 2024 at 7:53 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Robert,


As we discussed the last time we had a phone conference, I told you that we were looking at the complaint and there were likely issues that we will need to raise regarding the pleadings before we can go forward in discovery, including whether federal court is the correct venue for this matter.  We have now reviewed the complaint, and pursuant to Local Rule 7-3, we need to meet and confer with you regarding several issues.  Please consider this our effort to meet and confer with the understanding we are happy to have a conversation with you about these issues today or tomorrow.


1.  RULE 12(B)(1)—LACKS SUBJECT MATTER JURISDICTION BECAUSE BARRED BY 11TH AMENDMENT


The Eleventh Amendment prevents agencies of the state, like the University, from being sued in federal court.  Federal courts lack jurisdiction over claims based on the complaint because agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.

A 12(b)(1) motion is an appropriate vehicle for dismissal when a plaintiff's claims are barred by Eleventh Amendment sovereign immunity. *Mueller v. U.S-Corp.* 2009 WL 273283 (C.D. Cal., Feb. 2, 2009, EDCV08-00918-DSFMAN); *see also Silvey v. City of Sparks*, 216 Fed.Appx. 686, 688 (9th Cir. 2007) (dismissal under 12(b)(1) is proper where defendant had sovereign immunity).

2. Rule 12(B)(1) – Lacks Subject Matter Jurisdiction Because of Failure to Exhaust Judicial Remedies

Although it is not clear from the language of the Complaint, at least some component of your claim is that you were denied re-entrance to the University following your suspension for assault due to the fact the University required you to sit for a threat assessment interview prior to being re-instated. To the extent you claim the requirement of a threat assessment interview was in appropriate or deprives you of your due process rights, that issue must first be challenged in state court through a writ of mandate proceeding prior to any action being filed in superior court. Because it appears most if not all of your claim pertains to this issue, it should be controlling. (*Doe v. Regents of the Univ. of Cal.,* 891 F.3d 1147 (9th Cir. 2018) (remand with instructions to grant University's motion to dismiss Section 1983 claim (among others) because suspended student did not challenge suspension through writ); *Edgren v. Regents of the Univ. of Cal.,* 158 Cal.App.3d 516 (1984) (demurrer against discharged University employee sustained because of failure to file writ).

**3.** **12(B)(6)—FAILURE TO STATE A CLAIM**

A. **No Legally Cognizable Legal Theory**

Your Complaint does not articulate a viable legal theory or cause of action. *Shroyer v. New Cingular Wireless Servs., Inc.,* 622 F.3d 1035, 1041 (9th Cir.2010) ("[D]ismissal for failure to state a claim is 'proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.' " (citation omitted)).

B. **Fails to Meet Plausibility Standard under Twombly**

Under Rule 12(b)(6), a party may move to dismiss a claim for relief for its failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678; *Twombly,* 550 U.S. at 555. Motions to dismiss test complaints against a plausibility standard: i.e., whether the complaint contains sufficient factual matter, taken as true, to state a claim for relief that is plausible on its face.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). A court should not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

C. **Fails to Comply with Rule 8**

Under Federal Rules of Civil Procedure, Rule 8, a plaintiff must plead a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of the claim and the grounds upon which it rests.  (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." (Id. at 555–56.)  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint that simply offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" will not do.  (Id. at 678 )(internal citations, quotations, and alterations omitted).


4. Motion for a More Definite Statement; FRCP 12(e)

In the alternative, even if there is a basis to maintain this action in Federal Court, the Complaint is so vague that the University cannot meaningfully provide a substantive response.


Please let me know if you would like to discuss, or simply respond via email.



JOHN GHERINI

**Principal Counsel, Core Litigation**

**UC Legal – Office of the General Counsel**

1111 Franklin Street, Oakland, CA 94607




[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                                   Fri, Jan 5, 2024 at 1:23 AM
To: John Gherini <John.Gherini@ucop.edu>

Will you still have time to discuss these points later today?

I probably will not be able to clarify everything for you after one more conference without any prep time, but I think I can point you in the direction of the places showing where the points below are a major stretch.
[Quoted text hidden]

---

**John Gherini** <John.Gherini@ucop.edu>                                   Fri, Jan 5, 2024 at 7:00 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Sure.  Let me know what time works for you.

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                                   Fri, Jan 5, 2024 at 9:52 AM
To: John Gherini <John.Gherini@ucop.edu>

Anytime before 4 that works for you.  I think I can speak from thr top of my head, but I'd like a little time to prepare.

[Quoted text hidden]

---

**John Gherini** <John.Gherini@ucop.edu>                                                Fri, Jan 5, 2024 at 10:04 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

We can do it Monday as well if that is more helpful to you.

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                                           Fri, Jan 5, 2024 at 11:01 AM
To: John Gherini <John.Gherini@ucop.edu>

That could work better.  I'm up for whatever works best for you.

Most of the points you raised are simple enough to speak about from the top of my head.  One is more significant.  Can you guess which is which?

[Quoted text hidden]

---

**John Gherini** <John.Gherini@ucop.edu>                                                Sat, Jan 6, 2024 at 9:50 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Robert,


I have a 30 min block available at 10 on Monday.  I will send you a zoom link for that.

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                                           Sun, Jan 7, 2024 at 11:59 PM
To: John Gherini <John.Gherini@ucop.edu>

Alright, thank you.  I will be there.

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                                           Mon, Jan 8, 2024 at 10:42 AM
To: John Gherini <John.Gherini@ucop.edu>

This outline of claims is also included in my documents already submitted to the court, just so you know.

My clarified areas of concern are 2023 administrative complications (Exhibits A), 2020 cryptic retaliatory scandal (Exhibits B), Las Lomas apartments planning (Exhibits C), and direct threat of retaliation by a university employee (Exhibits D).  Not including discovery exhibits, Exhibits A are broken up into student conduct issues (A1, 3-5, 9-12) and whistleblower issues (A2, 6-8, 11-14).  The student conduct issues are i) undue denial of my academic liberties during the entire remainder of my enrollment, ii) failure to investigate the unknown bias or otherwise retaliatory behavior of Mr. Coronel, and iii) failure to move forward with the academic hold procedure except as an exchange in litigation.  The whistleblower issues are i) defective procedure for the OAISC to investigate complaints about itself, ii) failure to investigate unconscionable 2020 student conduct issues, iii) failure to investigate extra-conduct matters with faint relevance to conduct matters, and iv) failure to investigate significant matters on campus overlooked by police discretion.  Exhibits B are broken up into i) cryptic campus housing maintenance, ii) housing food safety negligence, iii) retaliatory or discriminatory harassment using conduct and quarantine policy (B1-7, 9-10), iv) equal protections issue, v) undue third-party denial of an employment opportunity (B8), vi) destruction of financial aid qualifications by means of a prejudicial, unauthorized medical diagnosis, and vii) pattern of confidentiality issues.  Exhibits C and D are not further broken up into areas of concern.

I hope it helps.  Thank you.

[Quoted text hidden]

**Robert Vincent Gonzales** <rvgonza1@uci.edu>
To: John Gherini <John.Gherini@ucop.edu>

Tue, Jan 9, 2024 at 12:00 AM

I'm sorry if the way I speak can be unpleasant.  I would largely attribute that to the
unpleasantness of not being heard for three years and playing gotcha.  Here is a set of
responses to the email you sent outlining the several points which we discussed
today. You have witnessed how I am quick not to take legal advice, but please try to put
yourself in my shoes because I just have too many "procedural and substantive"
reasons to question even my own lawyer in that case.

1. Amd XI: The text of the amendment reads "The judicial power of the US shall not be construed to extend to any
suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by
citizens or subjects of any foreign state."  The keywords potentially barring the jurisdiction of federal courts in my case
seem to be "another State" and "foreigner" because I am a citizen of this State.  If current precedent is misconstruing
the amendment, there is simply too large of a body of overturned precedents of a like manner that demonstrate the
possibility for human errors to occur by means of judicial power as much as in any other place in society.  For
example, Reed v. Reed (1971) established for the first time that the scope of the 14th Amendment is not limited to
race relations, but in fact includes other matters of equal protections such as gender equality.  I am interested to see
how the language of Amd. XI has been substituted in cases or otherwise modified in the precedents you
mentioned, so I will get back to you on that, but the amendment nevertheless cannot say red if it actually says blue.

2. Exhaustion: Several characteristics of my case make federal courts the court of record: a) a case arising under the
US Constitution, b) a notice of attachment on land of a trademark federal subsidiary, and c) a case affecting a public
minister.  First and foremost, the State of California has criminalized due process in the form of authentic record-
keeping under certain conditions by conflating "private person" and "official duties."  If a State criminalizes laws made
under the authority of the United States, Article III would logically be the initial source of my standing.  Imagine
my reasonable expectations of the outcome of such a trial in State courts as a filer if I had to go there first in this case,
paired with the politics where it doesn't belong that I experienced.  If it were not for the due process area, what else
can someone in my position be expected to think of how to identify the correct venue based on the characteristics I
highlighted in this paragraph?

3A. No Cognizable Theory:  Our discussion on this topic today was not particularly focused on what I am missing when
I asked that question.  For example, the plain meaning of Arroyo Vista housing duties, as well as the duties of 99% of
other university offices and other functions of society, *do not include* certified power to make a medical diagnosis.
Medical diagnostics amounts to a serious, exclusive authority, does it not?  The repercussions of the inverse are
absurdly defective and insane.  Is the opposing argument that the topic has never been the focus of a judicial
determination before?  Because that is also untrue.  As a student who is fairly well-tested in my own experiments in
the field of deception detection, I cannot imagine our discussions on this topic today were anything but a kind of test.
The story kept changing when our conversation was focused on unconscionability.  It morphed from "you've never
heard of it" to "it's not a legal theory" to "I don't see how it applies" to "it doesn't effect damages."  If you didn't
mean what you said, what do you want me to expect?  I could illustrate a similar story of changing stories I like to
illustrate about a "face-tattoo guy" because it is really funny.  The truth is there are several established theories that I
named as well as the two main, directly proportional past cases against the same university which I cited in my
initiating documents, and it showed when I mentioned them today.  Will you please tell me what I am missing if you
maintain your opinion?

3B. Implausible Undeniability: I'm sorry, but if I understand your objection correctly, I am not merely "reciting the
elements of a cause of action" and then "supporting them" with "conclusory statements" like some kind of prejudicial
investigation, like the one I have demonstrated.  But seriously?  Did you not pick up on the "unofficial medical
diagnosis?"  How about the level of harassment for an undiscovered-in-whole intent throughout the student conduct
process?  Have you gotten a chance to look over the whistleblower materials I sent much?  I find your characterization
ironically offensive.  There are also a lot of materials related to discovery which we haven't really gotten into yet, like
that part where the case affects a public minister.  As for the notice of attachment, you are still busy with the rest so
we haven't gotten there yet.  But I will mention in advance how funny it would be to insist that the state of particular
aspects of our economy will not provide a body of evidence showing that my rights are injured as well as those of
many others, in a way that can be characterized as "feudalism."

3C. Lack of Clarity: You got me, in the sense that my filings are not well organized.  I am a student, this is complex
litigation, and it shows.  That does *not* mean it is *not* a huge stretch to predictably say that my case lacks a cognizable
theory and plausibility in the face of everything I have filed.  In fact, to say my case lacks injury and cause while at the
same time saying it is not clear seems like far more of a stretch because it is a contradiction.  Kind of like "a naked
assertion devoid of further factual enhancement."  I have submitted the evidence, and I can articulate it's depth, in

more than half an hour, so now you have to point out what is missing if your opinion is that my case is not plausible and has no basis in law. Knowing this, I clarified and outlined the inquiries from my original complaint in a more definitive statement filed on 12/22/23.

Today, you said that you did not even know about the "unofficial medical diagnosis" named in verbatim in my documents when I asked about how much of my case you have looked through. I responded by mentioning how hard it is to make serious conclusions without looking at the evidence. Not knowing about key elements of the case, and their evidence, *will prove to be a larger contributing factor* to the inability to "substantively respond" to my complaint than its initial vagueness. If you say you do not think my case is plausible and has no basis in law, **we need to schedule a window of time larger than half an hour this week** to go through the lack of clarity so you can have the opportunity to look through it enough to say that I don't have a case.

Thank you. I hope to hear back soon.

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Thu, Jan 11, 2024 at 5:08 PM
To: John Gherini <John.Gherini@ucop.edu>

Hi,

Sorry again for the difficulties that come with the difficulties of my case.

Despite you saying you missed a key area, I figured out which notices you are missing relevant to our discussion.

Would you like to schedule another discussion early tomorrow or sometime early next week?

Thank you.

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Fri, Jan 12, 2024 at 3:55 PM
To: John Gherini <John.Gherini@ucop.edu>

Here are the additional laws relevant to the case as well as the remaining whistleblower exhibits I previously asked to release through the discovery process.

I will look at the case law for Amd. XI today

I'm sorry about how this may affect your response to my complaint. Identifying missing parts, adjusting accordingly, and double checking premises will likely be a theme throughout my case.

Hope to hear back soon.

[Quoted text hidden]

---

**4 attachments**

📄 **52- Whistleblower Notice II (1-11).pdf**
256K

📄 **53- UC Notice II (1-11).pdf**
1133K

📄 **51- Whistleblower Notice I (1-11).pdf**
4245K

📄 **50- 127B(11-14) (1-11).pdf**
5450K

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Sun, Jan 14, 2024 at 11:56 PM
To: John Gherini <John.Gherini@ucop.edu>

Hey. I looked for those cases and I found the documents for one, but I don't think I found the right one for Mueller v. US. Would you mind sending me a copy of that one? I did find another case that cites it, and another one that's just perfect! I also found it funny that you said Amd. XI is relevant, which makes me wonder what other cases similar to the ones you cited you may have instead.

I did notice that the one you sent and the first one I found is right on topic with our discussion the other day about establishing subject matter jurisdiction (1) according to Art. III S. 1 sources of authority and (2) on a factual basis. I can understand your hesitation and a strong feeling in your foundation over the nature of my due process claim, but to say I do not have a case on a factual basis without an explanation, in the face of the level of evidence I have provided for a complex case in my position, is a facial argument. Another layer is added to the conclusory nature of that side of your objection if you did not pick up on the "unauthorized medical diagnosis."

As for federal standing, **Steffel v. Thompson (415 US 452, 1974)** hits squarely on the button for establishing federal jurisdiction over cases involving a State criminal statute related to an unclear constitutional claim. Federal courts are not precluded, and in fact, the US Supreme Court has found that it is the "paramount duty of the federal courts" to take up such cases involving the constitution and federal laws like mine based on one major test (at 462-462, 473). They also identified past cases on the fairness of placing a plaintiff [normally represented by an attorney] between acts asserted to be constitutional and subjecting themselves to a State criminal proceeding. A criminal statute has been invoked twice, within the university's control over my life and liberty. Like in past cases, Mr. Coronel did know that (1) making substantive lies in a conduct case are not within the scope of his duties, and (2) he would be preventing me from proving any lies by preventing me from keeping authentic records of an official proceeding. Preventing me from swiftly proving lies in a professional setting would not be an act of duty in good faith. Another important distinction is that my challenge is not against the State statute in whole, but only how it is wrongly abused within official duties. Quite commonly in fact. A wide variety of current events exemplify the ripeness for examining the growing, society-wide need to keep "police-like" audio recordings of other officials acting within their duties but in terms of "good evidence." Don't forget, my case also involves an irreparable injury: the destruction of my CalGrant qualifications by permanent disciplinary probation (as demonstrated between the UCI's FAFSA-CalGrant webpage and my cruel and unusual punishment). There are also just too many normal, everyday "theories" from my notes in the last two years for me to go over very easily like duty of care, supervisory liability, and several fundamental principles related to the adverse boundaries of everyday American freedom. There is also the affordable housing issue according to federal statute and two other constitutional provisions, which is what I should have put in my previous email outlining areas of Art. III. exhaustion instead of 'claiming lands under federal grants.'

"Silvey" and "Brooker" provide me with such a level of ironic tools for guiding through establishing my claims that I feel like you knew that when you selected those cases for me to search for. Again, I am sorry for what would amount to incompetence if I had spent my time studying court procedure and university processes. I don't know how busy you are, but I guess I would ask if you would test my authenticity in ways that didn't amount to being so distressing to my focus, still suspended in a state of not knowing where my planned future I worked for most of my life towards is going.

I think these developments will significantly affect the way you have set up your response above.

[Quoted text hidden]



**qual.png**
375K

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                                    Tue, Jan 23, 2024 at 12:28 AM
To: John Gherini <John.Gherini@ucop.edu>

Hi, I can also accept all future service by email.

I'm still sorting through the contents of your response.

I also didn't realize that you didn't get documents. I know I sent one pleading doc with a note asking you to view it through the online system for a large document (I think Doc. 16), but that should have only been one. The pleadings for 6 and 16

are listed in my data with the other physically served documents, so I didn't email them.  Would you like me to email everything in the original complaint file on my computer?

I've obviously been ahead of myself with discovery because there is a lot going on here.  Do you have any time this week to start taking those steps?  I know you didn't have an obligation to inform me of relevant laws before making a response, and I've simply made it unpleasant for you.  But please understand my situation.  And I would also like to have a discussion about State due process in the case that a federal trademark university is exclusively a State instrumentality.

Thanks.

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                                      Sun, Jan 28, 2024 at 9:23 PM
To: John Gherini <John.Gherini@ucop.edu>

Hi, I guess I thought I would send the rest when we scheduled another conference, thinking we would have started sooner.  Here are the rest of the documents at cause.  There are obviously a bunch of administrative documents like Judge's orders to my navigation of the process.  Are you getting them mailed to you, or am I supposed to send those too?

Also, your response shows that you may have not even looked through the parts of my case that you did have access to.  For example, you confuse Mr. Coronel and Dr. Tau, you conflate "the" investigator Mr. Coronel with "an" investigator from the OAISC, whom you stated I am refusing to talk to even though my emails demonstrate that I have been trying to talk with both for months separately, and you stated that a real event central to and demonstrated by my case is an "allegation."

I understand the almost natural strategy of saying I filed new claims, but do you really not see the correlations between my original documents and my clarifications?   Do I really have 'zero' facts or stated claims that purport the idea of any theory entitling relief?

The 14th day leading up to March 11th is February 26th, and 21 days leading up is February 19th.  Given that my, not nonexistent, but disorganized claims are understandably difficult to navigate, it would be a good idea to schedule several conferences this week and next to try to establish the clarity you require.

[Quoted text hidden]

---

**7 attachments**

📄 **6- CV-66 original.pdf**
175K

📄 **16-  9-29 filing.pdf**
1435K

📄 **37- Initial Disclosure & Discovery Plan (12-18).pdf**
97K

📄 **38- Extension and Scheduling Conference (12-18).pdf**
98K

📄 **46- G92 (12-22).pdf**
156K

📄 **42- 127C-D (12-22).pdf**
105K

📄 **56- Steffel v. Thompson (1-15).pdf**
934K

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                                      Thu, Feb 8, 2024 at 9:29 PM
To: John Gherini <John.Gherini@ucop.edu>

Hi, do you want to start talking about finalizing a discovery report?

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                                      Sun, Feb 11, 2024 at 11:11 PM
To: John Gherini <John.Gherini@ucop.edu>

Yes, no?
[Quoted text hidden]

---

**John Gherini** <John.Gherini@ucop.edu>                                Mon, Feb 12, 2024 at 8:58 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Yes,  We can schedule a time to talk this week.

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                          Mon, Feb 12, 2024 at 2:07 PM
To: John Gherini <John.Gherini@ucop.edu>

Alright, cool.

These half hour windows aren't working.  I'm sorry if you feel like I have filed new claims, that well-documented, real-world events that have fundamentally impacted the course of my life are "allegations," and everything else.

We need to schedule enough time to discuss a discovery plan and probably really, really analyze my pleadings and exhibits.  What day is best for you to go into more depth?
[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                          Tue, Feb 20, 2024 at 11:14 AM
To: John Gherini <John.Gherini@ucop.edu>

Hello
[Quoted text hidden]

---

**John Gherini** <John.Gherini@ucop.edu>                                Wed, Feb 21, 2024 at 10:45 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Happy to set up a one hour call.  Needs to me next week.  Let me know when you are available.

---

**From:** Robert Vincent Gonzales <rvgonza1@uci.edu>
**Sent:** Tuesday, February 20, 2024 11:15 AM
**To:** John Gherini <John.Gherini@ucop.edu>
**Subject:** Re: Robert Gonzales v. UCI

Hello

On Mon, Feb 12, 2024, 2:07 PM Robert Vincent Gonzales <rvgonza1@uci.edu> wrote:

Alright, cool.

These half hour windows aren't working.  I'm sorry if you feel like I have filed new claims, that well-documented, real-world events that have fundamentally impacted the course of my life are "allegations," and everything else.

We need to schedule enough time to discuss a discovery plan and probably really, really analyze my pleadings and exhibits.  What day is best for you to go into more depth?

On Mon, Feb 12, 2024, 8:58 AM John Gherini <John.Gherini@ucop.edu> wrote:

Yes,  We can schedule a time to talk this week.

---

**From:** Robert Vincent Gonzales <rvgonza1@uci.edu>
**Sent:** Sunday, February 11, 2024 11:12 PM
**To:** John Gherini <John.Gherini@ucop.edu>
**Subject:** Re: Robert Gonzales v. UCI

Yes, no?

On Thu, Feb 8, 2024 at 9:29 PM Robert Vincent Gonzales <rvgonza1@uci.edu> wrote:

Hi, do you want to start talking about finalizing a discovery report?

On Sun, Jan 28, 2024, 9:23 PM Robert Vincent Gonzales <rvgonza1@uci.edu> wrote:

Hi, I guess I thought I would send the rest when we scheduled another conference, thinking we would have started sooner.  Here are the rest of the documents at cause.  There are obviously a bunch of administrative documents like Judge's orders to my navigation of the process.  Are you getting them mailed to you, or am I supposed to send those too?

Also, your response shows that you may have not even looked through the parts of my case that you did have access to.  For example, you confuse Mr. Coronel and Dr. Tau, you conflate "the" investigator Mr. Coronel with "an" investigator from the OAISC, whom you stated I am refusing to talk to even though my emails demonstrate that I have been trying to talk with both for months separately, and you stated that a real event central to and demonstrated by my case is an "allegation."

I understand the almost natural strategy of saying I filed new claims, but do you really not see the correlations between my original documents and my clarifications?   Do I really have 'zero' facts or stated claims that purport the idea of any theory entitling relief?

The 14th day leading up to March 11th is February 26th, and 21 days leading up is February 19th.  Given that my, not nonexistent, but disorganized claims are understandably difficult to navigate, it would be a good idea to schedule several conferences this week and next to try to establish the clarity you require.

On Tue, Jan 23, 2024 at 12:28 AM Robert Vincent Gonzales <rvgonza1@uci.edu> wrote:

Hi, I can also accept all future service by email.

I'm still sorting through the contents of your response.

I also didn't realize that you didn't get documents.  I know I sent one pleading doc with a note asking you to view it through the online system for a large document (I think Doc. 16), but that should have only been one.  The pleadings for 6 and 16 are listed in my data with the other physically served documents, so I didn't email them.  Would you like me to email everything in the original complaint file on my computer?

I've obviously been ahead of myself with discovery because there is a lot going on here.  Do you have any time this week to start taking those steps?  I know you didn't have an obligation to inform me of relevant laws before making a response, and I've simply made it unpleasant for you.  But please understand my situation.  And I would also like to have a discussion about State due process in the case that a federal trademark university is exclusively a State instrumentality.

Thanks.

On Sun, Jan 14, 2024 at 11:56 PM Robert Vincent Gonzales <rvgonza1@uci.edu> wrote:

> Hey.  I looked for those cases and I found the documents for one, but I don't think I found the right one for Mueller v. US.  Would you mind sending me a copy of that one?  I did find another case that cites it, and another one that's just perfect!  I also found it funny that you said Amd. XI is relevant, which makes me wonder what other cases similar to the ones you cited you may have instead.

> I did notice that the one you sent and the first one I found is right on topic with our discussion the other day about establishing subject matter jurisdiction (1) according to Art. III S. 1 sources of authority and (2) on a factual basis.  I can understand your hesitation and a strong feeling in your objection over the nature of my due process claim, but to say I do not have a case on a factual basis without an explanation, in the face of the level of evidence I have provided for a complex case in my position, is a facial argument.  Another layer is added to the conclusory nature of that side of your objection if you did not pick up on the "unauthorized medical diagnosis."

> As for federal standing, **Steffel v. Thompson (415 US 452, 1974)** hits squarely on the button for establishing federal jurisdiction over cases involving a State criminal statute related to an unclear constitutional claim.  Federal courts are not precluded, and in fact, the US Supreme Court has found that it is the "paramount duty of the federal courts" to take up such cases involving the constitution and federal laws like mine based on one major test (at 462-462, 473).  They also identified past cases on the fairness of placing a plaintiff [normally represented by an attorney] between acts asserted to be constitutional and subjecting themselves to a State criminal proceeding.  A criminal statute has been invoked twice, within the university's control over my life and liberty.  Like in past cases, Mr. Coronel did know that (1) making substantive lies in a conduct case are not within the scope of his duties, and (2) he would be preventing me from proving any lies by preventing me from keeping authentic records of an official proceeding.  Preventing me from swiftly proving lies in a professional setting would not be an act of duty in good faith.  Another important distinction is that my challenge is not against the State statute in whole, but only how it is wrongly abused within official duties.  Quite commonly in fact.  A wide variety of current events exemplify the ripeness for examining the growing, society-wide need to keep "police-like" audio recordings of other officials acting within their duties but in terms of "good evidence."  Don't forget, my case also involves an irreparable injury: the destruction of my CalGrant qualifications by permanent disciplinary probation (as demonstrated between the UCI's FAFSA-CalGrant webpage and my cruel and unusual punishment).  There are also just too many normal, everyday "theories" from my notes in the last two years for me to go over very easily like duty of care, supervisory liability, and several fundamental principles related to the adverse boundaries of everyday American freedom.  There is also the affordable housing issue according to federal statute and two other constitutional provisions, which is what I should have put in my previous email outlining areas of Art. III. exhaustion instead of 'claiming lands under federal grants.'

"Silvey" and "Brooker" provide me with such a level of ironic tools for guiding through establishing my claims that I feel like you knew that when you selected those cases for me to search for. Again, I am sorry for what would amount to incompetence if I had spent my time studying court procedure and university processes. I don't know how busy you are, but I guess I would ask if you would test my authenticity in ways that didn't amount to being so distressing to my focus, still suspended in a state of not knowing where my planned future I worked for most of my life towards is going.

I think these developments will significantly affect the way you have set up your response above.

On Fri, Jan 12, 2024 at 3:55 PM Robert Vincent Gonzales <rvgonza1@uci.edu> wrote:

> Here are the additional laws relevant to the case as well as the remaining whistleblower exhibits I previously asked to release through the discovery process.

> I will look at the case law for Amd. XI today

> I'm sorry about how this may affect your response to my complaint. Identifying missing parts, adjusting accordingly, and double checking premises will likely be a theme throughout my case.

> Hope to hear back soon.

> On Thu, Jan 11, 2024 at 5:08 PM Robert Vincent Gonzales <rvgonza1@uci.edu> wrote:

>> Hi,

>> Sorry again for the difficulties that come with the difficulties of my case.

>> Despite you saying you missed a key area, I figured out which notices you are missing relevant to our discussion.

>> Would you like to schedule another discussion early tomorrow or sometime early next week?

>> Thank you.

>> On Tue, Jan 9, 2024 at 12:00 AM Robert Vincent Gonzales <rvgonza1@uci.edu> wrote:

>>> I'm sorry if the way I speak can be unpleasant. I would largely attribute that to the unpleasantness of not being heard for three years and playing gotcha. Here is a set of responses to the email you sent outlining the several points which we discussed today. You have witnessed how I am quick not to take legal advice, but please try to put yourself in my shoes because I just have too many "procedural and substantive" reasons to question even my own lawyer in that case.

1. Amd XI: The text of the amendment reads "The judicial power of the US shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by citizens or subjects of any foreign state."  The keywords potentially barring the jurisdiction of federal courts in my case seem to be "another State" and "foreigner" because I am a citizen of this State.  If current precedent is misconstruing the amendment, there is simply too large of a body of overturned precedents of a like manner that demonstrate the possibility for human errors to occur by means of judicial power as much as in any other place in society.  For example, Reed v. Reed (1971) established for the first time that the scope of the 14th Amendment is not limited to race relations, but in fact includes other matters of equal protections such as gender equality.  I am interested to see how the language of Amd. XI has been substituted in cases or otherwise modified in the precedents you mentioned, so I will get back to you on that, but the amendment nevertheless cannot say red if it actually says blue.

2. Exhaustion: Several characteristics of my case make federal courts the court of record: a) a case arising under the US Constitution, b) a notice of attachment on land of a trademark federal subsidiary, and c) a case affecting a public minister.  First and foremost, the State of California has criminalized due process in the form of authentic record-keeping under certain conditions by conflating "private person" and "official duties."  If a State criminalizes laws made under the authority of the United States, Article III would logically be the initial source of my standing.  Imagine my reasonable expectations of the outcome of such a trial in State courts as a filer if I had to go there first in this case, paired with the politics where it doesn't belong that I experienced.  If it were not for the due process area, what else can someone in my position be expected to think of how to identify the correct venue based on the characteristics I highlighted in this paragraph?

3A. No Cognizable Theory:  Our discussion on this topic today was not particularly focused on what I am missing when I asked that question.  For example, the plain meaning of Arroyo Vista housing duties, as well as the duties of 99% of other university offices and other functions of society, *do not include* certified power to make a medical diagnosis.  Medical diagnostics amounts to a serious, exclusive authority, does it not?  The repercussions of the inverse are absurdly defective and insane.  Is the opposing argument that the topic has never been the focus of a judicial determination before?  Because that is also untrue.  As a student who is fairly well-tested in my own experiments in the field of deception detection, I cannot imagine our discussions on this topic today were anything but a kind of test.  The story kept changing when our conversation was focused on unconscionability.  It morphed from "you've never heard of it" to "it's not a legal theory" to "I don't see how it applies" to "it doesn't effect damages."  If you didn't mean what you said, what do you want me to expect?  I could illustrate a similar story of changing stories I like to illustrate about a "face-tattoo guy" because it is really funny.  The truth is there are several established theories that I named as well as the two main, directly proportional past cases against the same university which I cited in my initiating documents, and it showed when I mentioned them today.  Will you please tell me what I am missing if you maintain your opinion?

3B. Implausible Undeniability: I'm sorry, but if I understand your objection correctly, I am not merely "reciting the elements of a cause of action" and then "supporting them" with "conclusory statements" like some kind of prejudicial investigation, like the one I have demonstrated.  But seriously?  Did you not not pick up on the "unofficial medical diagnosis?"  How about the level of harassment for an undiscovered-in-whole intent throughout the student conduct process?  Have you gotten a chance to look over the whistleblower materials I sent much?  I find your characterization ironically offensive.  There are also a lot of materials related to discovery which we haven't really gotten into yet, like that part where the case affects a public minister.  As for the notice of attachment, you are still busy with the rest so we haven't gotten there yet.  But I will mention in advance how funny it would be to insist that the state of particular aspects of our economy will not provide a body of evidence showing that my rights are injured as well as those of many others, in a way that can be characterized as "feudalism."

3C. Lack of Clarity: You got me, in the sense that my filings are not well organized.  I am a student, this is complex litigation, and it shows.  That does *not* mean it is *not* a huge stretch to predictably say that my case lacks a cognizable theory and plausibility in the face of everything I have filed.  In fact, to say my case lacks injury and cause while at the same time saying it is not clear seems like far more of a stretch because it is a contradiction.  Kind of like "a naked assertion

devoid of further factual enhancement, I have submitted the evidence, and I can articulate it's depth, in more than half an hour, so now you have to point out what am I missing if your opinion is that my case is not plausible and has no basis in law.  Knowing this, I clarified and outlined the inquiries from my original complaint in a more definitive statement filed on 12/22/23.

Today, you said that you did not even know about the "unofficial medical diagnosis" named in verbatim in my documents when I asked about how much of my case you have looked through.  I responded by mentioning how hard it is to make serious conclusions without looking at the evidence.  Not knowing about key elements of the case, and their evidence, *will prove to be a larger contributing factor* to the inability to "substantively respond" to my complaint than its initial vagueness.  If you say you do not think my case is plausible and has no basis in law, **we need to schedule a window of time larger than half an hour this week** to go through the lack of clarity so you can have the opportunity to look through it enough to say that I don't have a case.

Thank you.  I hope to hear back soon.

On Mon, Jan 8, 2024 at 10:42 AM Robert Vincent Gonzales <rvgonza1@uci.edu> wrote:

This outline of claims is also included in my documents already submitted to the court, just so you know.

My clarified areas of concern are 2023 administrative complications (Exhibits A), 2020 cryptic retaliatory scandal (Exhibits B), Las Lomas apartments planning (Exhibits C), and direct threat of retaliation by a university employee (Exhibits D).   Not including discovery exhibits, Exhibits A are broken up into student conduct issues (A1, 3-5, 9-12) and whistleblower issues (A2, 6-8, 11-14).  The student conduct issues are i) undue denial of my academic liberties during the entire remainder of my enrollment, ii) failure to investigate the unknown bias or otherwise retaliatory behavior of Mr. Coronel, and iii) failure to move forward with the academic hold procedure except as an exchange in litigation.  The whistleblower issues are i) defective procedure for the OAISC to investigate complaints about itself, ii) failure to investigate unconscionable 2020 student conduct issues, iii) failure to investigate extra-conduct matters with faint relevance to conduct matters, and iv) failure to investigate significant matters on campus overlooked by police discretion.  Exhibits B are broken up into i) cryptic campus housing maintenance, ii) housing food safety negligence, iii) retaliatory or discriminatory harassment using conduct and quarantine policy (B1-7, 9-10), iv) equal protections issue, v) undue third-party denial of an employment opportunity (B8), vi) destruction of financial aid qualifications by means of a prejudicial, unauthorized medical diagnosis, and vii) pattern of confidentiality issues.  Exhibits C and D are not further broken up into areas of concern.

I hope it helps.  Thank you.

On Sun, Jan 7, 2024 at 11:59 PM Robert Vincent Gonzales <rvgonza1@uci.edu> wrote:

Alright, thank you.  I will be there.

On Sat, Jan 6, 2024 at 9:51 AM John Gherini <John.Gherini@ucop.edu> wrote:

Robert,

I have a 30 min block available at 10 on Monday.  I will send you a zoom link for that.


John


---

**From:** Robert Vincent Gonzales <rvgonza1@uci.edu>
**Sent:** Friday, January 5, 2024 11:01 AM
**To:** John Gherini <John.Gherini@ucop.edu>
**Subject:** Re: Robert Gonzales v. UCI


That could work better.  I'm up for whatever works best for you.


Most of the points you raised are simple enough to speak about from the top of my head.
One is more significant.  Can you guess which is which?


On Fri, Jan 5, 2024, 10:04 AM John Gherini <John.Gherini@ucop.edu> wrote:

> We can do it Monday as well if that is more helpful to you.
>
> ---
>
> **From:** Robert Vincent Gonzales <rvgonza1@uci.edu>
> **Sent:** Friday, January 5, 2024 9:52 AM
> **To:** John Gherini <John.Gherini@ucop.edu>
> **Subject:** Re: Robert Gonzales v. UCI
>
>
> Anytime before 4 that works for you.  I think I can speak from thr top of my head, but I'd
> like a little time to prepare.
>
>
> On Fri, Jan 5, 2024, 7:00 AM John Gherini <John.Gherini@ucop.edu> wrote:
>
>> Sure.  Let me know what time works for you.
>>
>> ---
>>
>> **From:** Robert Vincent Gonzales <rvgonza1@uci.edu>
>> **Sent:** Friday, January 5, 2024 1:23 AM
>> **To:** John Gherini <John.Gherini@ucop.edu>
>> **Subject:** Re: Robert Gonzales v. UCI
>>
>>
>> Will you still have time to discuss these points later today?
>>
>>
>> I probably will not be able to clarify everything for you after one more conference
>> without any prep time, but I think I can point you in the direction of the places

showing where the points below are a major stretch.

On Thu, Jan 4, 2024, 7:53 AM John Gherini <John.Gherini@ucop.edu> wrote:

Robert,

As we discussed the last time we had a phone conference, I told you that we were looking at the complaint and there were likely issues that we will need to raise regarding the pleadings before we can go forward in discovery, including whether federal court is the correct venue for this matter. We have now reviewed the complaint, and pursuant to Local Rule 7-3, we need to meet and confer with you regarding several issues. Please consider this our effort to meet and confer with the understanding we are happy to have a conversation with you about these issues today or tomorrow.

1. **RULE 12(B)(1)—LACKS SUBJECT MATTER JURISDICTION BECAUSE BARRED BY 11TH AMENDMENT**

The Eleventh Amendment prevents agencies of the state, like the University, from being sued in federal court. Federal courts lack jurisdiction over claims based on the complaint because agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.

A 12(b)(1) motion is an appropriate vehicle for dismissal when a plaintiff's claims are barred by Eleventh Amendment sovereign immunity. *Mueller v. U.S-Corp.* 2009 WL 273283 (C.D. Cal., Feb. 2, 2009, EDCV08-00918-DSFMAN); *see also Silvey v. City of Sparks*, 216 Fed.Appx. 686, 688 (9th Cir. 2007) (dismissal under 12(b)(1) is proper where defendant had sovereign immunity).

2. Rule 12(B)(1) – Lacks Subject Matter Jurisdiction Because of Failure to Exhaust Judicial Remedies

Although it is not clear from the language of the Complaint, at least some component of your claim is that you were denied re-entrance to the University following your suspension for assault due to the fact the University required you to sit for a threat assessment interview prior to being re-instated. To the extent you claim the requirement of a threat assessment interview was in appropriate or deprives you of your due process rights, that issue must first be challenged in state court through a writ of mandate proceeding prior to any action being filed in superior court. Because it appears most if not all of your claim pertains to this issue, it should be controlling. (*Doe v. Regents of the Univ. of Cal.,* 891 F.3d 1147 (9th Cir. 2018) (remand motion with instructions to grant University's motion to dismiss Section 1983 claim (among others) because suspended student did not challenge suspension through writ); *Edgren v. Regents of the Univ. of Cal.,* 158 Cal.App.3d

516 (1984) (demurrer against discharged University employee sustained because of failure to file writ).

### 3.   12(B)(6)—FAILURE TO STATE A CLAIM

#### A.  No Legally Cognizable Legal Theory

Your Complaint does not articulate a viable legal theory or cause of action. *Shroyer v. New Cingular Wireless Servs., Inc.,* 622 F.3d 1035, 1041 (9th Cir.2010) ("[D]ismissal for failure to state a claim is 'proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.' " (citation omitted)).

#### B.  Fails to Meet Plausibility Standard under Twombly

Under Rule 12(b)(6), a party may move to dismiss a claim for relief for its failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678; *Twombly,* 550 U.S. at 555. Motions to dismiss test complaints against a plausibility standard: i.e., whether the complaint contains sufficient factual matter, taken as true, to state a claim for relief that is plausible on its face.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). A court should not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

#### C.  Fails to Comply with Rule 8

Under Federal Rules of Civil Procedure, Rule 8, a plaintiff must plead a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of the claim and the grounds upon which it rests. (Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." (Id. at 555–56.) Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint that simply offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" will not do. (Id. at 678 )(internal citations, quotations, and alterations omitted).

4. Motion for a More Definite Statement; FRCP 12(e)

In the alternative, even if there is a basis to maintain this action in Federal Court, the Complaint is so vague that the University cannot meaningfully provide a

substantive response.

Please let me know if you would like to discuss, or simply respond via email.

**JOHN GHERINI**

**Principal Counsel, Core Litigation**

**UC Legal – Office of the General Counsel**

1111 Franklin Street, Oakland, CA 94607

---

**From:** Robert Vincent Gonzales <rvgonza1@uci.edu>
**Sent:** Thursday, December 28, 2023 6:46 PM
**To:** John Gherini <John.Gherini@ucop.edu>
**Subject:** Re: Robert Gonzales v. UCI

Here are the rest of the exhibits I filed last week. There are also several procedural documents along the way.

On Fri, Dec 22, 2023 at 2:08 PM Robert Vincent Gonzales <rvgonza1@uci.edu> wrote:

Here are the remaining documents. There are 39 total as of now. The 15 I filed last night have not yet been entered.

By the time I served the first waiver form after some complications, I also sent documents 1, 2, 6, 11, 12, 13, 14, 16, 19, 22, 23, and 24 from the docket. I did not send several documents, like those for registering with the court to use the CM/ECF system.

Some of the conformed copies merge a few of my individual filing documents. One example is that document 9 merges my B(1,2,7) exhibits and their declaration. Exhibits A(1-3, 5) and B(2) are merged in document 21 with my CV-127 declaring updates. Exhibit A(4) is merged with my CV-127 declaring exhibits A(4-5) in document 16. The filing system definitely made them harder to go through. I can send all of the exhibits documents separately if that would be helpful.

I also remembered the question I forgot today about the stipulation, which was answered on the docket report.

I will send the newest filings once they are entered on the docket.

Thanks.

On Fri, Dec 22, 2023 at 8:49 AM Robert Vincent Gonzales <rvgonza1@uci.edu> wrote:

> I will be ready.
>
> On Thu, Dec 21, 2023, 3:33 PM Robert Vincent Gonzales <rvgonza1@uci.edu> wrote:
>
>> 11 or noon again would be great.
>>
>> I'm not always great with my emails.
>>
>> Thank you.
>>
>> On Thu, Dec 21, 2023, 8:47 AM John Gherini <John.Gherini@ucop.edu> wrote:
>>
>>> Sure.  Friday morning can work.  Let me know what time works for you.
>>>
>>> ---
>>>
>>> **From:** Robert Vincent Gonzales <rvgonza1@uci.edu>
>>> **Sent:** Wednesday, December 20, 2023 6:18 PM
>>> **To:** John Gherini <John.Gherini@ucop.edu>
>>> **Subject:** Re: Robert Gonzales v. UCI
>>>
>>> Do you have anytime on Friday?
>>>
>>> I'm not sure how next week will work for me yet.
>>>
>>> On Wed, Dec 20, 2023, 2:36 PM John Gherini <John.Gherini@ucop.edu> wrote:
>>>
>>>> Robert,
>>>>
>>>> The purpose of this email is to clear up a couple things.
>>>>
>>>> First, I said it would be fine to schedule a discovery conference during which we could discuss what types of discovery and

information you would like the University to search for. However, I did not say it was appropriate to immediately proceed with discovery when the pleadings are still not resolved. It is also unclear to me what you mean when you indicate below that you submitted discovery requests, as I do not believe those were served on me.

Second, on the service of process issue, I think that matter is resolved. I can accept by email service, any documents that you would like to serve on the individual named defendants.

I would be happy to set up a time to speak with you next week. Please let me know if there is a date and time that works on your end.

John

---

**From:** Robert Vincent Gonzales <rvgonza1@uci.edu>
**Sent:** Tuesday, December 19, 2023 4:28 PM
**To:** John Gherini <John.Gherini@ucop.edu>
**Subject:** Re: Robert Gonzales v. UCI

Hi,

You seemed to indicate on Friday that I can start moving forward with discovery now that we've held an initial conference, so I've already submitted a proposal for a two phase discovery plan including initial requests for disclosure, as well as a request for the original 1/26/24 extension date and an extension for the final discovery plan.

As for the service process, you vaguely indicated that the procedure published on the website is misleading when I asked you directly on Friday. The document you sent does not indicate what other policy is the correct service procedure if the UCOP website has the wrong one posted. On the day before our conference, Judge Selna made an order acknowledging an extension to receive the signed CV-108 waiver back as moot. I'm not so sure it is the published service procedure that is misleading.

Would you be available this Friday or early next week to go over things more thoroughly and try to finalize a discovery plan? And have you had a chance to look over my request for a stipulation?

On Mon, Dec 18, 2023 at 3:03 PM John Gherini
<John.Gherini@ucop.edu> wrote:

Robert,

We can schedule a discovery meeting in late December.  For now, please consider the attached stipulation based on what we discussed.  If you agree, I can add you signature, or you can add it as well.

Let me know if you have any questions.

John

---

**From:** Robert Vincent Gonzales <rvgonza1@uci.edu>
**Sent:** Friday, December 15, 2023 2:22 PM
**To:** John Gherini <John.Gherini@ucop.edu>
**Subject:** Re: Robert Gonzales v. UCI

Hi John,

Is there any time in late December or any other time this month you could meet again to start putting together a discovery plan?

On Wed, Dec 13, 2023 at 3:25 PM Robert Vincent Gonzales
<rvgonza1@uci.edu> wrote:

Alright, I can extend the deadline.  Sorry if the time of day of my responses hasn't been helpful.

I have the understanding that the service process outlined on the UCOP website requires service be made on the UC headquarters because service on campus officials would not be "proper."  And I did name individuals, but in their official capacity.

If individuals in their official capacity are supposed to be served personally, and the document on the website is misleading or I am not understanding something else, I would appreciate that the university accepts the service on their behalf.

I also have the understanding that any entity generally accepts service on behalf of its officials without agreement, unless the entity is claiming that the acts by the individuals in question were not official duties for example. If I am misunderstanding these two main characteristics of the service, I would appreciate if you could show me what other policies relevant to the double-negative in the service process document I am missing.

Thank you.

On Wed, Dec 13, 2023 at 9:45 AM John Gherini <John.Gherini@ucop.edu> wrote:

> Robert,
>
> I just sent you a Zoom link for our call on Friday, which I scheduled for 12:00.
>
> In the interim, the University's deadline to respond to the complaint that you filed in Federal Court is coming up and I would prefer to spend our time trying to help you and understand your complaint, rather than litigating. I also understand you would like to add individual UC employees to the complaint. I can help you with service on those individuals. But again, I would prefer to not spend our time in Court, before we can determine whether there is some other option to resolve this.
>
> Would you agree to extend the University's deadline to respond to the Complaint to January 26, 2024 in exchange for the University agreeing to accept service on behalf of the individual defendants you would like to add to the case?
>
> Thanks
>
> John
>
> **JOHN GHERINI**
>
> **Principal Counsel, Core Litigation**
>
> **UC Legal – Office of the General Counsel**
>
> 1111 Franklin Street, Oakland, CA 94607

**From:** John Gherini
**Sent:** Tuesday, December 12, 2023 3:02 PM
**To:** Robert Vincent Gonzales <rvgonza1@uci.edu>
**Subject:** RE: Robert Gonzales v. UCI

Yes.  Thank you.  I will send you a Zoom link for the call.

John

**From:** Robert Vincent Gonzales <rvgonza1@uci.edu>
**Sent:** Tuesday, December 12, 2023 2:48 PM
**To:** John Gherini <John.Gherini@ucop.edu>
**Subject:** Re: Robert Gonzales v. UCI

Sorry, I did not see the first email.

Friday afternoon, between 11-2 would be best for me.  Does that work for you?

Thank you.

On Tue, Dec 12, 2023 at 10:26 AM John Gherini <John.Gherini@ucop.edu> wrote:

> Robert,
>
> I received a phone message from you regarding this matter.  Thank you for reaching out.  Your message did not indicate a time when you might be available for a call.  Can you please let me know when you would like to speak.  I work remotely, so a call to my office number will never be answered. The easiest way to get in touch with me is through email or a scheduled call.
>
> Can you respond to this email and let me know when you might be available.
>
> Thanks
>
> John

**From:** John Gherini
**Sent:** Monday, December 4, 2023 10:54 AM
**To:** rvgonza1@uci.edu
**Subject:** Robert Gonzales v. UCI

Robert,

I am an attorney for the University in the Office of the General Counsel. I get assigned to help the campuses with their litigation needs, and UCI asked that I assist them with a lawsuit that you filed against the University. I am reaching out to you in connection with that lawsuit to ask if you would be willing to speak to me about the lawsuit and your claims.

Please let me know if you have any time for a Zoom conversation today or tomorrow.

JOHN GHERINI

**Principal Counsel, Core Litigation**

**UC Legal – Office of the General Counsel**

1111 Franklin Street, Oakland, CA 94607

--

**Bobby Gonzales**

Criminology, Law & Society B.A.

University of California, Irvine

Natural Rights Foundation, C.E.O.

--

**Bobby Gonzales**

Criminology, Law & Society B.A.

University of California, Irvine

Natural Rights Foundation, C.E.O.

--

## Bobby Gonzales

Criminology, Law & Society B.A.

University of California, Irvine

Natural Rights Foundation, C.E.O.

--

## Bobby Gonzales

Criminology, Law & Society B.A.

University of California, Irvine

Natural Rights Foundation, C.E.O.

--

## Bobby Gonzales

Criminology, Law & Society B.A.

University of California, Irvine

Natural Rights Foundation, C.E.O.

--

## Bobby Gonzales

Criminology, Law & Society B.A.

University of California, Irvine

Natural Rights Foundation, C.E.O.

--

**Bobby Gonzales**

Criminology, Law & Society B.A.

University of California, Irvine

Natural Rights Foundation, C.E.O.


--

**Bobby Gonzales**

Criminology, Law & Society B.A.

University of California, Irvine

Natural Rights Foundation, C.E.O.


--

**Bobby Gonzales**

Criminology, Law & Society B.A.

University of California, Irvine

Natural Rights Foundation, C.E.O.


--

**Bobby Gonzales**

Criminology, Law & Society B.A.

University of California, Irvine

Natural Rights Foundation, C.E.O.


--

**Bobby Gonzales**

Criminology, Law & Society B.A.

University of California, Irvine

Natural Rights Foundation, C.E.O.

--

## Bobby Gonzales

Criminology, Law & Society B.A.

University of California, Irvine

Natural Rights Foundation, C.E.O.

--

## Bobby Gonzales

Criminology, Law & Society B.A.

University of California, Irvine

Natural Rights Foundation, C.E.O.

--

## Bobby Gonzales

Criminology, Law & Society B.A.

University of California, Irvine

Natural Rights Foundation, C.E.O.

--

## Bobby Gonzales

Criminology, Law & Society B.A.

University of California, Irvine

Natural Rights Foundation, C.E.O.

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                                      Thu, Feb 22, 2024 at 8:18 PM
To: John Gherini <John.Gherini@ucop.edu>

Alright.  I'm pretty available for whenever you are next week.  I'm not sure an hour will really do though.  We've had three half-hour windows to go over my pleadings and you've seemed to determine that documented events didn't even happen. There are many issues in your response to go over.

[Quoted text hidden]



Robert Vincent Gonzales <rvgonza1@uci.edu>

---

# Rule 26 Joint Report (4853-9932-7127.3)"
7 messages

---

**John Gherini** <John.Gherini@ucop.edu>
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Wed, Feb 28, 2024 at 12:48 PM

Robert,


Please find attached a Joint Report that the Court ordered us to prepare and file on Monday.  These are the issues that we are supposed to meet and confer about.  As you can see from the report, I have included areas where you can input your position, to the extent it differs from the University's.


I also have attached the Court's Order, which directs us to file this.


I have also attached Exhibit A to the Court's Order, which I partially filled out, and which the Court has ordered us both to fill out.  So you need to put your projected dates in there, to the extent they differ from mine.


Please let me know if you have any time tomorrow to discuss these issues.  I will set aside one hour to discuss these matter with you.


**JOHN GHERINI**

**Principal Counsel, Core Litigation**

**UC Legal – Office of the General Counsel**

1111 Franklin Street, Oakland, CA 94607


---

**3 attachments**



📄 **Rule 26 Joint Report (4853-9932-7127.3).docx**
44K

📄 **Exhibit A to Rule 26f Report.pdf**
444K

📄 **Rule 26 Scheduling Order.pdf**
39K

---

**John Gherini** <John.Gherini@ucop.edu>
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Thu, Feb 29, 2024 at 11:22 AM

Robert,

5/20/24, 1:38 PM                    University of California Mail - Document 130    Filed 02/19/25    (4853-9932-7127.3)    Page 98 of 129    Page
Case 8:23-cv-01788-JVS-KES    Document 130    Filed 02/19/25    Page 98 of 129    Page
ID #:2034

Do you have time to talk today?  I have little time available tomorrow.


John

[Quoted text hidden]

---

**John Gherini** <John.Gherini@ucop.edu>                                    Mon, Mar 4, 2024 at 8:55 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Robert,


As I indicated to you last week, this joint report needs to be filed today.


Please let me know if you can discuss this.


Otherwise, I will file a version of this report that states the University's position and indicates you were not able to meet and confer or input your position.


Alternatively, you can insert your position and send me your updated version of the report by 3 PM today.  If I do not receive it by 3, I will file my version.


Let me know how you would like to proceed.


John




---

**From:** John Gherini
**Sent:** Wednesday, February 28, 2024 12:49 PM
**To:** Robert Vincent Gonzales <rvgonza1@uci.edu>
**Subject:** Rule 26 Joint Report (4853-9932-7127.3)"


Robert,

[Quoted text hidden]

---

**3 attachments**

📄 **Rule 26 Joint Report (4853-9932-7127.3).docx**
44K

📄 **Exhibit A to Rule 26f Report.pdf**
444K

📄 **Rule 26 Scheduling Order.pdf**
39K

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>       Mon, Mar 4, 2024 at 12:35 PM
To: John Gherini <John.Gherini@ucop.edu>

Hey!  I have been busy with the snow.  I have not even really given any thought to what you sent.  Were you busy shoveling 8 tons of snow for the last few weeks when you weren't replying?  What's today: are you asking to stipulate the wrong date again?  Did you plan to start a new email chain, like I've noticed is one the university's best strategies for attempting to destroy evidence?  **What would you think of your proposed dates if you were me?**

Have you ever lived in a state of constant anticipation of the unknown for more than three years?  It is very tiresome and desensitizing, you should try such a mental state sometime for yourself instead of asking to impose it in others.  It's troubling that I am nevertheless being required not to keep audio recordings even though so many things have already happened throughout the process that have already shown to impact the final outcomes without that evidence.  Not being able to move forward with the processes did not originally start this way.  **Would you or any reasonable person 'spread your cheeks' like this like you are asking me to do?!**

Attempting to rewrite your own narrative about the observable, like with today's date, belongs in the 12th century.  **Instead** of acknowledging these farting noises as answers, **I should be spending my time** trying to figure out how to help stop an **imminent domain** plan which voters in my hometown have voted down from taking place, from destroying one of the last **affordable** neighborhoods, from generating **millions of dollars** of costs with the worst appearances, and from creating up to 1000 **life emergencies**.  Is your strategy an extension of university harassment, or of a well-established pattern of like events intended to distract me from these very types of white collar crime incidents?  Did you plan the timing of your response around the snow, in collaboration with HAARP?!  Your attempts to tire me out and project an attitude that I am the one who is not credible to start with, in the way you have, are absurdly defective and cartoonish: **it is categorical weakness!**

[Quoted text hidden]

--
**Bobby Gonzales**
Criminology, Law & Society B.A.
University of California, Irvine
Natural Rights Foundation, C.E.O.

---

📄 **65- 2-15.pdf**
438K

---

**John Gherini** <John.Gherini@ucop.edu>       Mon, Mar 4, 2024 at 1:08 PM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Robert,


I do not know how to respond to this.


We need to file the Joint Report today.  I can make time to discuss this with you if you want.  I am available now until 3.


Otherwise, I can include in the report a request to continue the status conference to allow you additional time to consider the report. This is what I can include, but I can add whatever you would like:


**Meet and Confer Efforts**:  The Parties have discussed the case several times, up to and including the week of February 20.  In order to facilitate a joint report, counsel for Defendants prepared this draft report.  Plaintiff indicated he had availability to discuss the matter February 26 - March 1.  Counsel for Defendants sent this draft to Plaintiff on February 28, 2024.

5/20/24, 10:31 AM                    University of California Mail - Gonzales v. Regents Draft Report (4:23-cv-21100...

Case 8:23-cv-01788-JVS-KES    Document 130    Filed 02/19/25    Page 100 of 129    Page ID #:2036

On March 4, 2024, Plaintiff sent an email to counsel for Defendants indicating he has been dealing with the storm and resulting snow in the Tahoe area, where he resides, and had not been able to review the draft report.


Defendants do not object to a continuance of the hearing to allow Plaintiff time to respond to the Draft Report.


Let me know if you would like to discuss.


John

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                                      Mon, Mar 4, 2024 at 11:39 PM
To: John Gherini <John.Gherini@ucop.edu>

You don't know how to respond?  You can stop making peripheral attempts to conflate the whole with individual parts as a means to claim you don't understand.  Is it normal to omit parts of a discussion or obvious contexts and have a serious conversation?  Is this how you talk to your wife?  Your parents?

Are these simple conversational dynamics really considered among the best professional legal strategies?  Is this how anyone talks to anyone?  Well yes, these are common conversational patterns of criminals actually.

Almost everything in my last email was oriented towards your activities, statements, and behaviors, not someone else's. Nothing I said should be unfamiliar to you at all.  I'm also interested to know what you think happened on the week of Feb 20.  Are you planning to argue that we conferred when you thought it was funny to finally respond that you will meet and then COINCIDENTALLY forget?

Do you have any remorse?

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                                      Wed, Mar 6, 2024 at 4:47 PM
To: John Gherini <John.Gherini@ucop.edu>

Hey, I didn't directly ask again to hold the conference that we've been trying to hold, but I think my stressful replies kind of indicate that yes I would like to discuss the planning and scheduling.

[Quoted text hidden]



## Gonzalez v. UC - Next Steps

3 messages

---

**John Gherini** <John.Gherini@ucop.edu>                    Thu, Mar 7, 2024 at 3:20 PM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Robert,

Based on various rulings from the Court, here is my position on where things stand.  The Court has dismissed your case for the reasons set forth in the attached order, which is Docket No. 67.  In that order, for the reasons stated, the Court has allowed you twenty days to file a pleading the corrects the noted deficiencies.  In addition, I note there are no causes of action against the individual defendants that you have indicated you want added as defendants, which is also something I will point out for the court if not corrected.  IF you file an amended complaint, the defendants will then have another chance to file a Motion to Dismiss.

In addition, the Court continued the status conference, which was scheduled for Monday.  The new date is April 15.  By April 8, we are ordered to submit a Joint statement, like the one I provided already.  My suggestion is that you fill in that statement and answer the questions stated if you would like to present something other than what I presented.  Then we can discuss those changes before filing the joint report.

Let me know if you think this should be handled differently,

John

---

📄 **Order on Motion to Dismiss.pdf**
453K

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Mon, Mar 25, 2024 at 1:42 AM
To: John Gherini <John.Gherini@ucop.edu>

Hi.  Sorry for not getting back to you.  After six months of spinnibg my wheels in a state of clear duress, I needed a short break.

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Tue, Mar 26, 2024 at 2:24 PM
To: John Gherini <John.Gherini@ucop.edu>

Thank you for pointing out that I should name more defendants.  I will be more willing to hear out your legal advice, but know that my quickness to suspicion overall is very well founded.

In Docs. 65 & 68, I suggested that we spend enough time to thoroughly go over the pleadings to attempt to remove any **REASONABLE DOUBT** over these complex events that have unquestionably given me so much trouble over at least the last four years.

I suggested that we hold 4 well-organized, hour-long conferences over three weeks.  I don't know how you feel about that, but I will send you all 5 additional documents that need to be served when there are conformed copies.

I really hope we can change the direction of how this has been going.

Thank you.

[Quoted text hidden]

--

**Bobby Gonzales**
Criminology, Law & Society B.A.
University of California, Irvine
Natural Rights Foundation, C.E.O.



Robert Vincent Gonzales <rvgonza1@uci.edu>

---

# John Gherini sent you "Rule 26 Joint Report (4853-9932-7127.3)"
4 messages

---

**John Gherini** <John.Gherini@ucop.edu>                      Thu, Apr 4, 2024 at 10:41 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Robert,

This is another version of the draft report that I previously sent you.  As I previously stated, the Court has ordered us to file this draft report.  The due date is Monday.  As I previously indicated, I have inserted spots in the report where you can insert your position on the case.  You do not need to accept what I say, rather you can insert whatever your position is. However, if you attempt to modify what I have said, please be sure to indicate that in redline, so I can see it.

This is not an attempt to put words in your mouth.  I get to state my position, and you can state yours.  You can also add your position to any of the things I have indicated in the report.

You also need to do the same thing with the scheduling exhibit I previously sent.  I can send that again if you need it.

**JOHN GHERINI**

**Principal Counsel, Core Litigation**

**UC Legal – Office of the General Counsel**

1111 Franklin Street, Oakland, CA 94607

---

 **Rule 26 Joint Report (4853-9932-7127.3).docx**
44K

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                      Fri, Apr 12, 2024 at 1:18 AM
To: John Gherini <John.Gherini@ucop.edu>

Here are documents.

Would you sign on to approve of my version of the 26(f) report with the exception of your updates, filed "jointly" as they have been?

[Quoted text hidden]
--
## Bobby Gonzales
Criminology, Law & Society B.A.
University of California, Irvine
Natural Rights Foundation, C.E.O.

---

**15 attachments**

 **71.pdf**
40K

 **72.pdf**
178K

 **70 (3-25).pdf**
350K

 **67- Order on Motion to Dismiss.pdf**
453K

 **68.pdf**
817K

 **73.pdf**
814K

 **74.pdf**
875K

 **75.pdf**
45K

 **76.pdf**
149K

 **77.pdf**
973K

 **79.pdf**
88K

 **81.pdf**
137K

 **80.pdf**
309K

 **78.pdf**
519K

 **82.pdf**
155K

---

**John Gherini** <John.Gherini@ucop.edu>                    Fri, Apr 12, 2024 at 9:07 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Robert,


You need to send me the word version of Document 77, which is your draft of the Rule 26 report.  I need to update my parts of the report.  If you cannot send me a word version, let me know and I can try to add my changes.


Alternatively, you could take my updates that I provided in Doc 78 and incorporate those.


In order for there to be a Joint Report, we both need to be able to make changes.


Thanks

John

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>          Fri, Apr 12, 2024 at 11:38 AM
To: John Gherini <John.Gherini@ucop.edu>

[Quoted text hidden]

---

 **Rule 26 Joint Report (4853-9932-7127.3).docx**
61K



Robert Vincent Gonzales <rvgonza1@uci.edu>

---

## Rule 26 Joint Report (4853-9932-7127.3).docx
8 messages

---

**John Gherini** <John.Gherini@ucop.edu>                                    Mon, Apr 15, 2024 at 10:31 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Robert,

Please find attached my changes to the Joint Rule 26 Report.

John

---

📄 **Rule 26 Joint Report (4853-9932-7127.3).docx**
66K

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                              Mon, Apr 15, 2024 at 1:27 PM
To: John Gherini <John.Gherini@ucop.edu>

Alright.  Would you like to start holding organized conferences soon to go over the pleadings somewhat like a presentation?
[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                              Mon, Apr 15, 2024 at 2:51 PM
To: John Gherini <John.Gherini@ucop.edu>

Just looked this over to make sure.

Will you please sign it?
[Quoted text hidden]
--

## Bobby Gonzales
Criminology, Law & Society B.A.
University of California, Irvine
Natural Rights Foundation, C.E.O.

---

 **Rule 26 Joint Report (4853-9932-7127.3).pdf**
198K

---

**John Gherini** <John.Gherini@ucop.edu>                                    Tue, Apr 16, 2024 at 8:08 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Robert,

You can just accept the tracked changes. You do not need to keep them in the document. Then you can include a "/s/" for my signature, or include a signature line for me.


John

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                        Thu, Apr 18, 2024 at 3:41 PM
To: John Gherini <John.Gherini@ucop.edu>

Will you schedule an hour or more to confer next week?

[Quoted text hidden]

---

**John Gherini** <John.Gherini@ucop.edu>                             Fri, Apr 19, 2024 at 11:06 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Robert,


Because you have represented to the Court that you were recording our conversations without my consent, any meet and confer obligations that we have need to be by email only.


If there is something you would like to discuss, you may send me an email that lays out your position. I will respond in kind with the position of the University.


Thanks

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                       Wed, Apr 24, 2024 at 9:44 AM
To: John Gherini <John.Gherini@ucop.edu>

We can discuss the severe disconnects with my pleadings and your understanding of them.

We could also discuss my cause for recording you, which was directly mentioned in a much earlier document than the one you mentioned, but you must not have noticed.

Will you please sign the joint report like normal!

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                       Wed, Apr 24, 2024 at 9:50 AM
To: John Gherini <John.Gherini@ucop.edu>

[Quoted text hidden]

---

📄 **Rule 26 Joint Report (4853-9932-7127.3).docx**
   67K

2/12/25, 1:48 AM    University of California, Irvine Mail - Rule 26 Joint Report (4853-9932-7127.3) (002).docx



Robert Vincent Gonzales <rvgonza1@uci.edu>

---

## Rule 26 Joint Report (4853-9932-7127.3) (002).docx
30 messages

---

**John Gherini** <John.Gherini@ucop.edu>                    Thu, Apr 25, 2024 at 9:12 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Robert,


Please find attached the correct version to file.   I have accepted the tracked changes that I put in previously.  I also left the change that you added to the settlement posture section.


So this version can be filed.  However, you need to include the "Exhibit A" document that lists our suggested case deadlines.  Let me know if you need a copy of that.


Finally, if you are interested in sitting for a threat assessment interview with Dr. Tau during which you agree not to record the interview, please let me know and I can help you get that set up.


John


---

 **Rule 26 Joint Report (4853-9932-7127.3) (002).docx**
66K

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>              Thu, Apr 25, 2024 at 10:00 PM
To: John Gherini <John.Gherini@ucop.edu>

Will you please send it?  Why didn't you?

[Quoted text hidden]

--
## Bobby Gonzales
Criminology, Law & Society B.A.
University of California, Irvine
Natural Rights Foundation, C.E.O.

---

**John Gherini** <John.Gherini@ucop.edu>                    Fri, Apr 26, 2024 at 7:30 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

I don't have the version that you filled in from before.  But attached is the one I previously sent.

[Quoted text hidden]

---

  📄 **Exhibit A to Rule 26f Report.pdf**
    444K

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                         Fri, Apr 26, 2024 at 8:30 AM
To: John Gherini <John.Gherini@ucop.edu>

Thank you for sending a version with limited editing capabilities.

[Quoted text hidden]

  📄 **Exhibit A to Rule 26f Report.pdf**
    375K

---

**John Gherini** <John.Gherini@ucop.edu>                              Fri, Apr 26, 2024 at 9:28 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Robert,


Please confirm you will be filing the report and the exhibit before 12 today.



John


[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                        Fri, Apr 26, 2024 at 9:55 AM
To: John Gherini <John.Gherini@ucop.edu>

Done.  I do not have $600 to spend on your cruel jokes.

If it were not for those cruel jokes, I could have completed a remote hearing last week.  I will be expecting that money immediately.

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                        Mon, May 6, 2024 at 10:53 PM
To: John Gherini <John.Gherini@ucop.edu>

Hi.

The nuances in your responses to my pleadings to eventually go through are immense.

As we discussed a little about **Doc. #89**, I misunderstood the difference between "preliminary" injunctions and "ex parte" injunctions.

Now that I have a better understanding, my proposed orders are still not requesting any action by the court before the conclusion of trial.  I understand how my use of the word "expedited" may purport that idea.  I intended for that word to basically mean that the university has forfeited the normal processes that would be necessary for me to return to the university, but after trial, and that is only if I could return after the conclusion of that individual line of inquiry in my case.

What is funny is that while I am not asking for a preliminary injunction, my case does in fact consist of irreparable injury, and maybe an attorney acting on my behalf would ask for a preliminary injunction given the situation I am in.  I obviously did not know of this option until now.

Back to that irreparable injury we briefly discussed.  No, I cannot just return to the university if I decided to move forward with already-defective university processes without legal protection, which no reasonable person should be asked to do.  The consequences in my life of a very not-so black-and-white suspension that you still need the details about have **destroyed my qualifications for financial aid, coincidentally**.  I practically had a full ride scholarship.  While my

pleadings are not totally clear, the topic of "irreparable injury" is absolutely already highlighted as a central **"theory"** in my pleadings.  You evidently missed a lot in my pleadings, which will mean a lot to the degree you demonstrated.

While it is my duty to lead the meet and confer efforts, I'm not so sure they can be framed in terms of me emailing you with "my questions."  As you have proclaimed to the court, you do not understand my pleadings to an extreme degree, so you are evidently the one with the questions.  I can ask you more about what you do not understand.  **So I guess we should start with this topic of irreparable injury**.  Next, we can discuss the meaning of the word person in the court's enabling statute.  Then, we could talk about whether I was afforded procedural due process, and to what extent the university's procedural due process can deny life, liberty, and property.  And then in a more orderly fashion.  There is certainly a lot to talk about.

Do you understand the content of my message above in the context of what we discussed after the scheduling hearing in SoCal?

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Tue, May 7, 2024 at 11:57 PM
To: John Gherini <John.Gherini@ucop.edu>

Hey.  Are you ready to meet and confer over email?

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Thu, May 9, 2024 at 1:27 AM
To: John Gherini <John.Gherini@ucop.edu>

Hey. Are you ready to meet and confer over email?

[Quoted text hidden]

---

**John Gherini** <John.Gherini@ucop.edu>                    Thu, May 9, 2024 at 11:34 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Robert,


The Federal Court has now dismissed your case.  Please read the attached order and let me know if you have any questions.  As a result, there is no longer a meet and confer obligation.


I cannot stress to you enough that pursuing your complaints through the legal process is not efficient nor effective.  I understand you feel mistreated and that has had an impact on your life, but spending time to try to get a court to understand your claim is not productive.


As I have indicated to you previously, there is a path forward that does not include litigation.  The campus is willing to arrange for a threat assessment meeting, so long as it is not recorded by you.  I have also asked the campus to look into your financial aide situation to determine whether you can re-apply if indeed the threat assessment interview is passed.  I have also asked the campus to inquire as to whether there are other resources you can be referred to if you do not pass the interview process.


I will be back in touch if I get additional information or if you let me know you would like to pursue this latter approach.


Sincerely,

JOHN GHERINI

**Principal Counsel, Core Litigation**

**UC Legal – Office of the General Counsel**

1111 Franklin Street, Oakland, CA 94607

[Quoted text hidden]

---

📄 **Order on Motion to Dismiss First Amended Complaint.pdf**
351K

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                Fri, May 10, 2024 at 6:25 AM
To: John Gherini <John.Gherini@ucop.edu>

That is not what it says.

Are you ready to meet and confer over email?

[Quoted text hidden]

---

**John Gherini** <John.Gherini@ucop.edu>                Mon, May 13, 2024 at 9:09 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Robert,


If you do not believe the Court's order has dismissed your case, please let me know what you believe next steps are.


The Court has now reviewed your case twice, and dismissed your case twice on the grounds that you have not set forth a viable claim.  If you would like to meet and confer further on the validity of your claims, I suggest you set forth the basis for your claim that you were denied procedural due process.  There is no reason to discuss injury or harm if you cannot establish that due process principles were violated.  Preventing you from recording conversations where the parties do not consent to the recording does not violate due process.


John

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                Wed, May 15, 2024 at 1:46 AM
To: John Gherini <John.Gherini@ucop.edu>

A few cases involving video and audio recordings without consent have already been decided in US courts.  One even covers topics of exhaustion in State courts very specifically.

And the due process questions are not the only line of inquiry.  I have set it all forth, maybe just still needs better organization.

Do you know how many policies the university broke?  I think we should meet and confer about it.

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                Thu, May 16, 2024 at 9:30 PM
To: John Gherini <John.Gherini@ucop.edu>

Hey.  I'm completing a new reversal motion with corrections with all of the "precise guideline" citations and in-depth context in the same document.

When would you like to meet and confer?

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Mon, May 20, 2024 at 4:56 AM
To: John Gherini <John.Gherini@ucop.edu>

Hi,

I've been working on the most recent case documents lately, and I just remembered that you still need to sign the rule 26(f) joint report.

Will you be ready to meet and confer about it so you can sign it?

[Quoted text hidden]

 **Rule 26 Joint Report (4853-9932-7127.3).pdf**
225K

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Mon, May 20, 2024 at 4:31 PM
To: John Gherini <John.Gherini@ucop.edu>

When do you have time to discuss my new motions?

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Mon, May 20, 2024 at 11:46 PM
To: John Gherini <John.Gherini@ucop.edu>

I'm sorry if the facts of my case involving irreparable injuries to my life and procedural due process are as extreme as they sound.

Can we please start moving forward?

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Sun, May 26, 2024 at 11:21 PM
To: John Gherini <John.Gherini@ucop.edu>

Here are some more documents.

Are you ready to start discussing the topic of irreparable injury, or any other area of my pleadings or next step?

[Quoted text hidden]

**3 attachments**

 **97(1)- Irreparable Order (5-21).pdf**
212K

 **97- Irreparable TRO (5-21).pdf**
887K

 **5-21.pdf**
3823K

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Thu, May 30, 2024 at 2:48 AM
To: John Gherini <John.Gherini@ucop.edu>

Hi Mr. Gherini, are you ready to meet and confer?

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Sat, Jun 8, 2024 at 5:14 PM

Hey, when can we start "meeting and conferring" to schedule a settlement conference and go over more disclosures?  To release some pressure from my mind??

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                                   Tue, Jun 18, 2024 at 8:02 PM
To: John Gherini <John.Gherini@ucop.edu>

Hi, when can we start "meeting and conferring" to schedule a settlement conference and go over more disclosures?

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                                   Fri, Jun 21, 2024 at 11:11 AM
To: John Gherini <John.Gherini@ucop.edu>

 CV-66+ (6-20).pdf

[Quoted text hidden]

---

**3 attachments**

 **97(1)- Irreparable Order (5-21).pdf**
212K

 **97- Irreparable TRO (5-21).pdf**
887K

 **96.pdf**
3823K

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                                   Sun, Jun 30, 2024 at 6:22 PM
To: John Gherini <John.Gherini@ucop.edu>

Hey.  I'm going to appeal things past the deadline.  Do you object?

[Quoted text hidden]

---

**John Gherini** <John.Gherini@ucop.edu>                                   Mon, Jul 1, 2024 at 9:16 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Robert,


The University does object and does not agree you can appeal decisions of the district court past the deadline.  As I have stated before, I urge you to consider another path other than through litigation.


John

---

**From:** Robert Vincent Gonzales <rvgonza1@uci.edu>
**Sent:** Sunday, June 30, 2024 6:23 PM
**To:** John Gherini <John.Gherini@ucop.edu>
**Subject:** Re: Rule 26 Joint Report (4853-9932-7127.3) (002).docx

Hey.  I'm going to appeal things past the deadline.  Do you object?

On Fri, Jun 21, 2024 at 11:11 AM Robert Vincent Gonzales <rvgonza1@uci.edu> wrote:

[Quoted text hidden]

[Quoted text hidden]                  CV-66+ (6-20).pdf**Error! Filename not specified.**

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                                    Mon, Jul 1, 2024 at 7:20 PM
To: John Gherini <John.Gherini@ucop.edu>

Woah, you can talk!

Well if the court has a form for appealing a decision past a deadline, and the university rules that it is impossible, may I ask if that opinion is a modus operandi?

[Quoted text hidden]

**2 attachments**

**~WRD0000.jpg**
1K

**~WRD0000.jpg**
1K

---

**John Gherini** <John.Gherini@ucop.edu>                                          Tue, Jul 2, 2024 at 9:00 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Correct.

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                                    Fri, Jul 12, 2024 at 12:02 AM
To: John Gherini <John.Gherini@ucop.edu>

[Quoted text hidden]

**4 attachments**

📄 **99.pdf**
187K

📄 **101.pdf**
191K

📄 **102.pdf**
122K

📄 **100.pdf**
2043K

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                                                    Tue, Jul 16, 2024 at 12:18 PM
To: John Gherini <John.Gherini@ucop.edu>

Wanna chase after my psychology homework on precognitive dreaming?

Better go tell someone I have to do to your life what has developed in mine as of recently 💀
[Quoted text hidden]

---

**John Gherini** <John.Gherini@ucop.edu>                                                          Tue, Jul 23, 2024 at 10:37 AM
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Robert,


This email is in response to your email to me on Tuesday, July 16 and your recent filings with the Federal
District Court and the Ninth Circuit Court of Appeals.


First, it is important for you to understand that threats of harm to an individual, communicated through email,
are prohibited by law, and could constitute criminal acts that allow police agencies to respond accordingly.  I
have forwarded your email to me to University Security Services for review.


Second, because you have filed a Notice of Appeal of your case, and because I do not handle Federal
appeals, I am no longer your point of contact for any disputes that you believe you have with the University.
The University is in the process of appointing new counsel that will be your point of contact going forward.
Therefore, please do not send me any further communications.


I will forward you the name of counsel for the University, and single point of contact, going forward shortly.

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                                                    Wed, Jul 24, 2024 at 11:59 AM
To: John Gherini <John.Gherini@ucop.edu>

Good.

It is an equal protections issue.

And you are a defendant.
[Quoted text hidden]

 Gmail

**bobby gonzales <bgfarcenter@gmail.com>**

---

# CA 9th Circuit 24-4151
4 messages

---

**bobby gonzales** <bgfarcenter@gmail.com>                    Sun, Aug 25, 2024 at 11:13 PM
To: "rcardozo@reedsmith.com" <rcardozo@reedsmith.com>

Hey!  Meet me at the Reno Rib Cookoff!

 https://www.nuggetribcookoff.com/

---

📄 **Complaint.pdf**
2072K

---

**bobby gonzales** <bgfarcenter@gmail.com>                    Fri, Oct 25, 2024 at 4:14 AM
To: "rcardozo@reedsmith.com" <rcardozo@reedsmith.com>

Are you still there!
[Quoted text hidden]

---

**bobby gonzales** <bgfarcenter@gmail.com>                    Wed, Oct 30, 2024 at 12:03 PM
To: "rcardozo@reedsmith.com" <rcardozo@reedsmith.com>

[Quoted text hidden]

**7 attachments**

 📄 **117.pdf**
623K

 📄 **118.pdf**
261K

 📄 **85- TRO Records (4-15).pdf**
443K

 📄 **84- TRO Evidence (4-15).pdf**
443K

 📄 **86- Proposed Order (4-15).pdf**
312K

 📄 **97(1)- Irreparable Order (5-21).pdf**
212K

 📄 **97- Irreparable TRO (5-21).pdf**
887K

---

**bobby gonzales** <bgfarcenter@gmail.com>                    Thu, Dec 5, 2024 at 12:51 PM
To: "rcardozo@reedsmith.com" <rcardozo@reedsmith.com>

Will we ever begin discussing the scheduling of a settlement conference before July 1st of next year??
[Quoted text hidden]

---

 Gmail

**bobby gonzales <bgfarcenter@gmail.com>**

---

## CA 9th 24-4151 Regents
7 messages

---

**bobby gonzales** <bgfarcenter@gmail.com>                                           Wed, Sep 11, 2024 at 10:01 PM
To: cfierro@reedsmith.com

Hi Mrs. Fierro,

I am emailing you to ask if you would like to meet and confer at all before next week.

The purpose would be to go over any questions you may have.

I am asking for due diligence in good faith due to how severely the matters of my case have been oversimplified, omitted, and distorted in the past.

Thanks again.

---

**bobby gonzales** <bgfarcenter@gmail.com>                                           Tue, Oct 1, 2024 at 3:42 PM
To: cfierro@reedsmith.com

Hi.

Is there any part of the district court transcript that you would like to include in the appeal documents?
[Quoted text hidden]

---

**bobby gonzales** <bgfarcenter@gmail.com>                                           Tue, Oct 1, 2024 at 11:10 PM
To: cfierro@reedsmith.com

How about filling out a Mediation Questionnaire?

According to FRAP 3-4(a), we should have 7 days after July 5th, but I guess that would have been impossible if the University was seeking outside counsel at that time and Mr. Gherini was still avoiding me.
[Quoted text hidden]

 **form007.pdf**
640K

---

**bobby gonzales** <bgfarcenter@gmail.com>                                           Wed, Oct 2, 2024 at 8:20 PM
To: cfierro@reedsmith.com

Would you like to stipulate anything?
[Quoted text hidden]

---

**bobby gonzales** <bgfarcenter@gmail.com>                                           Fri, Oct 25, 2024 at 3:58 AM
To: cfierro@reedsmith.com

Hi, are you still there?
[Quoted text hidden]

---

**bobby gonzales** <bgfarcenter@gmail.com>                                           Wed, Oct 30, 2024 at 12:04 PM
To: cfierro@reedsmith.com

[Quoted text hidden]

---

**7 attachments**

**117.pdf**
623K

**118.pdf**
261K

**86- Proposed Order (4-15).pdf**
312K

**84- TRO Evidence (4-15).pdf**
443K

**85- TRO Records (4-15).pdf**
443K

**97(1)- Irreparable Order (5-21).pdf**
212K

**97- Irreparable TRO (5-21).pdf**
887K

---

**bobby gonzales** <bgfarcenter@gmail.com>                    Thu, Dec 5, 2024 at 12:50 PM
To: cfierro@reedsmith.com

Will we ever begin discussing the scheduling of the settlement conference before July 1st of next year??
[Quoted text hidden]

 Gmail

bobby gonzales <bgfarcenter@gmail.com>

---

## Voicemail
14 messages

---

**bobby gonzales** <bgfarcenter@gmail.com>                                    Mon, Dec 11, 2023 at 4:39 PM
To: john.gherini@ucop.edu

Hi, this is Bobby Gonzales.

I left a voicemail today to ask when you will be available to hold a discovery conference.

Here is an email just in case you prefer communicating by email.

---

**bobby gonzales** <bgfarcenter@gmail.com>                                    Wed, Jan 15, 2025 at 9:53 AM
To: john.gherini@ucop.edu

Hi,

Are you ready to start discussing moving forward so I can have enough focus to get back to living some kind of normal life?
[Quoted text hidden]

---

**bobby gonzales** <bgfarcenter@gmail.com>                                    Thu, Jan 16, 2025 at 11:06 AM
To: john.gherini@ucop.edu

Hey, are you ready to start discussing moving forward so I can focus enough to function enough in everyday life again?
[Quoted text hidden]

---

**bobby gonzales** <bgfarcenter@gmail.com>                                    Fri, Jan 17, 2025 at 4:24 PM
To: john.gherini@ucop.edu

Hey, are you ready to start discussing moving forward so I can focus enough to function enough in everyday life again?

[Quoted text hidden]

---

**bobby gonzales** <bgfarcenter@gmail.com>                                    Wed, Jan 22, 2025 at 11:23 PM
To: john.gherini@ucop.edu

Are you ready to start discussing moving forward so I can focus enough to function enough in everyday life again?

On Mon, Dec 11, 2023 4:39 PM bobby gonzales <bgfarcenter@gmail.com> wrote:
[Quoted text hidden]

---

**bobby gonzales** <bgfarcenter@gmail.com>                                    Fri, Jan 24, 2025 at 1:01 PM
To: john.gherini@ucop.edu, rcardozo@reedsmith.com, cfierro@reedsmith.com

I have been assigned a permanent disciplinary probation against Regents policy that disqualifies me from the financial aid I spent my entire young-adult life working towards after an unusually-lengthy suspension.  Such lawbreaking and irreparable injury is not "unquestionable."  I have been unemployed for two years and am now almost broke even after submitting 200 job applications all over.  Breach of a specific duty of care related to student safety in dorm housing has caused irreparable damage to 11 years of my life's academic and free time spent preparing to qualify for UC financial aid and a future career.  While most students are not so independently motivated to prepare for a career in their free time as I am, so-called unquestionable university lawbreaking has damaged the focus, motivation, and half of a life's time of someone with my potential by treating my life's work in ways that are traditionally used against troublemakers.  With my **gigabytes of research outlines, project plans, and corresponding data**, you are going way out of your way to pick on the wrong individual with the most absurd legal defenses.  11 years of academic and free time spent preparing to build a future which university politics has irreparably damaged is not the same as most [post-graduation] unemployment stories.  Someone with my potential does not deserve injustices that human nature reserves for the opposite character traits in general, at all!

I have been wrongly accused of A) providing "no" evidence in the face of direct communications with wrongdoers about their wrongdoings in real time, authentic records, and more; B) claiming "zero" federal injuries in the face of an obvious **due process** claim as well as the **irreparable injuries** and a totally-avoided, perfect precedent for **normal exhaustion requirements** in a case like mine; and C) lack of competency by means of total and overt avoidance of case substance.  You have asserted that the absurdly long list of policies broken to cause irreparable damage to my life's time and every worldly objective which it may extend to in the future is "unquestionable."  I do not deserve any of this, I should be working on putting my life's efforts to help the helpless to use.

I just want to start moving forward with my life's now-overexerted objectives and efforts.  **I barely have the focus to read, think straight, or perform basic daily activities anymore.**  There are more overlooked, forgotten, avoided details I could repeat some more, many times over, but doing so is pretty difficult with compounding loss of focus and motivation.  The defense strategy to omit, distort, and avoid "understanding" case "information" is wilful, knowing destruction of my sacrifices of effort to studiously prepare for a career to help the helpless, my entire young-adult life, and my bottom-function abilities to function enough in daily life to

perform basic tasks with enough common sense not to forget steps. Does the University intend to win cases at the expense of immense works that could be used for its own benefit, and of human life?! **What does nature reserve for such "unquestionable" deeds of human sacrifice?**

Destroying a party's function in life before trial is not a credible defense strategy. Let's get this over with by allowing me to have my brain and more back. I am not just another student who would just study, party, and move on, not even close. I can prove many times over that settling this case nicely will constitute a _**win-win outcome**_ with the skills and ideas I originally planned to bring to the University of California. If you have any questions, please ask. Please email me back or call me at 530-523-3822.

[Quoted text hidden]

---

**Cardozo, Raymond** <RCardozo@reedsmith.com>                                          Fri, Jan 24, 2025 at 1:15 PM
To: bobby gonzales <bgfarcenter@gmail.com>, "john.gherini@ucop.edu" <john.gherini@ucop.edu>, "Fierro, Corinne" <CFierro@reedsmith.com>

Mr. Gonzales,

First, I and Corinne represent the University with regard to your legal contentions. You need to direct any communications about your legal contentions to us, rather than all the voicemails and other communications you have been sending to other University personnel.

Second, we are aware of your contentions. If we choose to respond, you will hear from us. Continuing to reiterate your points in seriatim emails and voicemails is not effective.

**Raymond A. Cardozo**

_He/His_

rcardozo@reedsmith.com

D: 415 659 5990

**reedsmith.com**

---

**From:** bobby gonzales <bgfarcenter@gmail.com>
**Sent:** Friday, January 24, 2025 1:01 PM
**To:** john.gherini@ucop.edu; Cardozo, Raymond <RCardozo@ReedSmith.com>; Fierro, Corinne <CFierro@reedsmith.com>
**Subject:** Re: Voicemail

**External E-Mail - FROM bobby gonzales <bgfarcenter@gmail.com>**

[Quoted text hidden]

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

RSUSv12021

---

**bobby gonzales** <bgfarcenter@gmail.com>                                          Sun, Jan 26, 2025 at 11:40 PM
To: "Cardozo, Raymond" <RCardozo@reedsmith.com>

"If you choose" to respond to arranging a court ordered settlement conference... which you have been choosing not to.

You've already chosen not to respond to case information. Nor try to understand it. And ignore me for months. How long are you asking me to wait?

Why would anyone listen to a demand like that? That sounds like you are choosing not to do the job that the Regents have hired you to do. I don't have to wait for you to not do your job, at the expense of my stress and brain cells.

I've already been steeping in my 200 job applications and my own thoughts for long enough. Do you understand what you are asking of me?

[Quoted text hidden]

---

**bobby gonzales** <bgfarcenter@gmail.com>                                          Sun, Jan 26, 2025 at 11:40 PM
To: adrienne.witte@ucop.edu

[Quoted text hidden]

**Cardozo, Raymond** <RCardozo@reedsmith.com>
To: bobby gonzales <bgfarcenter@gmail.com>

Mon, Jan 27, 2025 at 10:52 AM

First, I understand that you have violated my clear instruction to you that you must direct your communications to me and my firm only, and must not contact University personnel directly. I am told that despite that clear instruction, you bcced University personnel on your email to me. That must stop and not happen again.

Second, The Regents is not obligated to engage in a settlement conference or to discuss settlement. The courts have rejected your contentions. If The Regents chooses to do anything other than simply rest on the existing court rulings or respond via submissions to the court, you will hear from me.

[Quoted text hidden]

---

**bobby gonzales** <bgfarcenter@gmail.com>
To: "Cardozo, Raymond" <RCardozo@reedsmith.com>

Mon, Jan 27, 2025 at 11:08 AM

You are mistaken. The newest amended complaint has not been ruled upon, so the conference scheduled by the court and all of the other dates are still effective. More evidence of everything I have already proven.

I will be the one giving you instructions from now on. Don't implicitly threaten me with bullshit!

[Quoted text hidden]

---

**bobby gonzales** <bgfarcenter@gmail.com>
To: adrienne.witte@ucop.edu

Mon, Jan 27, 2025 at 11:08 AM

---------- Forwarded message ---------
From: **bobby gonzales** <bgfarcenter@gmail.com>
Date: Mon, Jan 27, 2025 at 11:08 AM
Subject: Re: Voicemail
To: Cardozo, Raymond <RCardozo@reedsmith.com>

[Quoted text hidden]

---

**bobby gonzales** <bgfarcenter@gmail.com>
To: "Cardozo, Raymond" <RCardozo@reedsmith.com>, cfierro@reedsmith.com, john.gherini@ucop.edu

Fri, Jan 31, 2025 at 12:21 AM

On October 27th of 2024, I filed my third amended complaint. On November 19th of 2024, the District Court indicated that my third amended complaint is a "denied motion." On December 18th of 2024, the 9th Circuit Court ruled that my third amended complaint is **"STILL PENDING"** despite the District Court's ruling one month beforehand, because of the use of the language "denied motion." As put in Dist. Doc. #120, the District Court is lacking in jurisdiction over matters which are under the jurisdiction of a higher court according to the Federal Rules of Civil Procedure, and the 9th Circuit Court has ruled that my case is not dismissed and that my latest amended complaint is still pending, *after the District Court had its [void] say*.

In my state of focus and motivation following 11 years of my academic and free time suspended in waste, your avoidance and manipulations demonstrated throughout my appeal and docket of record is detrimental to my **HEALTH**. The District Court has repeatedly avoided all of my motions throughout the entirety of my case until suddenly labeling them as "redundant" in Dist. Doc. #120 (*Doc. #32 pg 6*). The District Court has also repeatedly avoided the facts of the case in four attempts at adjudicating the complaint as well as the elements of my standing to federal jurisdiction which include due process claims, irreparable injury under *US v. Carroll Towing (159 F.2d 169, 1947)*, and exhaustion of judicial remedies under *Steffel v. Thompson (415 U.S. 454, 1974)*. If you'll remember, or if you even noticed, the dismissal in Dist. Doc. #67 was entirely based on a subject matter I had removed from my case *very early on* in Dist. Doc. #16, while the ruling totally avoided every other topic that was actively being claimed. The District Court denied an exemplary motion to waive fees, and now I am almost broke (*Doc. #32 pg. 8-9*) even though I have unsuccessfully applied to more than 200 jobs as demonstrated in Dist. Docs. 98 & 121. Judge Selna has demonstrated no consideration for the compounded stresses to repeatedly navigate the professional dynamics of avoidance in litigation, imposed on an undergrad student already in years of duress. *When I can avoid printer ink to make a complaint to the 9th Circuit Judicial Council, Judge Selna will be in hot water.* Alongside the same avoidant omissions, you have adopted an omitted "understanding" of case "information" such as the relevance of my argument in Doc. #27,

against FRCP 11(b)(4) as well as FRCP 8(b)(2) and FRCP 8(b)(5). Now, you are using the "denied motion" as an excuse to continue avoiding case materials, refusing to schedule court-ordered conferences in an attempt to fatigue me once again, and ignore me even though the higher court has ruled that the schedule in Dist. Doc. #94 is still effective.


After more than one year of repeatedly repeating case facts omitted only by so many possible explanations which I have also repeatedly proved, after 11 years of my life's sacrifices, I no longer have the ability to focus enough to grasp much of anything I have tried to read lately, think straight, *or perform too many daily functions of life in common-sense order without forgetting steps.* According to the laws of the State of NV and probably other States, I have been made a "vulnerable person" by official university actions, and you. You intend to attempt to win a case at the expense of immense works that could be put to use in the favor of the University of California, and at the expense of **HUMAN LIFE** as I indicated in court documents.

A permanent term of disciplinary probation violates UC "Policies Applying to Campus Activities, Organizations, and Students" **105.03**, and assigning me disciplinary probation "for the duration of my academic enrollment" disqualifies me from the financial aid that enables my academic enrollment in the first place. I spent most of my academic and free time working towards qualifying for the financial aid, but this unofficial, effective dismissal shows that I am being treated like the opposite kind of character from someone who spent their entire young-adult life developing gigabytes of research outlines, project plans, and corresponding data.

After applying to more than 200 mostly low-level jobs over the last two years as *directly claimed in the lawsuit*, I am almost completely broke now. Being nearly broke, unable to obtain employment, and severely lacking in focus and motivation, I cannot effectively form and maintain a 501(c)(3) to "just start over, it's easy." Without a 501(c)(3), I do not qualify for almost any grant funding opportunities. *Destroying a party's function of life before trial is not a credible defense strategy.* Below is a list of too many universal project plans being put to waste by official university actions that were negligent per se and more.

As I have said in the past, I am not just another student who would just study, party, and move on. Not even close. **I did not claim an amount of monetary damages because**, as an undergrad student, I cannot professionally assess the millions (or billions) of dollars in damages relative to my works listed below. Please consider the facts already. PLEASE CONSIDER HOW YOU ARE ALTERING THE FUTURE OF OUR NATION AND POSSIBLY THE WORLD IN THIS INCREASINGLY REGRESSING TIMELINE ALREADY BY WHAT YOU ARE DOING ON A SERIOUS AND JUST HUMAN LEVEL!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!

*1. The first plan I ever drafted is to cover every square inch of **realistic** developed space in road-quality solar panels in combination with Tesla decentralized "powerpack" batteries.*

*2. I used to outline many legal framework proposals based on current events. The issues include lethal force by police officers, community-oriented policing with a "community security strategies" twist, local revenue generation, reconstruction of my local City code, reconstruction of tax codes **with a write-off system that everyone can understand and love**, and constitutional amendments.*

*3. I drafted hundreds of pages of potential "drain both swamps" speeches for political candidates based on the widespread dissatisfaction with insider government traditions that can get someone like Donald Trump elected, even if he is keeping the bar for substance on "**violent, harmful, and corrupt**" injustice nearly as low as powerful insiders.*

*4. I consolidated ideas from my draft speeches in order to develop a YouTube influencer framework to inform viewers about **the most powerful scientific information on Earth**. The major topics include law, psychology, anthropology, physics, biology, technology, and economics.*

*5. I have formed hypotheses about where ancient artifacts which would support too many existing hypotheses and hypotheses of my own may be found one day when such projects are funded. The topics in question include the timelines of the Mediterranean Sea and the Persian Gulf, the true beginnings of agriculture and civilization, the populating of the Americas, the mythology of cultures around the world, and many **popular mythical topics**.*

*6. I outlined a joint fraternity-sorority framework that would, among other objectives like electoral campaigning, enable nonprofits which are working separately on the same objectives to departmentalize and **work together** towards the combined, intended goals.*

*7. Inspired by my Discovery research project, I developed a framework for class-action/consulting that knows how to **generate revenue where most law firms don't**.*

*8. I have developed several **job-creation** business plans for marginalized groups and rural communities for a variety of creative ideas such as car sales, auto parts, housing development, fuel-efficient technology, solar energy, wholesaling, and more.*

*9. I outlined a major plan to give drug-cartel participants a new start in their countries by **earning** their way into an industrial works program beneficial to the continental economy.*

*10. I engineered a brief affordable housing development plan with cost-efficiency "**that blows the cost figures of all other plans out of the water**" by a huge margin according to 3 LA County officials.*

*11. Since as far back as my solar power plan, I have known of 1930s "100mpg tech" that is still waiting to be improved. Therefore, I idealized a joint plan between several auto manufacturers to compete with the **wastefulness** still seen in the industry today.*

*12. Mostly just an idea at this time, but for years I have developed some slight hypotheses as to how laser technology can be improved. The answers may have a little to do with my project and plan related to existing astronomical theories that have been **expanding** on general and special relativity, quantum mechanics, and Carl Sagan's mathematical constants in the last 30 years.*

*13. After conducting a brief 101 research project in 2024 on granite rocks that has **outlined major research** on mineralogy in general, I have drafted this brief plan for mining precious metals/rare earths in Mother Lode and Comstock Lode mining districts.*

*14. Since middle school, I have spent time studying the basics of plant medicine, and many friends I have met over the years are interested in the topic of **wholistic medicine** enough to form a network to bring a plan to life that competes with the dangers of pharmaceutical drugs.*

[Quoted text hidden]

---

**bobby gonzales** <bgfarcenter@gmail.com>                                    Fri, Jan 31, 2025 at 10:55 AM
To: "Cardozo, Raymond" <RCardozo@reedsmith.com>, cfierro@reedsmith.com, john.gherini@ucop.edu

[Quoted text hidden]

---

📄 **31 dismissal.pdf**
256K

 

University of
California, Irvine

December 12, 2023

Robert Vincent Gonzales
35565694
P.O. Box 7804
South Lake Tahoe, California 96158
rvgonza1@uci.edu

Dear Robert,

The Office of Academic Integrity & Student Conduct (OAISC) has received the Threat Assessment completed by Dr. Manny Tau. In this assessment, Dr. Tau shared you recorded, or attempted to record, the meeting. Prior to your meeting, Dr. Tau provided you with Zoom information and in this message, he included the following, "No recording is allowed and this meeting will not be recorded." In addition, Dr. Tau provided instructions during the orientation section of the threat assessment that audio or video recording was not permitted. At approximately 10:11 AM, Dr. Tau ended your meeting after you stated, "I'm recording you I'm gathering evidence."

As you know, a requirement of your suspension as set forth in your sanction letter was that you participate in and complete a threat assessment meeting with Dr. Tau. If you complete the threat assessment meeting you may be cleared to return to normal student status. Completing a threat assessment is standard for all students coming off a suspension involving an assault.

If you wish to return to the university as a student, you must complete all steps that were outlined in your sanction letter dated July 30, 2021. OAISC is offering you another opportunity to complete a threat assessment with Dr. Tau. If you wish to complete this threat assessment and return to the university as a student, you must comply with the requirements of the threat assessment and with the instructions of Dr. Tau.

To continue your threat assessment, you must provide a written acknowledgement via email to me and Dr. Tau that you will comply with the instructions of Dr. Tau before and during the threat assessment, including but not limited to not recording the threat assessment meeting. Please send this acknowledgement to ccoronel@uci.edu.

Please let me know if you have any further questions.

If you have disability-related needs and wish to request reasonable accommodations to ensure your full participation in this process, please let our office know and we will connect you to the Disability Services Center (DSC). For more information about their services, you may also reach out to the DSC by phone (949) 824-7494 or visit the DSC website.

Respectfully,

Christopher Coronel
Associate Director of Student Conduct
Office of Academic Integrity & Student Conduct

Case# 01533-002-2020

**Office of Academic Integrity &
Student Conduct**

949-824-1479 Office
conduct@uci.edu
**www.aisc.uci.edu**



Case: 8:23-cv-01788-JVS(KESx)

**Robert Vincent Gonzales <rvgonza1@uci.edu>**

## Scheduling
13 messages

---

**Manny Tau, Psy.D.** <mtau@nothreat.com>                                      Fri, Sep 29, 2023 at 2:44 PM
Reply-To: mtau@nothreat.com
To: Robert Vincent Gonzales <rvgonza1@uci.edu>
Cc: Christopher Coronel <ccoronel@uci.edu>

Mr. Gonzales,

I'd like to schedule a threat assessment interview with you per your term of
readmission to UCI.
Where are you geographically located?
I'm trying to discern if the interview is to be conducted in-person or
virtually.
What are your availabilities for the weeks of October 9 & 16, 2023?

Thank you,
Manny Tau

Manny Tau, Psy.D., CTM
888-949-5150
949-492-9553  Fax-confidential
https://urldefense.com/v3/__http://www.NoThreat.com__;!!CzAuKJ42GuquVTTmVmPViYEvSg!
M8Q6Iys5njBA0waUKPaPMnRS6QK02P3d9iUUhtTgsupXljzDWOoEPF945dI0WDsQrn4vSwIEIgvEMQ$

--------------------------------
This electronic mail message contains information that (a)is or may be
LEGALLY PRIVILEGED, CONFIDENTIAL, PROPRIETARY IN NATURE, OR OTHERWISE
PROTECTED BY LAW FROM DISCLOSURE, and (b)is intended only for the use of the
Addressee(s)named herein. If you are not the intended recipient, an
addressee, or the person responsible for delivering this to an addressee,
you are hereby notified that reading, using, copying, or distributing any
part of this message is strictly prohibited. If you have received this
electronic mail message in error, please contact me immediately and take the
steps necessary to delete the message completely from your computer system.
888-949-5150. Thank you.

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                            Mon, Oct 2, 2023 at 11:56 AM
To: mtau@nothreat.com

Hi,

Sorry for not getting back to you sooner.

I am in northern California.

As of right now, I am very available, and would like to schedule for the morning on October 9th.

Thank you.
[Quoted text hidden]
--

**Bobby Gonzales**
Criminology, Law & Society B.A.
University of California, Irvine
Natural Rights Foundation, C.E.O.

---

**Manny Tau, Psy.D.** <mtau@nothreat.com>                                        Tue, Oct 3, 2023 at 11:55 AM
Reply-To: mtau@nothreat.com
To: Robert Vincent Gonzales <rvgonza1@uci.edu>

Mr. Gonzales,

Thank you for your info; what city are you located in?

Still trying to discern if a face2face or a Zoom interview.

As an aside, October 9 I'm tied up in court and unavailable for a face2face or a virtual interview.

Let me know re: your City location and additional dates of availabilities the week of October 9th and 16th.

Best regards,

Manny Tau

Manny Tau, Psy.D., CTM

888-949-5150

949-492-9553  Fax-confidential

www.NoThreat.com

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                                   Tue, Oct 3, 2023 at 1:08 PM
To: mtau@nothreat.com

I am in South Lake Tahoe.  Is there anyone who could meet face-to-face in northern California?

How about October 10th or 12th at 1:30?
[Quoted text hidden]

---

**Manny Tau, Psy.D.** <mtau@nothreat.com>                                        Wed, Oct 4, 2023 at 8:22 AM
Reply-To: mtau@nothreat.com
To: Robert Vincent Gonzales <rvgonza1@uci.edu>
Cc: Christopher Coronel <ccoronel@uci.edu>

Mr. Gonzales,

Thank you for your location. Regarding anyone who could meet face2face in Northern CA, I do not believe there's an option in your matter for a different professional threat assessor. The interview will be conducted virtually over my Zoom account, and you should plan for an interview of 2-hours max in duration.

I have available:

Oct 10, Tue: 9a – 11a

Oct 13, Fri: 11a – 1p

Oct 16, Mon: 10a – 12p


Let me know if any of above works for you, or if you need more dates of availabilities.


Thank you,

Manny Tau


Manny Tau, Psy.D., CTM

888-949-5150

949-492-9553  Fax-confidential

www.NoThreat.com

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Wed, Oct 4, 2023 at 11:24 AM
To: mtau@nothreat.com

Is there anyone close in northern California who I could drive to?

How about October 10th.  Would later in the day work?

[Quoted text hidden]

---

**Manny Tau, Psy.D.** <mtau@nothreat.com>                    Wed, Oct 4, 2023 at 12:12 PM
Reply-To: mtau@nothreat.com
To: Robert Vincent Gonzales <rvgonza1@uci.edu>
Cc: Christopher Coronel <ccoronel@uci.edu>


Mr. Gonzales,


Regarding anyone who could meet face2face in Northern CA, I do not believe there's an option in your matter for a different professional threat assessor.


The dates/times below are my availabilities; I'm not available later in the day of October 10th.

I have available:

Oct 10, Tue: 9a – 11a

Oct 13, Fri: 11a – 1p

Oct 16, Mon: 10a – 12p

Let me know if you need additional dates & times after Oct 16th.

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>
To: mtau@nothreat.com
Wed, Oct 4, 2023 at 8:15 PM

Alright.  We can do Oct. 10th at 9AM.

Thank you.
[Quoted text hidden]

---

**Manny Tau, Psy.D.** <mtau@nothreat.com>
Reply-To: mtau@nothreat.com
To: Robert Vincent Gonzales <rvgonza1@uci.edu>
Cc: Christopher Coronel <ccoronel@uci.edu>
Thu, Oct 5, 2023 at 5:57 AM

Mr. Gonzales,

I am confirmed for October 10, 2023 @ 9a.

You should receive a Zoom invite shortly; please confirm via the invite's "Accept" option.

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>
To: mtau@nothreat.com
Tue, Oct 10, 2023 at 10:16 AM

Because I asked a question, and got upset when a "big jump" was made to ask me whether I want to discontinue the interview as a result of asking that question, and part of the interview was to ask about the very things that make me "adversarial"... I'm not going to be able to return to the university???

You're going to have to rethink that one.  As well as your ability to prove authenticity, but not mine.

[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>
To: mtau@nothreat.com
Tue, Oct 10, 2023 at 2:20 PM

Hi Manny.

I'm sorry for questioning your methods so much.  I do feel like it was a big jump to ask me if I want to end the interview for asking about the transcription, but I'm just trying to return to my education.

Is there any way we could schedule another date to pick up where we left off?

Thank you.
[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>
To: mtau@nothreat.com
Tue, Oct 10, 2023 at 11:40 PM

Can you do Friday at 11AM?
[Quoted text hidden]

---

**Robert Vincent Gonzales** <rvgonza1@uci.edu>                    Wed, Oct 11, 2023 at 11:34 AM
To: mtau@nothreat.com

Is there anytime we could schedule to complete the interview, or are you making your findings based on the interview we had?

[Quoted text hidden]