| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: <br> Robert Gonzales <br> PO BOX 7804 <br> SLT, CA 96158 | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.: 530-523-3822         FAX NO.: | **FILED** <br> CLERK, U.S. DISTRICT COURT <br> **02/28/2025** <br> CENTRAL DISTRICT OF CALIFORNIA <br> BY ____DVE____ DEPUTY <br> DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM |
| ATTORNEY FOR *(Name)*: | |
| NAME OF COURT: UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA | |
| STREET ADDRESS: 411 4th St. | |
| MAILING ADDRESS: Room 1053 | |
| CITY AND ZIP CODE: Santa Ana, CA 92701 | |
| BRANCH NAME: Southern Division | |

PLAINTIFF: Robert V. Gonzales

DEFENDANT: The Regents of the University of California; Et. Al.

| APPLICATION FOR <br> ☐ RIGHT TO ATTACH ORDER   ☒ TEMPORARY PROTECTIVE ORDER <br> ☐ ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT <br> ☐ ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT <br>         ☐ After Hearing   ☒ Ex Parte <br>         ☐ Against Property of Nonresident | CASE NUMBER: <br><br> 8:23-cv-01788-JVS(KESx) |
|---|---|

1. Plaintiff *(name)*:
    applies   ☐ after hearing   ☒ ex parte   for
    a. ☐ a right to attach order and writ of attachment.
    b. ☐ an additional writ of attachment.
    c. ☒ a temporary protective order.
    d. ☐ an order directing the defendant to transfer to the levying officer possession of
        (1) ☐ property in defendant's possession.
        (2) ☐ documentary evidence in defendant's possession of title to property.
        (3) ☐ documentary evidence in defendant's possession of debt owed to defendant.

2. Defendant *(name)*:
    a. ☐ is a natural person who
        (1) ☐ resides in California.
        (2) ☐ does not reside in California.
    b. ☐ is a corporation
        (1) ☐ qualified to do business in California.
        (2) ☐ not qualified to do business in California.
    c. ☒ is a California partnership or other unincorporated association.
    d. ☐ is a foreign partnership that
        (1) ☐ has filed a designation under Corporations Code section 15800.
        (2) ☐ has not filed a designation under Corporations Code section 15800.
    e. ☐ is other *(specify)*:

3. Attachment is sought to secure recovery on a claim upon which attachment may issue under Code of Civil Procedure section 483.010.

4. Attachment is not sought for a purpose other than the recovery on a claim upon which the attachment is based.

5. Plaintiff has no information or belief that the claim is discharged or the prosecution of the action is stayed in a proceeding under Title 11 of the United States Code (Bankruptcy).

| | | Page one of three |
|---|---|---|
| CV-04F (05/18) <br> (AT-105 [Rev. January 1, 2000]) | **APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)** | Code of Civil Procedure, <br> §§ 482.030, 484.010 et seq. |

| SHORT TITLE: Gonzales v. Regents | CASE NUMBER: 8:23-cv-01788-JVS(KESx) |
|---|---|

6. ☒ Plaintiff's claim or claims arise out of conduct by the defendant who is a natural person of a trade, business, or profession. The claim or claims are not based on the sale or lease of property, a license to use property, the furnishing of services, or the loan of money where any of the foregoing was used by the defendant primarily for personal, family, or household purposes.

7. The facts showing plaintiff is entitled to a judgment on the claim on which the attachment is based are set forth with particularity in the
   a. ☐ verified complaint.
   b. ☐ attached affidavit or declaration.
   c. ☒ following facts *(specify)*:

   Exhibits A(1, 3, 5) & B(1, 3-7, 10, 13) in Doc. #125 (pg. 13, 15-17, 22-24, 26, 28-30, 32).
   UC PACAOS Section 105.03 (Doc. #126 pg. 22).
   US v. Carroll Towing, 159 F.2d 169 (1947).

8. The amount to be secured by the attachment is: $
   a. ☐ which includes estimated costs of: $
   b. ☐ which includes estimated allowable attorney fees of: $

9. Plaintiff is informed and believes that the following property sought to be attached for which a method of levy is provided is subject to attachment:
   a. ☐ Any property of a defendant who is **not** a natural person.
   b. ☐ Any property of a nonresident defendant.
   c. ☐ Property of a defendant who is a natural person that is subject to attachment under Code of Civil Procedure section 487.010 described as follows *(specify)*:

   d. ☐ Property covered by a bulk sales notice with respect to a bulk transfer by defendant on the proceeds of the sale of such property *(describe)*:

   e. ☐ Plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold *(specify license number)*:

10. Plaintiff is informed and believes that the property sought to be attached is not exempt from attachment.

11. ☐ The court issued a Right to Attach Order on *(date)*:
    (Attach a copy.)

12. ☐ Nonresident defendant has not filed a general appearance.

CV-04F (05/18) — **APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)** — Page two of three

| SHORT TITLE: Gonzales v. Regents | CASE NUMBER: 8:23-cv-01788-JVS(KESx) |
|---|---|

13. a. Plaintiff  [X] alleges on ex parte application for order for writ of attachment
       [ ] is informed and believes on application for temporary protective order
    that plaintiff will suffer great or irreparable injury if the order is not issued before the matter can be heard on notice because
    (1) [ ] it may be inferred that there is a danger that the property sought to be attached will be
        (a) [ ] concealed.
        (b) [ ] substantially impaired in value.
        (c) [ ] made unavailable to levy by other than concealment or impairment in value.
    (2) [ ] defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010, subdivision (b)(2).
    (3) [ ] a bulk sales notice was recorded and published pursuant to Division 6 of the Commercial Code with respect to a bulk transfer by the defendant.
    (4) [ ] an escrow has been opened under the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant.
    (5) [X] other circumstances (specify):

    UCI's Office of Academic Integrity and Student Conduct has imposed a punishment that irreparably damages my ability to qualify for the financial aid that my academic enrollment depends on by assigning me a term of disciplinary probation "for the duration of my academic enrollment," effectively dismissing me from the university without an official dismissal. I spent seven years earning a double major to qualify for the financial aid and the last four years unemployed after applying to 200 jobs, so my time and effort during my entire twenties is also irreparably damaged. See Doc. #125 pg 15-16, Doc. #128 pg. 31-33, Doc. #130 pg. 18-21, Doc. #98 pg. 27-199; Doc. #121 pg. 41-235; Doc. #130 pg 22-76.

   b. The statements in item 13a are established by   [ ] the attached affidavit or declaration
      [X] the following facts (specify):
      1. Resident Life Coordinator Janet Cardenas breached a university duty of care related to safety in dorm housing (Doc. #125 pg. 34-36).
      2. OAISC Associate Director Christopher Coronel lying in my student conduct case (Doc. #125 pg, 26 & 28-30).
      3. OAISC SCRB punished me for responding to the evidence of Mr. Coronel's lies by assigning me an unusually lengthy suspension and permanent disciplinary probation (Doc. #125 pg. 15-16).
      4. Permanent disciplinary probation disqualifies me from the financial aid that my academic enrollment depends on (Doc. #128 pg. 31-33).
      5. I spent 7 years qualifying for the financial aid by earning a double major at my former community college (doc. #130 pg. 18-21).
      6. I spent the last four years unable to obtain employment, likely as a result of the "education" section on my resume (Doc. #98 pg. 27-199, Doc. #121 pg. 41-235, Doc. #130 pg. 22-76).

14. [ ] Plaintiff requests the following relief by temporary protective order (specify):

    Order the UCI OAISC or other appropriate authority to
    (1) expedite the processes related to my academic hold by lifting the hold immediately (request for relief 1 Doc. #125 pg. 8) and
    (2) reverse the term of my disciplinary probation in full immediately (request for relief 2 in Doc. #125 pg. 8).

15. Plaintiff
    a. [ ] has filed an undertaking in the amount of: $
    b. [X] has not filed an undertaking.

Date: February 28, 2025

............................................................
(TYPE OR PRINT NAME OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)    ▶ *Bobby Gonzales*
(SIGNATURE OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

## DECLARATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: February 28, 2025

............................................................
(TYPE OR PRINT NAME)    ▶ *Bobby Gonzales*
(SIGNATURE OF DECLARANT)

16. Number of pages attached: _____

CV-04F (05/18)    **APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**    Page three of three