| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Robert V. Gonzales<br>PO BOX 7804<br>SLT, CA 96158 | |

TELEPHONE NO.: 530-523-3822    FAX NO.:

ATTORNEY FOR (Name):

NAME OF COURT: **UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
STREET ADDRESS: 411 4th St.
MAILING ADDRESS: Room 1053
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Southern Division

**FILED**
CLERK, U.S. DISTRICT COURT
**02/28/2025**
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DVE _____ DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

PLAINTIFF: Robert V. Gonzales

DEFENDANT: The Regents of the University of California

**APPLICATION FOR**
☐ **RIGHT TO ATTACH ORDER**   ☒ **TEMPORARY PROTECTIVE ORDER**
☐ **ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT**
☐ **ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT**

☒ **After Hearing**   ☐ **Ex Parte**
☐ **Against Property of Nonresident**

CASE NUMBER:

8:23-cv-01788-JVS(KESx)

1. Plaintiff (name):
   applies   ☒ after hearing   ☐ ex parte   for
   a. ☐ a right to attach order and writ of attachment.
   b. ☐ an additional writ of attachment.
   c. ☒ a temporary protective order.
   d. ☐ an order directing the defendant to transfer to the levying officer possession of
      (1) ☐ property in defendant's possession.
      (2) ☐ documentary evidence in defendant's possession of title to property.
      (3) ☐ documentary evidence in defendant's possession of debt owed to defendant.

2. Defendant (name):
   a. ☐ is a natural person who
      (1) ☐ resides in California.
      (2) ☐ does not reside in California.
   b. ☐ is a corporation
      (1) ☐ qualified to do business in California.
      (2) ☐ not qualified to do business in California.
   c. ☒ is a California partnership or other unincorporated association.
   d. ☐ is a foreign partnership that
      (1) ☐ has filed a designation under Corporations Code section 15800.
      (2) ☐ has not filed a designation under Corporations Code section 15800.
   e. ☐ is other (specify):

3. Attachment is sought to secure recovery on a claim upon which attachment may issue under Code of Civil Procedure section 483.010.

4. Attachment is not sought for a purpose other than the recovery on a claim upon which the attachment is based.

5. Plaintiff has no information or belief that the claim is discharged or the prosecution of the action is stayed in a proceeding under Title 11 of the United States Code (Bankruptcy).

CV-04F (05/18)
(AT-105 [Rev. January 1, 2000])
**APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**
Code of Civil Procedure,
§§ 482.030, 484.010 et seq.

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| — | Gonzales v. Regents | 8:23-cv-01788-JVS(KESx) |

6. ☒ Plaintiff's claim or claims arise out of conduct by the defendant who is a natural person of a trade, business, or profession. The claim or claims are not based on the sale or lease of property, a license to use property, the furnishing of services, or the loan of money where any of the foregoing was used by the defendant primarily for personal, family, or household purposes.

7. The facts showing plaintiff is entitled to a judgment on the claim on which the attachment is based are set forth with particularity in the
   a. ☐  verified complaint.
   b. ☐  attached affidavit or declaration.
   c. ☒  following facts *(specify)*:

   Exhibits B(1&3) in Docs. 9 & 21.
   Exhibits A(10-12) in Doc. #41.
   UC "PACAOS" Policy Notices in Docs. 34 & 53.
   Steffel v. Thompson (1974) in Doc. #56.

8. The amount to be secured by the attachment is:  $
   a. ☐  which includes estimated costs of:  $
   b. ☐  which includes estimated allowable attorney fees of:  $

9. Plaintiff is informed and believes that the following property sought to be attached for which a method of levy is provided is subject to attachment:
   a. ☐  Any property of a defendant who is **not** a natural person.
   b. ☐  Any property of a nonresident defendant.
   c. ☐  Property of a defendant who is a natural person that is subject to attachment under Code of Civil Procedure section 487.010 described as follows *(specify)*:

   d. ☐  Property covered by a bulk sales notice with respect to a bulk transfer by defendant on the proceeds of the sale of such property *(describe)*:

   e. ☐  Plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold *(specify license number)*:

10. Plaintiff is informed and believes that the property sought to be attached is not exempt from attachment.

11. ☐  The court issued a Right to Attach Order on *(date)*:
    *(Attach a copy.)*

12. ☐  Nonresident defendant has not filed a general appearance.

**APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Gonzales v. Regents | 8:23-cv-01788-JVS(KESx) |

13. a. Plaintiff ☐ alleges on ex parte application for order for writ of attachment
☒ is informed and believes on application for temporary protective order
that plaintiff will suffer great or irreparable injury if the order is not issued before the matter can be heard on notice because

(1) ☐ it may be inferred that there is a danger that the property sought to be attached will be
    (a) ☐ concealed.
    (b) ☐ substantially impaired in value.
    (c) ☐ made unavailable to levy by other than concealment or impairment in value.

(2) ☐ defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010, subdivision (b)(2).

(3) ☐ a bulk sales notice was recorded and published pursuant to Division 6 of the Commercial Code with respect to a bulk transfer by the defendant.

(4) ☐ an escrow has been opened under the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant.

(5) ☒ other circumstances (specify):

University officials have wrongfully invoked the use of a State criminal statute twice in my student conduct case (Docs. 9, 21, 44, 41, 53). If one is not permitted to gather authentic evidence to prove when someone in an official capacity is lying, it would seem that anything is permitted of those in a position of authority who may refuse to be recorded, antithetical to due process and other values that our Constitution was founded upon (Doc. #56). Preventing me from swiftly and effectively proving lies in a professional setting would not be an act done in good faith.

b. The statements in item 13a are established by ☐ the attached affidavit or declaration
☒ the following facts (specify):

1. Mr. Coronel knew that a) making substantive lies in a student conduct case is not within the scope of his duties; and b) he would be preventing me from proving any lies by preventing me from keeping authentic records of the official proceeding where the lies occurred (Ex. B(1&3) Docs. 9 & 21).
2. Dr. Tau knew that a) making substantive lies in a student conduct case is not within the scope of his duties; and b) he would be preventing me from proving any lies by preventing me from keeping authentic records of the official proceeding where the lies occurred (Ex. A(10-12) Doc. #41).
3. Aside from the university's failure to originally investigate whistleblower matters in early 2020, the wrongful invocation of a State criminal statute in the two administrative processes above has contributed the next most to these circumstances that have irreparably damaged my life and liberty.

14. ☒ Plaintiff requests the following relief by temporary protective order (specify):

(1) Expedited reversal of my academic hold and disciplinary probation; and (2) Order the Regents to develop *(and implement in both cases)* a general systemwide policy a) permitting the keeping of video and audio recordings of non-class-related official university activities according to reasonable expectations of privacy; and b) prohibiting the wrongful use, threat of use, or implied invocation of criminal statutes in official proceedings.

15. Plaintiff
  a. ☐ has filed an undertaking in the amount of: $
  b. ☒ has not filed an undertaking.

Date: ~~April 1, 2019~~ February 28, 2025

▶ *Bobby Gonzales*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
(TYPE OR PRINT NAME OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)    (SIGNATURE OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

## DECLARATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: ~~February 1,~~ February 28, 2025

▶ *Bobby Gonzales*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
(TYPE OR PRINT NAME)    (SIGNATURE OF DECLARANT)

16. Number of pages attached: _____

CV-04F (05/18)

**APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**