| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: <br> Robert Gonzales <br> PO BOX 7804 <br> SLT, CA 96158 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: 530-523-3822    FAX NO.: | **FILED** <br> CLERK, U.S. DISTRICT COURT <br> **04/10/2025** <br> CENTRAL DISTRICT OF CALIFORNIA <br> BY ___EC___ DEPUTY <br> DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM |
| ATTORNEY FOR *(Name)*: | |
| NAME OF COURT: UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA <br> STREET ADDRESS: 411 4th St. <br> MAILING ADDRESS: Room 1053 <br> CITY AND ZIP CODE: Santa Ana, CA 92701 <br> BRANCH NAME: Southern Division | |
| PLAINTIFF: Robert V. Gonzales | |
| DEFENDANT: The Regents of the University of California; Et. Al. | |
| **APPLICATION FOR** <br> ☐ RIGHT TO ATTACH ORDER  ☒ TEMPORARY PROTECTIVE ORDER <br> ☐ ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT <br> ☐ ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT <br>      ☐ After Hearing   ☒ Ex Parte <br>      ☐ Against Property of Nonresident | CASE NUMBER: <br> 8:23-cv-01788-JVS(KESx) |

1. Plaintiff *(name)*: applies   ☐ after hearing   ☒ ex parte   for
   a. ☐ a right to attach order and writ of attachment.
   b. ☐ an additional writ of attachment.
   c. ☒ a temporary protective order.
   d. ☐ an order directing the defendant to transfer to the levying officer possession of
      (1) ☐ property in defendant's possession.
      (2) ☐ documentary evidence in defendant's possession of title to property.
      (3) ☐ documentary evidence in defendant's possession of debt owed to defendant.

2. Defendant *(name)*:
   a. ☐ is a natural person who
      (1) ☐ resides in California.
      (2) ☐ does not reside in California.
   b. ☐ is a corporation
      (1) ☐ qualified to do business in California.
      (2) ☐ not qualified to do business in California.
   c. ☒ is a California partnership or other unincorporated association.
   d. ☐ is a foreign partnership that
      (1) ☐ has filed a designation under Corporations Code section 15800.
      (2) ☐ has not filed a designation under Corporations Code section 15800.
   e. ☐ is other *(specify)*:

3. Attachment is sought to secure recovery on a claim upon which attachment may issue under Code of Civil Procedure section 483.010.

4. Attachment is not sought for a purpose other than the recovery on a claim upon which the attachment is based.

5. Plaintiff has no information or belief that the claim is discharged or the prosecution of the action is stayed in a proceeding under Title 11 of the United States Code (Bankruptcy).

---

| CV-04F (05/18) <br> (AT-105 [Rev. January 1, 2000]) | **APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)** | Page one of three <br> Code of Civil Procedure, <br> §§ 482.030, 484.010 et seq. |
|---|---|---|

| SHORT TITLE: Gonzales v. Regents | CASE NUMBER: 8:23-cv-01788-JVS(KESx) |
|---|---|

6. ☒ Plaintiff's claim or claims arise out of conduct by the defendant who is a natural person of a trade, business, or profession. The claim or claims are not based on the sale or lease of property, a license to use property, the furnishing of services, or the loan of money where any of the foregoing was used by the defendant primarily for personal, family, or household purposes.

7. The facts showing plaintiff is entitled to a judgment on the claim on which the attachment is based are set forth with particularity in the
    a. ☐ verified complaint.
    b. ☐ attached affidavit or declaration.
    c. ☒ following facts *(specify)*:
       Exhibits D(2-6) in Doc. #140 (pg 46-51 therein).
       pg 13-21 therein.
       US Const. Amd. XIV
       LTCC AP 5520 (Doc. #143 pg. 40-47 therein).
       Delayed Discovery Rule (Doc. #141 pg. 4-5).

8. The amount to be secured by the attachment is: $
    a. ☐ which includes estimated costs of: $
    b. ☐ which includes estimated allowable attorney fees of: $

9. Plaintiff is informed and believes that the following property sought to be attached for which a method of levy is provided is subject to attachment:
    a. ☐ Any property of a defendant who is **not** a natural person.
    b. ☐ Any property of a nonresident defendant.
    c. ☐ Property of a defendant who is a natural person that is subject to attachment under Code of Civil Procedure section 487.010 described as follows *(specify)*:

    d. ☐ Property covered by a bulk sales notice with respect to a bulk transfer by defendant on the proceeds of the sale of such property *(describe)*:

    e. ☐ Plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold *(specify license number)*:

10. Plaintiff is informed and believes that the property sought to be attached is not exempt from attachment.

11. ☐ The court issued a Right to Attach Order on *(date)*:
    (Attach a copy.)

12. ☐ Nonresident defendant has not filed a general appearance.

| SHORT TITLE: Gonzales v. Regents | CASE NUMBER: 8:23-cv-01788-JVS(KESx) |
|---|---|

13. a. Plaintiff  ☒ alleges on ex parte application for order for writ of attachment
     ☐ is informed and believes on application for temporary protective order
     that plaintiff will suffer great or irreparable injury if the order is not issued before the matter can be heard on notice because
     (1) ☐ it may be inferred that there is a danger that the property sought to be attached will be
         (a) ☐ concealed.
         (b) ☐ substantially impaired in value.
         (c) ☐ made unavailable to levy by other than concealment or impairment in value.
     (2) ☐ defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010, subdivision (b)(2).
     (3) ☐ a bulk sales notice was recorded and published pursuant to Division 6 of the Commercial Code with respect to a bulk transfer by the defendant.
     (4) ☐ an escrow has been opened under the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant.
     (5) ☒ other circumstances *(specify)*:
         LTCC's VP of Student Services and Dean of Instruction have engaged in more retaliatory student disciplinary actions that follow the same pattern as in 2019 and at UCI where relevant evidence and witnesses were excluded, punishments were made based on admitted and provable lies, and parts of the procedure were led in violation of the policies which enable the procedure.  See Doc. #140 pg 48-53.
         pg. 16-20.

   b. The statements in item 13a are established by  ☐ the attached affidavit or declaration
      ☒ the following facts *(specify)*:
         1. LTCC VP of Student Services Dr. Michelle Batista recommended punishment based on an admitted lie, excluded evidence that was directly relevant to the grievance procedure, and jeopardized my status as a student at LTCC for initiating a grievance procedure (Doc. #140 pg. 46-49 & 51).
         2. LTCC Dean of Instruction Mrs. Keeley Carroll set aside too brief of a speaking time for a complex student grievance matter, intentionally cut into that speaking time, refused to answer procedural questions, and admittingly led a procedure against LTCC policy (Doc. #140 pg. 50-54).
         pg. 13-15 & 18; pg. 17-21.

14. ☒ Plaintiff requests the following relief by temporary protective order *(specify)*:
    Order the LTCC VP of Student Services to release my final disciplinary notice which provides the school's determination and/or to reverse my enhanced punishment of expulsion from LTCC for initiating a grievance procedure.

15. Plaintiff
    a. ☐ has filed an undertaking in the amount of: $
    b. ☒ has not filed an undertaking.

Date: April 10th, 2025

Robert V. Gonzales
(TYPE OR PRINT NAME OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

*Bobby Gonzales*
(SIGNATURE OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

## DECLARATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: April 10th, 2025

Robert V. Gonzales
(TYPE OR PRINT NAME)

*Bobby Gonzales*
(SIGNATURE OF DECLARANT)

16. Number of pages attached: _____