UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | 8:23-cv-01788-JVS-KES |
| Date | April 28, 2025 |
| Title | Robert V. Gonzales v. University of California, Irvine et al. |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** [IN CHAMBERS] Minute Order Setting Briefing Schedule on Third Amended Complaint [117]

### A. Background

On May 7, 2024, this Court granted Defendant Regents' of the University of California ("Regents") motion to dismiss Plaintiff Gonzales' ("Gonzales") First Amended Complaint ("FAC") without prejudice. (See May 7, 2024 Order, Dkt. No. 95.) Gonzales then filed a Second Amended Complaint ("SAC") with this Court. (SAC, Dkt. No. 98.) Soon thereafter, Gonzales appealed the May 7, 2024 Order and this Court received notice of the appeal. (See Dkt. No. 102.)

While the May 7, 2024 Order was on appeal, this Court entered an order granting Regents' motion to dismiss Plaintiff Gonzales' ("Gonzales") Second Amended Complaint. (See Order, Dkt. No. 107.) On October 27, 2024, Gonzales filed a Third Amended Complaint ("TAC") with this Court. (TAC, Dkt. No. 117.) Twenty days later, Gonzales filed a "Supplemental Correction" to his TAC. (Dkt. No. 119.)

On December 18, 2024, the Ninth Circuit dismissed Gonzales' appeal of the May 7, 2024 Order for lack of jurisdiction. (Dkt. No. 123.) The Ninth Circuit concluded that because Gonzales was afforded leave to amend hia FAC, the Ninth Circuit did not have jurisdiction over the appeal. (Id. at 2 (citing WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997 (en banc)).) Finally, the Ninth Circuit noted that Gonzales "filed a third amended complaint in the district court on October 27, 2024, which remains pending." (Id.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-01788-JVS-KES                                   Date  April 28, 2025

Title  Robert V. Gonzales v. University of California, Irvine et al.

### B. Scheduling

While the Ninth Circuit issued its Order on December 18, 2024, the mandate has not yet been issued. Thus, this Court is still divested of jurisdiction to resume the case. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance [that] confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); see 16AA C. Wright & A. Miller, Federal Practice and Procedure § 3987, p. 612 (3d ed. 2008) (Wright & Miller) ("Until the mandate issues, however, the case ordinarily remains within the jurisdiction of the court of appeals and the district court lacks power to proceed further with respect to the matters involved with the appeal.").[1] However, the Court notes that this case has not concluded. The Parties are ordered to file a joint status report when the Ninth Circuit mandate issues.

In light of the several exhibits, motions, complaints, supplemental filings, and cross-referencing citations, including those filings submitted while on appeal, Gonzales is hereby **ORDERED** to file a Consolidated Third Amended Complaint within fifteen (15) days of the issuance of the Ninth Circuit mandate.

A new complaint must satisfy Federal Rule of Civil Procedure 8, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d); see also L.R. 7-4 (requiring a motion to contain "a concise statement of the relief or Court action the Movant seeks").

Failure to file a new consolidated third amended complaint will result in an Order to Show Cause why this action should not be dismissed with prejudice for lack of prosecution.

**IT IS SO ORDERED.**

---

[1] See also Mafnas v. U.S. Dist. Court for the Northern Mariana Islands, 919 F.2d 101, 102–03 (9th Cir. 1990) (noting that the district court lacked all jurisdiction because the Ninth Circuit's final mandate had not issued).